UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| U.S. Bank Trust National Association, as Trustee of Igloo Series V Trust<br>        Plaintiff,<br>v.<br><br>Bruno Paliotta;<br>Giuseppe B. Palliotta;<br>John J. Paliotta, as Heir to the Estate of Anna Paliotta;<br>Department of Treasury-Internal Revenue Service;<br>State of Rhode Island Division of Taxation;<br>        Defendants | Civil Action No. |

## VERIFIED COMPLAINT

### Jurisdiction and Venue

1.     This Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(1) since there is complete diversity between Plaintiff and all Defendants and the amount in controversy exceeds $75,000.00.

2.     Venue is proper under 28 U.S.C. § 1391(b)(2) since the real property that is subject to this complaint is located in the State of Rhode Island.

3.     Plaintiff seeks to foreclose a mortgage to Plaintiff pursuant to R.I.G.L. § 34-27-1, et seq.

## Parties

4.      Plaintiff U.S. Bank Trust National Association, as Trustee of Igloo Series V Trust has a usual place of business at 7114 E Stetson Drive, Scottsdale, AZ 85251 (the "**Plaintiff**").

5.      Defendant, Bruno Paliotta is an individual who, upon information and belief, resides at 105 Princess Ave, Apt 1, Cranston, RI 02920. (the "**Property**").

6.      Defendant, Giuseppe B. Palliotta is an individual who, upon information and belief, resides at 105 Princess Avenue, Cranston, RI 02920.

7.      Defendant, John J. Paliotta, as Heir to the Estate of Anna Paliotta is an individual who, upon information and belief, resides at 16 Hedley Avenue, Johnston, RI 02919.

8.      Defendant, Department of Treasury-Internal Revenue Service, has a principal of business place of business at 950 Pennsylvania Avenue, N.W., Washington, DC 20530.

9.      Defendant, State of Rhode Island Division of Taxation, has a principal place of business at One Capitol Hill, Providence, RI 02908.

## Facts

10.      David L. Standridge and Charlotte Standridge executed and delivered a deed for the Property to Giuseppe Paliotta and Vincenzina Paliotta, as tenants by the entirety, which deed was recorded on December 17, 1973, in Land Evidence Records for the City of Cranston at Book 392 at Page 187. *See* **Exhibit A**.

11.     Giuseppe Paliotta and Vincenzina Paliotta executed and delivered a deed for the property to Bruno Paliotta and Anna A. Paliotta, which deed was recorded on September 11, 1989, in Land Evidence Records for the City of Cranston at Book 679 at Page 173. *See* **Exhibit B.**

12.     Bruno Paliotta and Anna A. Paliotta executed and delivered a deed for the property to Bruno Paliotta, Anna Paliotta (deceased) and Giuseppe B. Paliotta, which deed was recorded on May 24, 2006, in Land Evidence Records for the City of Cranston at Book 3370 at Page 30. *See* **Exhibit C.**

13.     There is an unbroken chain of title of not less than 40 years, which creates marketable record title in Defendant pursuant to R.I.G.L. § 34-13.1-2. See **Exhibit D.**

14.     Bruno Paliotta, Anna Paliotta (deceased) and Giuseppe B. Paliotta executed and delivered a note dated May 19, 2006, to Accredited Home Lenders, Inc. in the original principal amount of $250,000.00 (the "**Note**"). See **Exhibit E.**

15.     The note is endorsed in blank.

16.     The Plaintiff is the current holder of the Note.

17.     As security for the Note, Bruno Paliotta, Anna Paliotta (deceased) and Giuseppe B. Paliotta executed, granted, and delivered a mortgage in the amount of $250,000.00 to Mortgage Electronic Registration Systems, Inc., as nominee for Accredited Home Lenders, Inc. dated May 19, 2006, and recorded on May 24, 2006, in Book 3370 at Page 32 in the Land Evidence Records for the City of Cranston (the "**Mortgage**"). See **Exhibit F.**

18. The Mortgage was assigned from Mortgage Electronic Registration Systems, Inc., as nominee for Accredited Home Lenders, Inc. to GRP Loan, LLC, dated November 17, 2006, and recorded March 13, 2007, in Book 3619 at Page 1 in the Land Evidence Records for the City of Cranston.

19. The Mortgage was assigned from GRP Loan, LLC to DLJ Mortgage Capital, Inc., dated October 26, 2009, and recorded May 6, 2010, in Book 4202 at Page 36 in the Land Evidence Records for the City of Cranston.

20. The Mortgage was assigned from DLJ Mortgage Capital, Inc. by Select Portfolio Servicing, Inc. f/k/a Fairbanks Capital Corp., as attorney in fact to Kondaur Capital Corporation, dated October 28, 2010, and recorded March 11, 2011, in Book 4346 at Page 274 in the Land Evidence Records for the City of Cranston.

21. The Mortgage was assigned from Kondaur Capital Corporation to NNPL Trust Series 2012-1 c/o Christiana Trust, a division of Wilmington Savings Fund Society, FSB, dated August 7, 2015, and recorded November 4, 2015, in Book 5140 at Page 204 in the Land Evidence Records for the City of Cranston.

22. The Mortgage was assigned from NNPL Trust Series 2012-1 c/o Christiana Trust, a division of Wilmington Savings Fund Society, FSB to WestVue NPL Trust II, dated October 1, 2015, and recorded November 4, 2015, in Book 5140 at Page 207 in the Land Evidence Records for the City of Cranston.

23. The Mortgage was assigned from WestVue NPL Trust II to WVUE 2015-1, dated December 22, 2015, and recorded November 3, 2020, in Book 6086 at Page 269 in the Land Evidence Records for the City of Cranston.

24.    The Mortgage was assigned from WVUE 2015-1 to TXCO Mortgage Holdings, LLC, dated February 21, 2020, and recorded November 3, 2020, in Book 6086 at Page 261 in the Land Evidence Records for the City of Cranston.

25.    The Mortgage was finally assigned from TXCO Mortgage Holdings, LLC to U.S. Bank Trust National Association, as Trustee of Igloo Series V Trust, dated August 9, 2022, and recorded September 7, 2022, in Book 6547 at Page 35 in the Land Evidence Records for the City of Cranston.

26.    Copies of the assignments of mortgage are attached hereto as **Exhibit G.**

27.    Anna Paliotta (the "decedent") passed this life on June 26, 2021.

28.    The Obituary obtained by undersigned counsel's office states that she was survived by husband, Bruno Paliotta and two children, Giuseppe Paliotta and John Paliotta.

29.    Upon information and belief, there have been no probate proceedings filed for or in connection with the Estate of Anna Paliotta in the City of Cranston or elsewhere.

30.    Defendant, John J. Paliotta, has been identified as the heir of Anna Paliotta and as such claims or may claim an interest in the property.

31.    Title to the property is further encumbered by an execution in favor of the Defendant, Department of the Treasury-Internal Revenue Service in the amount of $4,6783.93, dated April 14, 2017 and recorded April 24, 2017, in Book 5400 at Page 154 in the Land Evidence Records for the City of Cranston.

32.    Title to the property is further encumbered by an execution in favor of the Defendant, Department of the Treasury-Internal Revenue Service in the amount of

$4,6783.93, dated April 14, 2017 and recorded April 24, 2017, in Book 5400 at Page 154 in

the Land Evidence Records for the City of Cranston.

33.     The State of Rhode Island Division of Taxation is named as Defendant if and to

the extent the entity claims a lien arising by operation of law or otherwise by virtue of

the death of Anna Paliotta.  This action does not seek to disturb the priority of any such

lien(s) as established by applicable law.

34.     The Mortgage is secured by the Property located in the City of Cranston, more

particularly described as follows:

> That certain lot or parcel of land, with all buildings and improvements thereon, situated on the easterly side of Princess Avenue in the City of Cranston, County of Providence, State of Rhode Island, laid out and designated as lot numbered 125 (one hundred twenty-five) together with the northerly and adjoining twenty (20) feet in width by the entire depth of Lot No. 124 (one hundred twenty four) on that plat entitled, "The Sprague Homestead Plat, on Cranston Street, Cranston, RI by J. A. Latham, A.D. 1890," which plat is recorded with the Records of Land Evidence in said City of Cranston, in Plat Book 4A at page 36 and (copy) on Plat Card 13.

35.     The Plaintiff is the present holder of the Note and Mortgage.

36.     No person other than the parties hereto appears of record in Land Evidence

Records for the City of Cranston to have any interest in the Property.

37.     The Loan evidenced by the Note and Mortgage is in default due to non-payment

of the monthly payments under the terms of the Note and Mortgage.  The Loan is due

for the October 1, 2022, payment together with all subsequently accrued but unpaid installments.

38.     Pursuant to the terms of the Mortgage, Plaintiff, via its authorized servicer of the Mortgage, sent Notices of Default dated June 2, 2023, to Giuseppe B. Paliotta, Bruno Paliotta and Anna Paliotta Via certified mail and first class. True and accurate copies of said Notices are attached hereto as **Exhibit H.**

39.     On July 28, 2023, Plaintiff, through its attorneys Demerle Hoeger, LLP sent Notices of Acceleration addressed to Giuseppe B. Paliotta, Bruno Paliotta and Estate of Anna Paliotta, via certified mail and first class. True and accurate copies of said Notices are attached hereto as **Exhibit I.**

40.     As a result of the default, Plaintiff is entitled to foreclose the sums due and owing in connection with the Note.

**COUNT I**

41.     Plaintiff realleges and reaffirms the allegations set forth in paragraphs 1-40 as if restated herein.

42.     Defendants Giuseppe B. Paliotta and Bruno Paliotta are in default in the performance of the terms and conditions of the Note by reason of failure to timely tender principal and interest payments as required by the terms of the Note.

43.     As of June 2, 2023, the sum of $15,478.47 was necessary to cure the default.

44.     As a result of the default, Plaintiff is entitled to foreclose the sums due and owing in connection with the Note.

45.     As of July 28, 2023, the sum of $161,590.59 was due and owing to Plaintiff from Defendant in connection with the Note.

46.     Defendant has no defenses or right of set off with respect to the amounts due in connection with the Note, with the exception of any deficiency balance due and owning in connection with the Note which may have been discharged in bankruptcy.

## COUNT II

47.     Plaintiff realleges and reaffirms the allegations set forth in paragraphs 1-46 as if restated herein.

48.     Giuseppe B. Paliotta and Bruno Paliotta, are the present owners of the Property, and the owner of the equity of redemption of the Property.

49.     Defendant is in default in the performance of the terms and conditions of the Mortgage, namely, default in the payment of principal and interest of the Note secured by the Mortgage.

50.     Plaintiff is entitled to foreclose the Mortgage, in full or partial satisfaction of the Defendants' obligations in connection with the Note and Mortgage pursuant to their terms and applicable law.

51.     Plaintiff is entitled to foreclose the Mortgage by entry and possession and by exercise of the power of sale contained therein, in accordance with R.I.G.L. § 34-27-1, et seq.

52.     Upon information and belief and upon examination of the public records, there are no other parties with an equitable interest in the Property.

53.    Upon information and belief and upon examination of the public records, there are no other parties with a mortgage, lien, or encumbrance with respect to the Property.

54.    Upon information and belief, there are no persons having any interest of ownership who are in the Military Service of the United States of America or otherwise entitled to the relief and benefits provided by the Act of Congress known as the Soldiers' and Sailors' Civil Relief Act of 1940, as amended.  See **Exhibit J.**

WHEREFORE, Plaintiff prays that the following relief enter:

1.  That an order of notice issue on this Complaint, if the Court deems it appropriate;

2.  Declare that the Mortgage recorded in the Land Evidence Records for the City of Cranston, Rhode Island is a valid lien on the Property;

3.  Declare that Giuseppe B. Paliotta and Bruno Paliotta are in default of the terms and conditions of the Note and Mortgage;

4.  Enter an interlocutory decree authorizing the Plaintiff to foreclose the Mortgage recorded in the Land Evidence Records for the City of Cranston on May 24, 2006, in book 3370 at page 32;

5.  Enter judgment in favor of Plaintiff for the sums due and owing from Defendants in connection with the Note and Mortgage with the exception of any deficiency balance due and owning in connection with the Note which may have been discharged in bankruptcy;

6.  Enter an Order authorizing Plaintiff to satisfy its Judgment from the foreclosure pursuant to the terms of the Mortgage;

7. The Court approve the acts of the Plaintiff done and performed under the authority of any interlocutory decree authorizing a foreclosure sale and enter a final decree confirming the foreclosure sale; and

8. Such other and further relief as this Honorable Court deems meet and just.

Respectfully submitted,
U.S. Bank Trust National Association, as
Trustee of Igloo Series V Trust,
By its attorney,

David A. Shaw, Esq. 03497
Demerle Hoeger LLP
10 City Square
Boston, MA 02129
(617) 337-4444
DShaw@dhnewengland.com

*Verification Page to Follow*

## VERIFICATION

I reviewed the allegations set forth in the foregoing complaint and verify and affirm that the allegations are true based on my review of the records maintained in the ordinary course of business and review of the public records maintained by the City of Cranston. For those allegations set forth as information and belief, I believe them to be true based on the information I reviewed.

By: _____

Name: Alex Goldie

Title: Asset Manager

U.S. Bank Trust National Association, as Trustee of Igloo Series V Trust

Date: 12/06/2023

EXHIBIT A

BOOK 392 PAGE 187

WE, DAVID L. STANDRIDGE and wife, CHARLOTTE STANDRIDGE, both of the City of Cranston, County of Providence, State of Rhode Island

for consideration paid, grant to GIUSEPPE PALIOTTA and wife, VINCENZINA PALIOTTA, both of the Town of Johnston, County of Providence, State of Rhode Island, as joint tenants and not as tenants in common

with WARRANTY COVENANTS

(Description, and Incumbrances, if any)

That certain lot or parcel of land, with all buildings and improvements thereon, situated on the easterly side of Princess Avenue, in the City of Cranston, County of Providence, State of Rhode Island, laid out and designated as lot numbered 125 (one hundred twenty-five) together with the northerly and adjoining twenty (20) feet in width by the entire depth of Lot No. 124 (one hundred twenty-four) on that plat entitled, "The Sprague Homestead Plat, on Cranston Street, Cranston, R.I. By J.A. Latham, A.D. 1890," which plat is recorded with the Records of Land Evidence in said City of Cranston, in Plat Book 4A at page 36 and (copy) on Plat Card 13.

This conveyance is made subject to taxes assessed December 31, 1972.

State of Rhode Island
DIVISION OF TAXATION
REALTY
DEC 17'73   TRANSFER ≈ 2 8.6 0
TAX
NO. 10042

eight of day of December 19 73

Witness our hand s this

State of Rhode Island, Etc.
COUNTY OF Providence

In Cranston on the 17th day of December 19 73
before me personally appeared DAVID L. STANDRIDGE and wife, CHARLOTTE STANDRIDGE

to me known and known by me to be the part ies executing the foregoing instrument, and they acknowledged said instrument, by them executed, to be their free act and deed.



DEC 17 1973 ............ at 10:45 A.M.
J. V. ..... Lasade ....... City Clerk

EXHIBIT B

BOOK 679 PAGE 0173

11842

Giuseppe Paliotta and Vincenzina Paliotta

of        Johnston RI
for consideration paid, grant to   Bruno Paliotta and Anna A. Paliotta of Cranston,
County of Providence, State of Rhode Island, Tenants by the Entirety

**with WARRANTY COVENANTS**

(Description, and incumbrances, if any)

SEE DESCRIPTION MARKED EXHIBIT "A" ATTACHED HERETO AND MADE A PART HEREOF
AND INCORPORATED HEREIN BY REFERENCE.

husband
wife                of the grantor

release to said grantee  all   right of curtesy
dower           and all other interest in the aforedescribed premises.

**Witness our   hand s    this    31st**        day of August, 1989

_Giuseppe Paliotta_
Giuseppe Paliotta
(PRINT OR TYPE: NAME OF GRANTOR)

_Vincenzina-Paliotta_
Vincenzina Paliotta
(PRINT OR TYPE: NAME OF GRANTOR)

**State of Rhode Island, Etc.)**

**County of    Kent   )**

In   Warwick        on the 31st      day of      August, 1989
before me personally appeared   Giuseppe Paliotta and Vincenzina Paliotta

to me known and known by me to be the parties     executing the foregoing instrument, and
they        acknowledged said instrument, by  them executed, to be  their   free act and deed.

_Signature_

Bruno Paliotta, et al                James A. Vespia, Notary Public
105 Princess Avenue, Cranston RI
(PRINT OR TYPE: NAME AND ADDRESS OF GRANTEE)

BOOK 679 PAGE 0174

8305-214962

EXHIBIT A

That certain lot or parcel of land, with all buildings and
improvements thereon, situated on the easterly side of Princess Avenue,
in the City of Cranston, County of Providence, State of Rhode Island,
laid out and designated as lot numbered 125 (one hundred twenty-five)
together with the northerly and adjoining twenty (20) feet in width by
the entire depth of Lot No. 124 (one hundred twenty four) on that plat
entitled, "The Sprague Homestead Plat, on Cranston Street, Cranston, RI
by J. A. Latham, A.D. 1890," which plat is recorded with the Records of
Land Evidence in said City of Cranston, in Plat Book 4A at page 36 and
(copy) on Plat Card 13.

Cranston, R.I. SEP 1 1989

Recorded

Witness

EXHIBIT C



**QUIT-CLAIM DEED**

We **BRUNO PALIOTTA AND ANNA A.PALIOTTA**, of the City of Cranston, County of Providence, State of Rhode Island for no consideration paid grant to **BRUNO PALIOTTA, ANNA A. PALIOTTA AND GIUSEPPE B. PALIOTTA,** of the City of Cranston, County of Providence, State of Rhode Island, **AS TENANTS IN COMMON**

with **QUIT-CLAIM COVENANTS:**

**SEE EXHIBIT "A" ATTACHED**

THE CONSIDERATION FOR THIS CONVEYANCE IS SUCH THAT NO DOCUMENTARY TAX STAMPS ARE REQUIRED AND NO WITHHOLDING IS REQUIRED UNDER R.I.G.L. 44-30-71.3.

The undersigned hereby certifies that this transfer is not a sale and is therefore exempt from the smoke and carbon monoxide detector law as provided in R.I.G.L. 23-28.35-14.

Grantors, the above named, are residents of the State of Rhode Island and is thus exempt from the provision of R.I.G.L. 44-30-71.3.

WITNESS our hands this 19TH day of May, 2006.

_____           _____
**BRUNO PALIOTTA**                                        **ANNA A. PALIOTTA**

STATE OF RHODE ISLAND
COUNTY OF PROVIDENCE

In <u>Cranston</u> on the 19th day of May 2006 before me personally appeared Bruno Paliotta and Anna A. Paliotta, to me known and known to me to be the parties executing the foregoing instrument, and they acknowledged said instrument, by them executed, to be their free act and deed.

_____
Notary Public
My Commission expires: 5/9/09

Property Address:

105 Princess Avenue
Cranston, RI

EXHIBIT "A"

200605240003880 Bk: 3370 Pg: 31
RECORDED Cranston, RI  Pg 2 of 2
05/24/2006 12:36:00  DEED

That certain lot or parcel of land, with all buildings and
improvements thereon, situated on the easterly side of Princess Avenue.
In the City of Cranston, County of Providence, State of Rhode Island,
laid out and designated as lot numbered 125 (one hundred twenty-five)
together with the northerly and adjoining twenty (20) feet in width by
the entire depth of Lot No. 124 (one hundred twenty four) on that plat
entitled, "The Sprague Homestead Plat, on Cranston Street, Cranston, RI
by J. A. Latham, A.D. 1890," which plat is recorded with the Records of
Land Evidence in said City of Cranston, In Plat Book 4A at page 36 and
(copy) on Plat Card 13.

**PROPERTY ADDRESS:**
105 Princess Avenue
Cranston, RI
02920

EXHIBIT D

BOOK 392 PAGE 187

WE, DAVID L. STANDRIDGE and wife, CHARLOTTE STANDRIDGE, both of the City of Cranston, County of Providence, State of Rhode Island

for consideration paid, grant to GIUSEPPE PALIOTTA and wife, VINCENZINA PALIOTTA, both of the Town of Johnston, County of Providence, State of Rhode Island, as joint tenants and not as tenants in common

with WARRANTY COVENANTS

(Description, and incumbrances, if any)

That certain lot or parcel of land, with all buildings and improvements thereon, situated on the easterly side of Princess Avenue, in the City of Cranston, County of Providence, State of Rhode Island, laid out and designated as lot numbered 125 (one hundred twenty-five) together with the northerly and adjoining twenty (20) feet in width by the entire depth of Lot No. 124 (one hundred twenty-four) on that plat entitled, "The Sprague Homestead Plat, on Cranston Street, Cranston, R.I. By J.A. Latham, A.D. 1890," which plat is recorded with the Records of Land Evidence in said City of Cranston, in Plat Book 4A at page 36 and (copy) on Plat Card 13.

This conveyance is made subject to taxes assessed December 31, 1972.

State of Rhode Island
DIVISION OF TAXATION
REALTY TRANSFER TAX
28.60

Witness our hand s this 17th day of December 19 73

State of Rhode Island, Etc.
COUNTY OF Providence

In Cranston on the 17th day of December 19 73 before me personally appeared DAVID L. STANDRIDGE and wife, CHARLOTTE STANDRIDGE

to me known and known by me to be the part ies executing the foregoing instrument, and they acknowledged said instrument, by them executed, to be their free act and deed.

Notary Public

DEC 17 1973 at 10:45 A.M.
City Clerk

DEOK **679** PAGE **0173**

11842

Giuseppe Paliotta and Vincenzina Paliotta

of        Johnston RI
for consideration paid, grant to   Bruno Paliotta and _ANNA_ A. Paliotta of Cranston,
County of Providence, State of Rhode Island, Tenants by the Entirety

with **WARRANTY COVENANTS**

(Description, and incumbrances, if any)

SEE DESCRIPTION MARKED EXHIBIT "A" ATTACHED HERETO AND MADE A PART HEREOF
AND INCORPORATED HEREIN BY REFERENCE.

husband
wife       of the grantor

release to said grantee  all  right of curtesy
dower        and all other interest in the aforedescribed premises.

**Witness our**  **hand s**  **this**  **31st**  day of August, 1989

Giuseppe Paliotta
(PRINT OR TYPE: NAME OF GRANTOR)

Vincenzina Paliotta
(PRINT OR TYPE: NAME OF GRANTOR)

**State of Rhode Island, Etc.)**
**County of**   **Kent**   **)**

In   Warwick      on the 31st     day of      August, 1989
before me personally appeared   Giuseppe Paliotta and Vincenzina Paliotta

to me known and known by me to be the parties    executing the foregoing instrument, and
they    acknowledged said instrument, by  them executed, to be   their   free act and deed.

Bruno Paliotta, et al              James A. Vespia, Notary Public
105 Princess Avenue, Cranston RI
(PRINT OR TYPE: NAME AND ADDRESS OF GRANTEE)

BOOK 679 PAGE 0174

8305-214962

**EXHIBIT A**

That certain lot or parcel of land, with all buildings and improvements thereon, situated on the easterly side of Princess Avenue, in the City of Cranston, County of Providence, State of Rhode Island, laid out and designated as lot numbered 125 (one hundred twenty-five) together with the northerly and adjoining twenty (20) feet in width by the entire depth of Lot No. 124 (one hundred twenty four) on that plat entitled, "The Sprague Homestead Plat, on Cranston Street, Cranston, RI by J. A. Latham, A.D. 1890," which plat is recorded with the Records of Land Evidence in said City of Cranston, in Plat Book 4A at page 36 and (copy) on Plat Card 13.

Cranston, R.I. SEP 1 1989
Recorded _____ 1:22 P.M.
Witness _____ 26



200605240000360 Bk: 3370 Pg: 30
RECORDED Cranston, RI  Pg 1 of 2
05/24/2006 12:36:00  DEED

## QUIT-CLAIM DEED

We **BRUNO PALIOTTA AND ANNA A.PALIOTTA**, of the City of Cranston, County of Providence, State of Rhode Island for no consideration paid grant to **BRUNO PALIOTTA, ANNA A. PALIOTTA AND GIUSEPPE B. PALIOTTA**, of the City of Cranston, County of Providence, State of Rhode Island, **AS TENANTS IN COMMON**

### with QUIT-CLAIM COVENANTS:

### SEE EXHIBIT "A" ATTACHED

THE CONSIDERATION FOR THIS CONVEYANCE IS SUCH THAT NO DOCUMENTARY TAX STAMPS ARE REQUIRED AND NO WITHHOLDING IS REQUIRED UNDER R.I.G.L. 44-30-71.3.

The undersigned hereby certifies that this transfer is not a sale and is therefore exempt from the smoke and carbon monoxide detector law as provided in R.I.G.L. 23-28.35-14.

Grantors, the above named, are residents of the State of Rhode Island and is thus exempt from the provision of R.I.G.L. 44-30-71.3.

WITNESS our hands this 19TH day of May, 2006.

**BRUNO PALIOTTA**                    **ANNA A. PALIOTTA**

STATE OF RHODE ISLAND
COUNTY OF PROVIDENCE

In <u>Cranston</u> on the 19th day of May 2006 before me personally appeared Bruno Paliotta and Anna A. Paliotta, to me known and known to me to be the parties executing the foregoing instrument, and they acknowledged said instrument, by them executed, to be their free act and deed.

Notary Public
My Commission expires: 5/9/09

Property Address:

105 Princess Avenue
Cranston, RI

EXHIBIT "A"

200605240000380 Bk: 3370 Pg: 31
RECORDED Cranston, RI  Pg 2 of 2
05/24/2006 12:36:00  DEED

That certain lot or parcel of land, with all buildings and improvements thereon, situated on the easterly side of Princess Avenue. In the City of Cranston, County of Providence, State of Rhode Island, laid out and designated as lot numbered 125 (one hundred twenty-five) together with the northerly and adjoining twenty (20) feet in width by the entire depth of Lot No. 124 (one hundred twenty four) on that plat entitled, "The Sprague Homestead Plat, on Cranston Street, Cranston, RI by J. A. Latham, A.D. 1890," which plat is recorded with the Records of Land Evidence in said City of Cranston, in Plat Book 4A at page 36 and (copy) on Plat Card 13.

**PROPERTY ADDRESS:**
105 Princess Avenue
Cranston, RI
02920

EXHIBIT E

## ADJUSTABLE RATE NOTE

(LIBOR Six-month Index (As Published In *The Wall Street Journal*)    Rate Caps)

THIS NOTE CONTAINS PROVISIONS ALLOWING FOR CHANGES IN MY INTEREST RATE AND MY MONTHLY PAYMENT. THIS NOTE LIMITS THE AMOUNT MY INTEREST RATE CAN CHANGE AT ANY ONE TIME AND THE MAXIMUM RATE I MUST PAY.

May 19, 2006                     CRANSTON                     RI
                                 [City]                       [State]

                            105 PRINCESS AVENUE
                            CRANSTON, RI 02920
                            [Property Address]

### 1. BORROWER'S PROMISE TO PAY

In return for a loan that I have received, I promise to pay U.S. $ $250,000.00 (this amount is called "Principal"), plus interest, to the order of Lender. Lender is Accredited Home Lenders, Inc. . I will make all payments under this Note in the form of cash, check or money order.

I understand that Lender may transfer this Note. Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the "Note Holder."

### 2. INTEREST

Interest will be charged on unpaid principal until the full amount of Principal has been paid. I will pay interest at a yearly rate of 9.750%. The interest rate I will pay may change in accordance with Section 4 of this Note.

The interest rate required by this Section 2 and Section 4 of this Note is the rate I will pay both before and after any default described in Section 7(B) of this Note.

### 3. PAYMENTS

#### (A) Time and Place of Payments

I will pay principal and interest by making a payment every month.

I will make my monthly payments on the 1st day of every month, beginning on July 1, 2006. I will make these payments every month until I have paid all of the principal and interest and any other charges described below that I may owe under this Note. Each monthly payment will be applied as of its scheduled due date and will be applied to interest before Principal. If, on June 1, 2036, I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the "Maturity Date."

I will make my monthly payments at P.O. Box 502480 San Diego, CA 52150-2480 or at a different place if required by the Note Holder.

MIN # 10017610609638956 9              PALIOTTA              Initials: *D.P.*
ARMNOTE1.UFF                           Page 1 of 6           Loan #

                                                            AHL modified FannieMae 3520 (1/01)

                                                            *A.A.P.*
                                                            *G.B.P.*

(B) Amount of My Initial Monthly Payments

Each of my initial monthly payments will be in the amount of U.S. $ 2,147.89. This amount may change.

(C) Monthly Payment Changes

Changes in my monthly payment will reflect changes in the unpaid principal of my loan and in the interest rate that I must pay. The Note Holder will determine my new interest rate and the changed amount of my monthly payment in accordance with Section 4 of this Note.

## 4. ADJUSTABLE INTEREST RATE AND MONTHLY PAYMENT CHANGES

(A) Change Dates

The interest rate I will pay may change on the 1st day of June, 2008 and on the 1st of every sixth month thereafter. Each date on which my interest rate could change is called a "Change Date."

(B) The Index

Beginning with the first Change Date, my interest rate will be based on an Index. The "Index" is the average of interbank offered rates for six month U.S. dollar-denominated deposits in the London market ("LIBOR"), as published in The Wall Street Journal. The most recent Index figure available as of the first business day of the month immediately preceding the month in which the Change Date occurs is called the "Current Index."

If the Index is no longer available, the Note Holder will choose a new index that is based upon comparable information. The Note Holder will give me notice of this choice.

(C) Calculation of Changes

Before each Change Date, the Note Holder will calculate my new interest rate by adding Six And Three-quarters percentage points ( 6.750 %) to the Current Index. The Note Holder will then round the result of this addition to the nearest one-eighth of one percentage point (0.125%). Subject to the limits stated in Section 4(D) below, this rounded amount will be my new interest rate until the next Change Date.

The Note Holder will then determine the amount of the monthly payment that would be sufficient to repay the unpaid principal that I am expected to owe at the Change Date in full on the Maturity Date at my new interest rate in substantially equal payments. The result of this calculation will be the new amount of my monthly payment.

(D) Limits on Interest Rate Changes

The interest rate I am required to pay at the first Change Date will not be greater than 11.250% or less than 9.750%. Thereafter, my interest rate will never be increased or decreased on any single Change Date by more than One And One-half percentage point(s) (1.500) from the rate of interest I have been paying for the preceding six months. My interest rate will never be greater than 16.750% or less than 9.750%.

MIN # 100176106060389569
ARMNOTE2.UFB

PALJOTTA
Page 2 of 6

Initials: _BP_
Loan [redacted]
AHL modified FannieMae 3520 (1/01)

**(E) Effective Date of Changes**

My new interest rate will become effective on each Change Date. I will pay the amount of my new monthly payment beginning on the first monthly payment date after the Change Date until the amount of my monthly payment changes again.

**(F) Notice of Changes**

The Note Holder will deliver or mail to me a notice of any changes in my interest rate and the amount of my monthly payment before the effective date of any change. The notice will include information required by law to be given to me and also the title and telephone number of a person who will answer any question I may have regarding the notice.

## 5.  BORROWER'S RIGHT TO PREPAY - See Prepayment Rider attached hereto.

I have the right to make payments of Principal at any time before they are due. A payment of Principal only is known as a "Prepayment." When I make a Prepayment, I will tell the Note Holder in writing that I am doing so. I may not designate a payment as a Prepayment if I have not made all the monthly payments due under this Note.

I may make a full Prepayment or partial Prepayment. The Note Holder will use my Prepayments to reduce the amount of Principal that I owe under this Note. However, the Note Holder may apply my Prepayment to the accrued and unpaid interest on the Prepayment amount before applying my Prepayment to reduce the Principal amount of the Note. If I make a partial Prepayment, there will be no changes in the due dates of my monthly payments unless the Note Holder agrees in writing to those changes. My partial Prepayment may reduce the amount of my monthly payment after the first Change Date following my partial Prepayment. However, any reduction due to my partial Prepayment may be offset by an interest rate increase.

## 6.  LOAN CHARGES

If a law, which applies to this loan and which sets maximum loan charges, is finally interpreted so that the interest or other loan charges collected or to be collected in connection with this loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from me that exceeded permitted limits will be refunded to me. The Note Holder may choose to make this refund by reducing the Principal I owe under this Note or by making a direct payment to me. If a refund reduces Principal, the reduction will be treated as a partial Prepayment.

## 7.  BORROWER'S FAILURE TO PAY AS REQUIRED

**(A) Late Charges for Overdue Payments**

If the Note Holder has not received the full amount of any monthly payment by the end of Ten calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be 6.000 % of my overdue payment of principal and interest. I will pay this late charge promptly but only once on each late payment.

**(B) Default**

If I do not pay the full amount of each monthly payment on the date it is due, I will be in default.

MIN # 100176106050389560          PACIOTTA          Initials
ARMNOTE3.UFF                      Page 3 of 6        Loan
                                                     AHL modified FannieMae 3520 (1/01)

**(C) Notice of Default**

If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of Principal that has not been paid and all the interest that I owe on that amount. That date must be at least 30 days after the date on which the notice is mailed to me or delivered by other means.

**(D) No Waiver By Note Holder**

Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

**(E) Payment of Note Holder's Costs and Expenses**

If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees.

## 8.  GIVING OF NOTICES

Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail to me at the Property Address above or at a different address if I give the Note Holder a notice of my different address.

Unless the Note Holder requires a different method, any notice that must be given to the Note Holder under this Note will be given by mailing it by first class mail to the Note Holder at the address stated in Section 3(A) above or at a different address if I am given a notice of that different address.

## 9.  OBLIGATIONS OF PERSONS UNDER THIS NOTE

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. The Note Holder may enforce its rights under this Note against each person individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note.

## 10.  WAIVERS

I and any other person who has obligations under this Note waive the rights of Presentment and Notice of Dishonor. "Presentment" means the right to require the Note Holder to demand payment of amounts due. "Notice of Dishonor" means the right to require the Note Holder to give notice to other persons that amounts due have not been paid.

MIN # 100176106050589569
AHMNOTE4.UFF

PALIOTTA
Page 8 of 6

Initials _B.P._
Loan # ▮▮▮▮
AHI modified FannieMae 3520 (1/01)

_A.A.P._
_G.B.P._

## 11. UNIFORM SECURED NOTE

This Note is a uniform instrument with limited variations in some jurisdictions. In addition to the protections given to the Note Holder under this Note, a Mortgage, Deed of Trust, or Security Deed (the "Security Instrument"), dated the same date as this Note, protects the Note Holder from possible losses that might result if I do not keep the promises that I make in this Note. That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts I owe under this Note. Some of these conditions read as follows:

Transfer of the Property or a Beneficial Interest in Borrower.

If all or any part of the Property or any interest in it is sold or transferred (or if a beneficial interest in Borrower is sold or transferred and Borrower is not a natural person) without Lender's prior written consent, Lender may, at its option, require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by applicable law.

If Lender exercises the option to require immediate payment in full, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

MIN # 1001/6106056309561
ARMNOTES.UFF

PALIOTTA
Page 5 of 6

Initial
Loan #
AHL modified FannieMae 3520 (1/01)

*B.P.*

*A.A.P.*
*GBP*

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Adjustable Rate Note.
WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED.

_____ 5-8-06    _____ 5-19-06
Borrower                   Date    Borrower                   Date
GIUSEPPE B. PALIOTTA                BRUNO PALIOTTA

_____ 5-19-06    _____
Borrower                   Date    Borrower                   Date
ANNA A. PALIOTTA

_____            _____
Borrower                   Date    Borrower                   Date

_____            _____
Borrower                   Date    Borrower                   Date

MIR # 10017610605D389569          PALIOTTA          Loan #
ARMNGTE6.UFF                      Page 6 of 6       AHL modified FannieMae 3520 (1/01)

Loan No: ▮▮▮▮▮▮

Mortgagee: GIUSEPPE B. PALIOTTA, BRUNO PALIOTTA, ANNA A. PALIOTTA

Address:   105 PRINCESS AVENUE
           CRANSTON, RI 02920

Loan Amount: $ 250,000.00

# ALLONGE TO NOTE

PAY TO THE ORDER OF: **GRP Loan, LLC**

WITHOUT RECOURSE

Filomena A Labao
Assistant Secretary
Accredited Home Lenders, Inc.

ALLONGE

GRP Number: 18342
Borrower Name:  Paliotta, Giuseppe B.
                        Paliotta, Bruno
Property Address: 105 Princess Avenue, Cranston, RI 2920
Original Lender: MERS, Inc. as Nominee for Accredited Home Lenders Inc
Loan Origination Date: 5/19/2006
Loan Amount: $250000

Pay to the order of:

 without recourse, representation or warranty.

Dated:    OCT 2 6 2009

GRP Loan, LLC

By: _____
        Name: Robert B. Harrington
        Title: Secretary

EXHIBIT F

Return To:
Accredited Home Lenders, Inc.
Attn: Post Closing Dept.
16550 West Bernardo Dr. Bldg 1
San Diego, CA 92127-1870



200605243000300 Bk: 3370 Pg: 32
RECORDED Cranston, RI Pg 1 of 22
06/24/2006 12:36:06 MTG

Prepared By:
Accredited Home Lenders, Inc.
15090 Avenue of Science
San Diego, CA 92128

──────────── [Space Above This Line For Recording Data] ────────────

# MORTGAGE

MIN 100176106050389569

## DEFINITIONS

Words used in multiple sections of this document are defined below and other words are defined in
Sections 3, 11, 13, 18, 20 and 21. Certain rules regarding the usage of words used in this document are
also provided in Section 16.

(A) "Security Instrument" means this document, which is dated  May 19, 2006                    ,
together with all Riders to this document.
(B) "Borrower" is BRUNO PALIOTTA AND ANNA A. PALIOTTA AND GIUSEPPE B. PALIOTTA

Borrower is the mortgagor under this Security Instrument.
(C) "MERS" is Mortgage Electronic Registration Systems, Inc. MERS is a separate corporation that is
acting solely as a nominee for Lender and Lender's successors and assigns. MERS is the mortgagee
under this Security Instrument. MERS is organized and existing under the laws of Delaware, and has an
address and telephone number of P.O. Box 2026, Flint, MI 48501-2026, tel (888) 679-MERS.

RHODE ISLAND - Single Family - Fannie Mae/Freddie Mac                          Form 3040  1/01 (rev. 11/02)
UNIFORM INSTRUMENT WITH MERS
-6A(RI) (0208)
Page 1 of 15                    Initials:
VMP MORTGAGE FORMS - (800)521-7291

200605240000390 Bk: 3370 Pg: 33
RECORDED Cranston, RI  Pg 2 of 22
05/24/2006 12:36:00  MTC

**(D) "Lender"** is Accredited Home Lenders, Inc.

Lender is a Corporation
organized and existing under the laws of the State of California
Lender's address is 15090 Avenue of Science
            San Diego, CA 92128
**(E) "Note"** means the promissory note signed by Borrower and dated May 19, 2006
The Note states that Borrower owes Lender two hundred fifty thousand and 00/100

Dollars

(U.S. $ 250,000.00          ) plus interest. Borrower has promised to pay this debt in regular Periodic
Payments and to pay the debt in full not later than June 1, 2036
**(F) "Property"** means the property that is described below under the heading "Transfer of Rights in the
Property."
**(G) "Loan"** means the debt evidenced by the Note, plus interest, any prepayment charges and late charges
due under the Note, and all sums due under this Security Instrument, plus interest.
**(H) "Riders"** means all Riders to this Security Instrument that are executed by Borrower. The following
Riders are to be executed by Borrower [check box as applicable]:

| [X] Adjustable Rate Rider | [ ] Condominium Rider | [ ] Second Home Rider |
| [ ] Balloon Rider | [ ] Planned Unit Development Rider | [X] 1-4 Family Rider |
| [ ] VA Rider | [ ] Biweekly Payment Rider | [ ] Other(s) [specify] |

**(I) "Applicable Law"** means all controlling applicable federal, state and local statutes, regulations,
ordinances and administrative rules and orders (that have the effect of law) as well as all applicable final,
non-appealable judicial opinions.
**(J) "Community Association Dues, Fees, and Assessments"** means all dues, fees, assessments and other
charges that are imposed on Borrower or the Property by a condominium association, homeowners
association or similar organization.
**(K) "Electronic Funds Transfer"** means any transfer of funds, other than a transaction originated by
check, draft, or similar paper instrument, which is initiated through an electronic terminal, telephonic
instrument, computer, or magnetic tape so as to order, instruct, or authorize a financial institution to debit
or credit an account. Such term includes, but is not limited to, point-of-sale transfers, automated teller
machine transactions, transfers initiated by telephone, wire transfers, and automated clearinghouse
transfers.
**(L) "Escrow Items"** means those items that are described in Section 3.
**(M) "Miscellaneous Proceeds"** means any compensation, settlement, award of damages, or proceeds paid
by any third party (other than insurance proceeds paid under the coverages described in Section 5) for: (i)
damage to, or destruction of, the Property; (ii) condemnation or other taking of all or any part of the
Property; (iii) conveyance in lieu of condemnation; or (iv) misrepresentations of, or omissions as to, the
value and/or condition of the Property.
**(N) "Mortgage Insurance"** means insurance protecting Lender against the nonpayment of, or default on,
the Loan.
**(O) "Periodic Payment"** means the regularly scheduled amount due for (i) principal and interest under the
Note, plus (ii) any amounts under Section 3 of this Security Instrument.
**(P) "RESPA"** means the Real Estate Settlement Procedures Act (12 U.S.C. Section 2601 et seq.) and its
implementing regulation, Regulation X (24 C.F.R. Part 3500), as they might be amended from time to
time, or any additional or successor legislation or regulation that governs the same subject matter. As used

Initials

(VMP) -6A(RI) (0206)          Page 2 of 15          Form 3040   1/01 (rev. 11/02)

200605240060390 Bk: 3370 Pg: 34
RECORDED Cranston, RI  Pg 3 of 22
05/24/2006 12:36:00  MTG

in this Security Instrument, "RESPA" refers to all requirements and restrictions that are imposed in regard to a "federally related mortgage loan" even if the Loan does not qualify as a "federally related mortgage loan" under RESPA.

**(Q) "Successor in Interest of Borrower"** means any party that has taken title to the Property, whether or not that party has assumed Borrower's obligations under the Note and/or this Security Instrument.

TRANSFER OF RIGHTS IN THE PROPERTY

This Security Instrument secures to Lender: (i) the repayment of the Loan, and all renewals, extensions and modifications of the Note; and (ii) the performance of Borrower's covenants and agreements under this Security Instrument and the Note. For this purpose, Borrower does hereby mortgage, grant and convey to MERS, (solely as nominee for Lender and Lender's successors and assigns) and to the successors and assigns of MERS, with Mortgage Covenants upon the Statutory Condition and with the Statutory Power of Sale, the following described property located in the

County               of               PROVIDENCE          :

[Type of Recording Jurisdiction]          [Name of Recording Jurisdiction]

See Legal Description Addendum Page Attached

Parcel ID Number: MAP8/2PARCEL717AND2543                    which currently has the address of
105 PRINCESS AVENUE                                                        [Street]
CRANSTON                                         [City], Rhode Island 02920          [Zip Code]
("Property Address"):

TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements, appurtenances, and fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this Security Instrument. All of the foregoing is referred to in this Security Instrument as the "Property." Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Security Instrument, but, if necessary to comply with law or custom, MERS (as nominee for Lender and Lender's successors and assigns) has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender including, but not limited to, releasing and canceling this Security Instrument.

BORROWER COVENANTS that Borrower is lawfully seised of the estate hereby conveyed and has the right to mortgage, grant and convey the Property and that the Property is unencumbered, except for encumbrances of record. Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to any encumbrances of record.

-6A(RI) (0208)                    Page 3 of 15                    Initials:            Form 3040   1/01 (rev. 11/02)

200605240003390 Bk: 3370 Pg: 35
RECORDED Cranston: RI Pg 4 of 22
05/24/2006 12:36:08 MTG

THIS SECURITY INSTRUMENT combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform security instrument covering real property.

UNIFORM COVENANTS. Borrower and Lender covenant and agree as follows:

**1. Payment of Principal, Interest, Escrow Items, Prepayment Charges, and Late Charges.** Borrower shall pay when due the principal of, and interest on, the debt evidenced by the Note and any prepayment charges and late charges due under the Note. Borrower shall also pay funds for Escrow Items pursuant to Section 3. Payments due under the Note and this Security Instrument shall be made in U.S. currency. However, if any check or other instrument received by Lender as payment under the Note or this Security Instrument is returned to Lender unpaid, Lender may require that any or all subsequent payments due under the Note and this Security Instrument be made in one or more of the following forms, as selected by Lender: (a) cash; (b) money order; (c) certified check, bank check, treasurer's check or cashier's check, provided any such check is drawn upon an institution whose deposits are insured by a federal agency, instrumentality, or entity; or (d) Electronic Funds Transfer.

Payments are deemed received by Lender when received at the location designated in the Note or at such other location as may be designated by Lender in accordance with the notice provisions in Section 15. Lender may return any payment or partial payment if the payment or partial payments are insufficient to bring the Loan current. Lender may accept any payment or partial payment insufficient to bring the Loan current, without waiver of any rights hereunder or prejudice to its rights to refuse such payment or partial payments in the future, but Lender is not obligated to apply such payments at the time such payments are accepted. If each Periodic Payment is applied as of its scheduled due date, then Lender need not pay interest on unapplied funds. Lender may hold such unapplied funds until Borrower makes payment to bring the Loan current. If Borrower does not do so within a reasonable period of time, Lender shall either apply such funds or return them to Borrower. If not applied earlier, such funds will be applied to the outstanding principal balance under the Note immediately prior to foreclosure. No offset or claim which Borrower might have now or in the future against Lender shall relieve Borrower from making payments due under the Note and this Security Instrument or performing the covenants and agreements secured by this Security Instrument.

**2. Application of Payments or Proceeds.** Except as otherwise described in this Section 2, all payments accepted and applied by Lender shall be applied in the following order of priority: (a) interest due under the Note; (b) principal due under the Note; (c) amounts due under Section 3. Such payments shall be applied to each Periodic Payment in the order in which it became due. Any remaining amounts shall be applied first to late charges, second to any other amounts due under this Security Instrument, and then to reduce the principal balance of the Note.

If Lender receives a payment from Borrower for a delinquent Periodic Payment which includes a sufficient amount to pay any late charge due, the payment may be applied to the delinquent payment and the late charge. If more than one Periodic Payment is outstanding, Lender may apply any payment received from Borrower to the repayment of the Periodic Payments if, and to the extent that, each payment can be paid in full. To the extent that any excess exists after the payment is applied to the full payment of one or more Periodic Payments, such excess may be applied to any late charges due. Voluntary prepayments shall be applied first to any prepayment charges and then as described in the Note.

Any application of payments, insurance proceeds, or Miscellaneous Proceeds to principal due under the Note shall not extend or postpone the due date, or change the amount, of the Periodic Payments.

**3. Funds for Escrow Items.** Borrower shall pay to Lender on the day Periodic Payments are due under the Note, until the Note is paid in full, a sum (the "Funds") to provide for payment of amounts due for: (a) taxes and assessments and other items which can attain priority over this Security Instrument as a lien or encumbrance on the Property; (b) leasehold payments or ground rents on the Property, if any; (c) premiums for any and all insurance required by Lender under Section 5; and (d) Mortgage Insurance premiums, if any, or any sums payable by Borrower to Lender in lieu of the payment of Mortgage Insurance premiums in accordance with the provisions of Section 10. These items are called "Escrow Items." At origination or at any time during the term of the Loan, Lender may require that Community Association Dues, Fees, and Assessments, if any, be escrowed by Borrower, and such dues, fees and assessments shall be an Escrow Item. Borrower shall promptly furnish to Lender all notices of amounts to be paid under this Section. Borrower shall pay Lender the Funds for Escrow Items unless Lender waives Borrower's obligation to pay the Funds for any or all Escrow Items. Lender may waive Borrower's obligation to pay to Lender Funds for any or all Escrow Items at any time. Any such waiver may only be



-6A(RI) (0208)    Page 4 of 15    Form 3040 1/01 (rev. 11/02)

G.B.P.

200605240000390 Bk: 3370 Pg: 36
RECORDED Cranston, RI  Pg 5 of 22
05/24/2006  12:36:00  MTG

in writing. In the event of such waiver, Borrower shall pay directly, when and where payable, the amounts due for any Escrow Items for which payment of Funds has been waived by Lender and, if Lender requires, shall furnish to Lender receipts evidencing such payment within such time period as Lender may require. Borrower's obligation to make such payments and to provide receipts shall for all purposes be deemed to be a covenant and agreement contained in this Security Instrument, as the phrase "covenant and agreement" is used in Section 9. If Borrower is obligated to pay Escrow Items directly, pursuant to a waiver, and Borrower fails to pay the amount due for an Escrow Item, Lender may exercise its rights under Section 9 and pay such amount and Borrower shall then be obligated under Section 9 to repay to Lender any such amount. Lender may revoke the waiver as to any or all Escrow Items at any time by a notice given in accordance with Section 15 and, upon such revocation, Borrower shall pay to Lender all Funds, and in such amounts, that are then required under this Section 3.

Lender may, at any time, collect and hold Funds in an amount (a) sufficient to permit Lender to apply the Funds at the time specified under RESPA, and (b) not to exceed the maximum amount a lender can require under RESPA. Lender shall estimate the amount of Funds due on the basis of current data and reasonable estimates of expenditures of future Escrow Items or otherwise in accordance with Applicable Law.

The Funds shall be held in an institution whose deposits are insured by a federal agency, instrumentality, or entity (including Lender, if Lender is an institution whose deposits are so insured) or in any Federal Home Loan Bank. Lender shall apply the Funds to pay the Escrow Items no later than the time specified under RESPA. Lender shall not charge Borrower for holding and applying the Funds, annually analyzing the escrow account, or verifying the Escrow Items, unless Lender pays Borrower interest on the Funds and Applicable Law permits Lender to make such a charge. Unless an agreement is made in writing or Applicable Law requires interest to be paid on the Funds, Lender shall not be required to pay Borrower any interest or earnings on the Funds. Borrower and Lender can agree in writing, however, that interest shall be paid on the Funds. Lender shall give to Borrower, without charge, an annual accounting of the Funds as required by RESPA.

If there is a surplus of Funds held in escrow, as defined under RESPA, Lender shall account to Borrower for the excess funds in accordance with RESPA. If there is a shortage of Funds held in escrow, as defined under RESPA, Lender shall notify Borrower as required by RESPA, and Borrower shall pay to Lender the amount necessary to make up the shortage in accordance with RESPA, but in no more than 12 monthly payments. If there is a deficiency of Funds held in escrow, as defined under RESPA, Lender shall notify Borrower as required by RESPA, and Borrower shall pay to Lender the amount necessary to make up the deficiency in accordance with RESPA, but in no more than 12 monthly payments.

Upon payment in full of all sums secured by this Security Instrument, Lender shall promptly refund to Borrower any Funds held by Lender.

4. Charges; Liens. Borrower shall pay all taxes, assessments, charges, fines, and impositions attributable to the Property which can attain priority over this Security Instrument, leasehold payments or ground rents on the Property, if any, and Community Association Dues, Fees, and Assessments, if any. To the extent that these items are Escrow Items, Borrower shall pay them in the manner provided in Section 3.

Borrower shall promptly discharge any lien which has priority over this Security Instrument unless Borrower: (a) agrees in writing to the payment of the obligation secured by the lien in a manner acceptable to Lender, but only so long as Borrower is performing such agreement; (b) contests the lien in good faith by, or defends against enforcement of the lien in, legal proceedings which in Lender's opinion operate to prevent the enforcement of the lien while those proceedings are pending, but only until such proceedings are concluded; or (c) secures from the holder of the lien an agreement satisfactory to Lender subordinating the lien to this Security Instrument. If Lender determines that any part of the Property is subject to a lien which can attain priority over this Security Instrument, Lender may give Borrower a notice identifying the

-6A(RI) (0208)              Page 5 of 15              Form 3040  1/01 (rev. 11/02)

200625240000390 BK: 3370 PG: 37
RECORDED Cranston, RI  Pg 5 of 22
05/24/2006 12:36:00 MTG

lien. Within 10 days of the date on which that notice is given, Borrower shall satisfy the lien or take one or more of the actions set forth above in this Section 4.

Lender may require Borrower to pay a one-time charge for a real estate tax verification and/or reporting service used by Lender in connection with this Loan.

**5. Property Insurance.** Borrower shall keep the improvements now existing or hereafter erected on the Property insured against loss by fire, hazards included within the term "extended coverage," and any other hazards including, but not limited to, earthquakes and floods, for which Lender requires insurance. This insurance shall be maintained in the amounts (including deductible levels) and for the periods that Lender requires. What Lender requires pursuant to the preceding sentences can change during the term of the Loan. The insurance carrier providing the insurance shall be chosen by Borrower subject to Lender's right to disapprove Borrower's choice, which right shall not be exercised unreasonably. Lender may require Borrower to pay, in connection with this Loan, either: (a) a one-time charge for flood zone determination, certification and tracking services; or (b) a one-time charge for flood zone determination and certification services and subsequent charges each time remappings or similar changes occur which reasonably might affect such determination or certification. Borrower shall also be responsible for the payment of any fees imposed by the Federal Emergency Management Agency in connection with the review of any flood zone determination resulting from an objection by Borrower.

If Borrower fails to maintain any of the coverages described above, Lender may obtain insurance coverage, at Lender's option and Borrower's expense. Lender is under no obligation to purchase any particular type or amount of coverage. Therefore, such coverage shall cover Lender, but might or might not protect Borrower, Borrower's equity in the Property, or the contents of the Property, against any risk, hazard or liability and might provide greater or lesser coverage than was previously in effect. Borrower acknowledges that the cost of the insurance coverage so obtained might significantly exceed the cost of insurance that Borrower could have obtained. Any amounts disbursed by Lender under this Section 5 shall become additional debt of Borrower secured by this Security Instrument. These amounts shall bear interest at the Note rate from the date of disbursement and shall be payable, with such interest, upon notice from Lender to Borrower requesting payment.

All insurance policies required by Lender and renewals of such policies shall be subject to Lender's right to disapprove such policies, shall include a standard mortgage clause, and shall name Lender as mortgagee and/or as an additional loss payee. Lender shall have the right to hold the policies and renewal certificates. If Lender requires, Borrower shall promptly give to Lender all receipts of paid premiums and renewal notices. If Borrower obtains any form of insurance coverage, not otherwise required by Lender, for damage to, or destruction of, the Property, such policy shall include a standard mortgage clause and shall name Lender as mortgagee and/or as an additional loss payee.

In the event of loss, Borrower shall give prompt notice to the insurance carrier and Lender. Lender may make proof of loss if not made promptly by Borrower. Unless Lender and Borrower otherwise agree in writing, any insurance proceeds, whether or not the underlying insurance was required by Lender, shall be applied to restoration or repair of the Property, if the restoration or repair is economically feasible and Lender's security is not lessened. During such repair and restoration period, Lender shall have the right to hold such insurance proceeds until Lender has had an opportunity to inspect such Property to ensure the work has been completed to Lender's satisfaction, provided that such inspection shall be undertaken promptly. Lender may disburse proceeds for the repairs and restoration in a single payment or in a series of progress payments as the work is completed. Unless an agreement is made in writing or Applicable Law requires interest to be paid on such insurance proceeds, Lender shall not be required to pay Borrower any interest or earnings on such proceeds. Fees for public adjusters, or other third parties, retained by Borrower shall not be paid out of the insurance proceeds and shall be the sole obligation of Borrower. If the restoration or repair is not economically feasible or Lender's security would be lessened, the insurance proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with

-6A(RI) (0208)                    Page 6 of 15                    Initials _____    Form 3040    1/01 (rev. 11/02)

200605240000390 Bk: 3370 Pg: 38
RECORDED Cranston, RI  Pg 7 of 22
05/24/2006 12:36:00  MTG

the excess, if any, paid to Borrower. Such insurance proceeds shall be applied in the order provided for in Section 2.

If Borrower abandons the Property, Lender may file, negotiate and settle any available insurance claim and related matters. If Borrower does not respond within 30 days to a notice from Lender that the insurance carrier has offered to settle a claim, then Lender may negotiate and settle the claim. The 30-day period will begin when the notice is given. In either event, or if Lender acquires the Property under Section 22 or otherwise, Borrower hereby assigns to Lender (a) Borrower's rights to any insurance proceeds in an amount not to exceed the amounts unpaid under the Note or this Security Instrument, and (b) any other of Borrower's rights (other than the right to any refund of unearned premiums paid by Borrower) under all insurance policies covering the Property, insofar as such rights are applicable to the coverage of the Property. Lender may use the insurance proceeds either to repair or restore the Property or to pay amounts unpaid under the Note or this Security Instrument, whether or not then due.

**6. Occupancy.** Borrower shall occupy, establish, and use the Property as Borrower's principal residence within 60 days after the execution of this Security Instrument and shall continue to occupy the Property as Borrower's principal residence for at least one year after the date of occupancy, unless Lender otherwise agrees in writing, which consent shall not be unreasonably withheld, or unless extenuating circumstances exist which are beyond Borrower's control.

**7. Preservation, Maintenance and Protection of the Property; Inspections.** Borrower shall not destroy, damage or impair the Property, allow the Property to deteriorate or commit waste on the Property. Whether or not Borrower is residing in the Property, Borrower shall maintain the Property in order to prevent the Property from deteriorating or decreasing in value due to its condition. Unless it is determined pursuant to Section 5 that repair or restoration is not economically feasible, Borrower shall promptly repair the Property if damaged to avoid further deterioration or damage. If insurance or condemnation proceeds are paid in connection with damage to, or the taking of, the Property, Borrower shall be responsible for repairing or restoring the Property only if Lender has released proceeds for such purposes. Lender may disburse proceeds for the repairs and restoration in a single payment or in a series of progress payments as the work is completed. If the insurance or condemnation proceeds are not sufficient to repair or restore the Property, Borrower is not relieved of Borrower's obligation for the completion of such repair or restoration.

Lender or its agent may make reasonable entries upon and inspections of the Property. If it has reasonable cause, Lender may inspect the interior of the improvements on the Property. Lender shall give Borrower notice at the time of or prior to such an interior inspection specifying such reasonable cause.

**8. Borrower's Loan Application.** Borrower shall be in default if, during the Loan application process, Borrower or any persons or entities acting at the direction of Borrower or with Borrower's knowledge or consent gave materially false, misleading, or inaccurate information or statements to Lender (or failed to provide Lender with material information) in connection with the Loan. Material representations include, but are not limited to, representations concerning Borrower's occupancy of the Property as Borrower's principal residence.

**9. Protection of Lender's Interest in the Property and Rights Under this Security Instrument.** If (a) Borrower fails to perform the covenants and agreements contained in this Security Instrument, (b) there is a legal proceeding that might significantly affect Lender's interest in the Property and/or rights under this Security Instrument (such as a proceeding in bankruptcy, probate, for condemnation or forfeiture, for enforcement of a lien which may attain priority over this Security Instrument or to enforce laws or regulations), or (c) Borrower has abandoned the Property, then Lender may do and pay for whatever is reasonable or appropriate to protect Lender's interest in the Property and rights under this Security Instrument, including protecting and/or assessing the value of the Property, and securing and/or repairing the Property. Lender's actions can include, but are not limited to: (a) paying any sums secured by a lien which has priority over this Security Instrument; (b) appearing in court; and (c) paying reasonable

A. A. S.

C. B. P.

2006052400003QC BK: 3370 PG: 39
RECORDED Cranston, RI    PG 8 of 22
05/24/2006 12:36:00 MTG

attorneys' fees to protect its interest in the Property and/or rights under this Security Instrument, including its secured position in a bankruptcy proceeding. Securing the Property includes, but is not limited to, entering the Property to make repairs, change locks, replace or board up doors and windows, drain water from pipes, eliminate building or other code violations or dangerous conditions, and have utilities turned on or off. Although Lender may take action under this Section 9, Lender does not have to do so and is not under any duty or obligation to do so. It is agreed that Lender incurs no liability for not taking any or all actions authorized under this Section 9.

Any amounts disbursed by Lender under this Section 9 shall become additional debt of Borrower secured by this Security Instrument. These amounts shall bear interest at the Note rate from the date of disbursement and shall be payable, with such interest, upon notice from Lender to Borrower requesting payment.

If this Security Instrument is on a leasehold, Borrower shall comply with all the provisions of the lease. If Borrower acquires fee title to the Property, the leasehold and the fee title shall not merge unless Lender agrees to the merger in writing.

**10. Mortgage Insurance.** If Lender required Mortgage Insurance as a condition of making the Loan, Borrower shall pay the premiums required to maintain the Mortgage Insurance in effect. If, for any reason, the Mortgage Insurance coverage required by Lender ceases to be available from the mortgage insurer that previously provided such insurance and Borrower was required to make separately designated payments toward the premiums for Mortgage Insurance, Borrower shall pay the premiums required to obtain coverage substantially equivalent to the Mortgage Insurance previously in effect, at a cost substantially equivalent to the cost to Borrower of the Mortgage Insurance previously in effect, from an alternate mortgage insurer selected by Lender. If substantially equivalent Mortgage Insurance coverage is not available, Borrower shall continue to pay to Lender the amount of the separately designated payments that were due when the insurance coverage ceased to be in effect. Lender will accept, use and retain these payments as a non-refundable loss reserve in lieu of Mortgage Insurance. Such loss reserve shall be non-refundable, notwithstanding the fact that the Loan is ultimately paid in full, and Lender shall not be required to pay Borrower any interest or earnings on such loss reserve. Lender can no longer require loss reserve payments if Mortgage Insurance coverage (in the amount and for the period that Lender requires) provided by an insurer selected by Lender again becomes available, is obtained, and Lender requires separately designated payments toward the premiums for Mortgage Insurance. If Lender required Mortgage Insurance as a condition of making the Loan and Borrower was required to make separately designated payments toward the premiums for Mortgage Insurance, Borrower shall pay the premiums required to maintain Mortgage Insurance in effect, or to provide a non-refundable loss reserve, until Lender's requirement for Mortgage Insurance ends in accordance with any written agreement between Borrower and Lender providing for such termination or until termination is required by Applicable Law. Nothing in this Section 10 affects Borrower's obligation to pay interest at the rate provided in the Note.

Mortgage Insurance reimburses Lender (or any entity that purchases the Note) for certain losses it may incur if Borrower does not repay the Loan as agreed. Borrower is not a party to the Mortgage Insurance.

Mortgage insurers evaluate their total risk on all such insurance in force from time to time, and may enter into agreements with other parties that share or modify their risk, or reduce losses. These agreements are on terms and conditions that are satisfactory to the mortgage insurer and the other party (or parties) to these agreements. These agreements may require the mortgage insurer to make payments using any source of funds that the mortgage insurer may have available (which may include funds obtained from Mortgage Insurance premiums).

As a result of these agreements, Lender, any purchaser of the Note, another insurer, any reinsurer, any other entity, or any affiliate of any of the foregoing, may receive (directly or indirectly) amounts that derive from (or might be characterized as) a portion of Borrower's payments for Mortgage Insurance, in exchange for sharing or modifying the mortgage insurer's risk, or reducing losses. If such agreement provides that an affiliate of Lender takes a share of the insurer's risk in exchange for a share of the premiums paid to the insurer, the arrangement is often termed "captive reinsurance." Further:

**(a) Any such agreements will not affect the amounts that Borrower has agreed to pay for Mortgage Insurance, or any other terms of the Loan. Such agreements will not increase the amount Borrower will owe for Mortgage Insurance, and they will not entitle Borrower to any refund.**

(Vmp) -6A(RI) (0208)

Page 8 of 15

Initials: _B.P._

Form 3040   1/01 (rev. 11/02)

A.A.P.

G.B.P.

200060524000390 Bk: 3370 Pg: 40
RECORDED Cranston, RI  Pg 9 of 22
05/24/2006 12:36:00  MTG

(b) Any such agreements will not affect the rights Borrower has - if any - with respect to the Mortgage Insurance under the Homeowners Protection Act of 1998 or any other law. These rights may include the right to receive certain disclosures, to request and obtain cancellation of the Mortgage Insurance, to have the Mortgage Insurance terminated automatically, and/or to receive a refund of any Mortgage Insurance premiums that were unearned at the time of such cancellation or termination.

11. **Assignment of Miscellaneous Proceeds; Forfeiture.** All Miscellaneous Proceeds are hereby assigned to and shall be paid to Lender.

If the Property is damaged, such Miscellaneous Proceeds shall be applied to restoration or repair of the Property, if the restoration or repair is economically feasible and Lender's security is not lessened. During such repair and restoration period, Lender shall have the right to hold such Miscellaneous Proceeds until Lender has had an opportunity to inspect such Property to ensure the work has been completed to Lender's satisfaction, provided that such inspection shall be undertaken promptly. Lender may pay for the repairs and restoration in a single disbursement or in a series of progress payments as the work is completed. Unless an agreement is made in writing or Applicable Law requires interest to be paid on such Miscellaneous Proceeds, Lender shall not be required to pay Borrower any interest or earnings on such Miscellaneous Proceeds. If the restoration or repair is not economically feasible or Lender's security would be lessened, the Miscellaneous Proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with the excess, if any, paid to Borrower. Such Miscellaneous Proceeds shall be applied in the order provided for in Section 2.

In the event of a total taking, destruction, or loss in value of the Property, the Miscellaneous Proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with the excess, if any, paid to Borrower.

In the event of a partial taking, destruction, or loss in value of the Property in which the fair market value of the Property immediately before the partial taking, destruction, or loss in value is equal to or greater than the amount of the sums secured by this Security Instrument immediately before the partial taking, destruction, or loss in value, unless Borrower and Lender otherwise agree in writing, the sums secured by this Security Instrument shall be reduced by the amount of the Miscellaneous Proceeds multiplied by the following fraction: (a) the total amount of the sums secured immediately before the partial taking, destruction, or loss in value divided by (b) the fair market value of the Property immediately before the partial taking, destruction, or loss in value. Any balance shall be paid to Borrower.

In the event of a partial taking, destruction, or loss in value of the Property in which the fair market value of the Property immediately before the partial taking, destruction, or loss in value is less than the amount of the sums secured immediately before the partial taking, destruction, or loss in value, unless Borrower and Lender otherwise agree in writing, the Miscellaneous Proceeds shall be applied to the sums secured by this Security Instrument whether or not the sums are then due.

If the Property is abandoned by Borrower, or if, after notice by Lender to Borrower that the Opposing Party (as defined in the next sentence) offers to make an award to settle a claim for damages, Borrower fails to respond to Lender within 30 days after the date the notice is given, Lender is authorized to collect and apply the Miscellaneous Proceeds either to restoration or repair of the Property or to the sums secured by this Security Instrument, whether or not then due. "Opposing Party" means the third party that owes Borrower Miscellaneous Proceeds or the party against whom Borrower has a right of action in regard to Miscellaneous Proceeds.

Borrower shall be in default if any action or proceeding, whether civil or criminal, is begun that, in Lender's judgment, could result in forfeiture of the Property or other material impairment of Lender's interest in the Property or rights under this Security Instrument. Borrower can cure such a default and, if acceleration has occurred, reinstate as provided in Section 19, by causing the action or proceeding to be dismissed with a ruling that, in Lender's judgment, precludes forfeiture of the Property or other material impairment of Lender's interest in the Property or rights under this Security Instrument. The proceeds of any award or claim for damages that are attributable to the impairment of Lender's interest in the Property are hereby assigned and shall be paid to Lender.

All Miscellaneous Proceeds that are not applied to restoration or repair of the Property shall be applied in the order provided for in Section 2.

-6A(RI) (0208)

Page 9 of 15

Initials: B.P.

A. A. P.

G. B. P.

Form 3040    1/01 (rev. 11/02)

200605240000390 Bk: 3370 Pg: 41
RECORDED Cranston, RI  Pg 10 of 22
05/24/2006 12:36:09  MTG

**12. Borrower Not Released; Forbearance By Lender Not a Waiver.** Extension of the time for payment or modification of amortization of the sums secured by this Security Instrument granted by Lender to Borrower or any Successor in Interest of Borrower shall not operate to release the liability of Borrower or any Successors in Interest of Borrower. Lender shall not be required to commence proceedings against any Successor in Interest of Borrower or to refuse to extend time for payment or otherwise modify amortization of the sums secured by this Security Instrument by reason of any demand made by the original Borrower or any Successors in Interest of Borrower. Any forbearance by Lender in exercising any right or remedy including, without limitation, Lender's acceptance of payments from third persons, entities or Successors in Interest of Borrower or in amounts less than the amount then due, shall not be a waiver of or preclude the exercise of any right or remedy.

**13. Joint and Several Liability; Co-signers; Successors and Assigns Bound.** Borrower covenants and agrees that Borrower's obligations and liability shall be joint and several. However, any Borrower who co-signs this Security Instrument but does not execute the Note (a "co-signer"): (a) is co-signing this Security Instrument only to mortgage, grant and convey the co-signer's interest in the Property under the terms of this Security Instrument; (b) is not personally obligated to pay the sums secured by this Security Instrument; and (c) agrees that Lender and any other Borrower can agree to extend, modify, forbear or make any accommodations with regard to the terms of this Security Instrument or the Note without the co-signer's consent.

Subject to the provisions of Section 18, any Successor in Interest of Borrower who assumes Borrower's obligations under this Security Instrument in writing, and is approved by Lender, shall obtain all of Borrower's rights and benefits under this Security Instrument. Borrower shall not be released from Borrower's obligations and liability under this Security Instrument unless Lender agrees to such release in writing. The covenants and agreements of this Security Instrument shall bind (except as provided in Section 20) and benefit the successors and assigns of Lender.

**14. Loan Charges.** Lender may charge Borrower fees for services performed in connection with Borrower's default, for the purpose of protecting Lender's interest in the Property and rights under this Security Instrument, including, but not limited to, attorneys' fees, property inspection and valuation fees. In regard to any other fees, the absence of express authority in this Security Instrument to charge a specific fee to Borrower shall not be construed as a prohibition on the charging of such fee. Lender may not charge fees that are expressly prohibited by this Security Instrument or by Applicable Law.

If the Loan is subject to a law which sets maximum loan charges, and that law is finally interpreted so that the interest or other loan charges collected or to be collected in connection with the Loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from Borrower which exceeded permitted limits will be refunded to Borrower. Lender may choose to make this refund by reducing the principal owed under the Note or by making a direct payment to Borrower. If a refund reduces principal, the reduction will be treated as a partial prepayment without any prepayment charge (whether or not a prepayment charge is provided for under the Note). Borrower's acceptance of any such refund made by direct payment to Borrower will constitute a waiver of any right of action Borrower might have arising out of such overcharge.

**15. Notices.** All notices given by Borrower or Lender in connection with this Security Instrument must be in writing. Any notice to Borrower in connection with this Security Instrument shall be deemed to have been given to Borrower when mailed by first class mail or when actually delivered to Borrower's notice address if sent by other means. Notice to any one Borrower shall constitute notice to all Borrowers unless Applicable Law expressly requires otherwise. The notice address shall be the Property Address unless Borrower has designated a substitute notice address by notice to Lender. Borrower shall promptly notify Lender of Borrower's change of address. If Lender specifies a procedure for reporting Borrower's change of address, then Borrower shall only report a change of address through that specified procedure. There may be only one designated notice address under this Security Instrument at any one time. Any notice to Lender shall be given by delivering it or by mailing it by first class mail to Lender's address stated herein unless Lender has designated another address by notice to Borrower. Any notice in connection with this Security Instrument shall not be deemed to have been given to Lender until actually received by Lender. If any notice required by this Security Instrument is also required under Applicable Law, the Applicable Law requirement will satisfy the corresponding requirement under this Security Instrument.

Initials: _B.P._

A. A. P.

G. B. P.

@ -6A(RI) (0208)                    Page 10 of 15                    Form 3040   1/01 (rev. 11/02)

2006052400020980 Bk: 3370 Pg: 42
RECORDED Cranston, RI   Pg 11 of 22
05/24/2006 12:36:00 MTG

**16. Governing Law; Severability; Rules of Construction.** This Security Instrument shall be governed by federal law and the law of the jurisdiction in which the Property is located. All rights and obligations contained in this Security Instrument are subject to any requirements and limitations of Applicable Law. Applicable Law might explicitly or implicitly allow the parties to agree by contract or it might be silent, but such silence shall not be construed as a prohibition against agreement by contract. In the event that any provision or clause of this Security Instrument or the Note conflicts with Applicable Law, such conflict shall not affect other provisions of this Security Instrument or the Note which can be given effect without the conflicting provision.

As used in this Security Instrument: (a) words of the masculine gender shall mean and include corresponding neuter words or words of the feminine gender; (b) words in the singular shall mean and include the plural and vice versa; and (c) the word "may" gives sole discretion without any obligation to take any action.

**17. Borrower's Copy.** Borrower shall be given one copy of the Note and of this Security Instrument.

**18. Transfer of the Property or a Beneficial Interest in Borrower.** As used in this Section 18, "Interest in the Property" means any legal or beneficial interest in the Property, including, but not limited to, those beneficial interests transferred in a bond for deed, contract for deed, installment sales contract or escrow agreement, the intent of which is the transfer of title by Borrower at a future date to a purchaser.

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

**19. Borrower's Right to Reinstate After Acceleration.** If Borrower meets certain conditions, Borrower shall have the right to have enforcement of this Security Instrument discontinued at any time prior to the earliest of: (a) five days before sale of the Property pursuant to any power of sale contained in this Security Instrument; (b) such other period as Applicable Law might specify for the termination of Borrower's right to reinstate; or (c) entry of a judgment enforcing this Security Instrument. Those conditions are that Borrower: (a) pays Lender all sums which then would be due under this Security Instrument and the Note as if no acceleration had occurred; (b) cures any default of any other covenants or agreements; (c) pays all expenses incurred in enforcing this Security Instrument, including, but not limited to, reasonable attorneys' fees, property inspection and valuation fees, and other fees incurred for the purpose of protecting Lender's interest in the Property and rights under this Security Instrument; and (d) takes such action as Lender may reasonably require to assure that Lender's interest in the Property and rights under this Security Instrument, and Borrower's obligation to pay the sums secured by this Security Instrument, shall continue unchanged. Lender may require that Borrower pay such reinstatement sums and expenses in one or more of the following forms, as selected by Lender: (a) cash; (b) money order; (c) certified check, bank check, treasurer's check or cashier's check, provided any such check is drawn upon an institution whose deposits are insured by a federal agency, instrumentality or entity; or (d) Electronic Funds Transfer. Upon reinstatement by Borrower, this Security Instrument and obligations secured hereby shall remain fully effective as if no acceleration had occurred. However, this right to reinstate shall not apply in the case of acceleration under Section 18.

**20. Sale of Note; Change of Loan Servicer; Notice of Grievance.** The Note or a partial interest in the Note (together with this Security Instrument) can be sold one or more times without prior notice to Borrower. A sale might result in a change in the entity (known as the "Loan Servicer") that collects Periodic Payments due under the Note and this Security Instrument and performs other mortgage loan servicing obligations under the Note, this Security Instrument, and Applicable Law. There also might be one or more changes of the Loan Servicer unrelated to a sale of the Note. If there is a change of the Loan Servicer, Borrower will be given written notice of the change which will state the name and address of the new Loan Servicer, the address to which payments should be made and any other information RESPA

-6A(RI) (0208)                                    Page 11 of 15                          Initials: ___   Form 3040   1/01 (rev. 11/02)

200605240000390 Bk: 3370 Pg: 43
RECORDED Cranston, RI  Pg 12 of 22
06/24/2006 12:36:00  MTG

requires in connection with a notice of transfer of servicing. If the Note is sold and thereafter the Loan is serviced by a Loan Servicer other than the purchaser of the Note, the mortgage loan servicing obligations to Borrower will remain with the Loan Servicer or be transferred to a successor Loan Servicer and are not assumed by the Note purchaser unless otherwise provided by the Note purchaser.

Neither Borrower nor Lender may commence, join, or be joined to any judicial action (as either an individual litigant or the member of a class) that arises from the other party's actions pursuant to this Security Instrument or that alleges that the other party has breached any provision of, or any duty owed by reason of, this Security Instrument, until such Borrower or Lender has notified the other party (with such notice given in compliance with the requirements of Section 15) of such alleged breach and afforded the other party hereto a reasonable period after the giving of such notice to take corrective action. If Applicable Law provides a time period which must elapse before certain action can be taken, that time period will be deemed to be reasonable for purposes of this paragraph. The notice of acceleration and opportunity to cure given to Borrower pursuant to Section 22 and the notice of acceleration given to Borrower pursuant to Section 18 shall be deemed to satisfy the notice and opportunity to take corrective action provisions of this Section 20.

**21. Hazardous Substances.** As used in this Section 21: (a) "Hazardous Substances" are those substances defined as toxic or hazardous substances, pollutants, or wastes by Environmental Law and the following substances: gasoline, kerosene, other flammable or toxic petroleum products, toxic pesticides and herbicides, volatile solvents, materials containing asbestos or formaldehyde, and radioactive materials; (b) "Environmental Law" means federal laws and laws of the jurisdiction where the Property is located that relate to health, safety or environmental protection; (c) "Environmental Cleanup" includes any response action, remedial action, or removal action, as defined in Environmental Law; and (d) an "Environmental Condition" means a condition that can cause, contribute to, or otherwise trigger an Environmental Cleanup.

Borrower shall not cause or permit the presence, use, disposal, storage, or release of any Hazardous Substances, or threaten to release any Hazardous Substances, on or in the Property. Borrower shall not do, nor allow anyone else to do, anything affecting the Property (a) that is in violation of any Environmental Law, (b) which creates an Environmental Condition, or (c) which, due to the presence, use, or release of a Hazardous Substance, creates a condition that adversely affects the value of the Property. The preceding two sentences shall not apply to the presence, use, or storage on the Property of small quantities of Hazardous Substances that are generally recognized to be appropriate to normal residential uses and to maintenance of the Property (including, but not limited to, hazardous substances in consumer products).

Borrower shall promptly give Lender written notice of (a) any investigation, claim, demand, lawsuit or other action by any governmental or regulatory agency or private party involving the Property and any Hazardous Substance or Environmental Law of which Borrower has actual knowledge, (b) any Environmental Condition, including but not limited to, any spilling, leaking, discharge, release or threat of release of any Hazardous Substance, and (c) any condition caused by the presence, use or release of a Hazardous Substance which adversely affects the value of the Property. If Borrower learns, or is notified by any governmental or regulatory authority, or any private party, that any removal or other remediation of any Hazardous Substance affecting the Property is necessary, Borrower shall promptly take all necessary remedial actions in accordance with Environmental Law. Nothing herein shall create any obligation on Lender for an Environmental Cleanup.

200605240090390 Bk: 3970 Pg: 44
RECORDED Cranston, RI  Pg 13 of 22
05/24/2006 12:36:00  MTG

NON-UNIFORM COVENANTS. Borrower and Lender further covenant and agree as follows:

**22. Acceleration; Remedies. Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument (but not prior to acceleration under Section 18 unless Applicable Law provides otherwise). The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale. If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may invoke the STATUTORY POWER OF SALE and any other remedies permitted by Applicable Law. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Section 22, including, but not limited to, reasonable attorneys' fees and costs of title evidence.**

**If Lender invokes the STATUTORY POWER OF SALE, Lender shall mail a copy of a notice of sale to Borrower as provided in Section 15. Lender shall publish the notice of sale, and the Property shall be sold in the manner prescribed by Applicable Law. Lender or its designee may purchase the Property at any sale. The proceeds of the sale shall be applied in the following order: (a) to all expenses of the sale, including, but not limited to, reasonable attorneys' fees; (b) to all sums secured by this Security Instrument; and (c) any excess to the person or persons legally entitled to it.**

**23. Release.** Upon payment of all sums secured by this Security Instrument, this Security Instrument shall become null and void. Lender shall discharge this Security Instrument. Borrower shall pay any recordation costs. Lender may charge Borrower a fee for releasing this Security Instrument, but only if the fee is paid to a third party for services rendered and the charging of the fee is permitted under Applicable Law.

**24. No Outstanding Automatic Orders in Domestic Relations Cases.** Borrower hereby represents and warrants to Lender that either (a) there is no outstanding automatic order under Chapter 15-5 of the Rhode Island General Laws against any Borrower relating to a complaint for dissolution of marriage, legal separation, annulment, custody or visitation or (b) there is an outstanding automatic order under Chapter 15-5 of the Rhode Island General Laws against a Borrower relating to a complaint for dissolution of marriage, legal separation, annulment, custody or visitation, and the other party that is subject to such order has consented to, or the court which issued the automatic order has issued another order authorizing, such Borrower's execution of the Note and this Security Instrument.

**25. Homestead Estate.** If Borrower heretofore has acquired or hereafter acquires an estate of homestead in the Property, Borrower hereby agrees that such homestead estate is waived to the extent of this Security Instrument and the amount due under the Note and to the extent of all renewals, extensions and modifications of this Security Instrument or the Note, and that said homestead estate is subject to all of the rights of Lender under this Security Instrument and the Note and all renewals, extensions and modifications of this Security Instrument and the Note, and is subordinate to the lien evidenced by this Security Instrument, and all renewals, extensions and modifications of this Security Instrument. Furthermore, Borrower hereby waives the benefits of any homestead or similar laws or regulations that may otherwise be applicable from time to time.

VMP -6A(RI) (0208)                      Page 13 of 15                      Initials: _B.P._   Form 3040   1/01 (rev. 11/02)
A. A. P.
G. B. P.

200606240000390 Bk: 3370 Pg: 45
RECORDED Cranston, RI  Pg 14 of 22
05/24/2006 12:36:00  MTG

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Security Instrument and in any Rider executed by Borrower and recorded with it.

Witnesses: _TO A II_

_____    _____ (Seal)
                                         GIUSEPPE B. PALIOTTA        -Borrower

                                         _____ (Seal)
                                         **BRUNO PALIOTTA**          -Borrower

_____ (Seal)  _____ (Seal)
                         -Borrower         **ANNA A. PALIOTTA**       -Borrower

_____ (Seal)  _____ (Seal)
                         -Borrower                                   -Borrower

_____ (Seal)  _____ (Seal)
                         -Borrower                                   -Borrower

-6A(RI) (0208)                    Page 14 of 15            Form 3040  1/01 (rev. 11/02)

200605240000390 Bk: 3370 Pg: 46
RECORDED Cranston, RI Pg 15 of 22
05/24/2006 12:36:00 MTG

**STATE OF RHODE ISLAND,** *Providence*     **County ss:**

On this *19th* day of *May , 2006* , in *Cranston*
in said County, before me personally appeared GIUSEPPE B. PALIOTTA, BRUNO PALIOTTA,
ANNA A. PALIOTTA

each and all to me known and known to me to be the person(s) executing the foregoing instrument and
acknowledged said execution to be his/her/their free act and deed.

_Megan J. Phillips_
Notary Public

**MY COMMISSION EXPIRES**
**MAY 9, 2009**

-6A(RI) (0208)      Page 15 of 15      Form 3040   1/01 (rev. 11/02)

Initials B.P.

A. A. P.

G. B. D.

200605240000390 Bk: 3370 Pg: 48
RECORDED Cranston, RI  Pg 17 of 22
05/24/2006 12:36:00  MTG

# ADJUSTABLE RATE RIDER

(LIBOR Six-Month Index (As Published In *The Wall Street Journal*)–Rate Caps)

THIS ADJUSTABLE RATE RIDER is made this 19th day of May , 2006 , and is incorporated into and shall be deemed to amend and supplement the Mortgage, Deed of Trust, or Security Deed (the "Security Instrument") of the same date given by the undersigned ("Borrower") to secure Borrower's Adjustable Rate Note (the "Note") to Accredited Home Lenders, Inc. ("Lender") of the same date and covering the property described in the Security Instrument and located at:

105 PRINCESS AVENUE
CRANSTON, RI 02920
[Property Address]

THE NOTE CONTAINS PROVISIONS ALLOWING FOR CHANGES IN THE INTEREST RATE AND THE MONTHLY PAYMENT. THE NOTE LIMITS THE AMOUNT BORROWER'S INTEREST RATE CAN CHANGE AT ANY ONE TIME AND THE MAXIMUM RATE BORROWER MUST PAY.

**ADDITIONAL COVENANTS.** In addition to the covenants and agreements made in the Security Instrument, Borrower and Lender further covenant and agree as follows:

## A. INTEREST RATE AND MONTHLY PAYMENT CHANGES

The Note provides for an initial interest rate of 9.750%. The Note provides for changes in the interest rate and the monthly payments, as follows:

## 4. INTEREST RATE AND MONTHLY PAYMENT CHANGES

### (A) Change Dates

The interest rate I will pay may change on the 1st day of June, 2008 and on the 1st day of every sixth month thereafter. Each date on which my interest rate could change is called a "Change Date."

### (B) The Index

Beginning with the first Change Date, my interest rate will be based on an Index. The "Index" is the average of interbank offered rates for six month U.S. dollar-denominated deposits in the London market ("LIBOR"), as published in *The Wall Street Journal*. The most recent Index figure available as of the first business day of the month immediately preceding the month in which the Change Date occurs is called the "Current Index."

If the Index is no longer available, the Note Holder will choose a new index that is based upon comparable information. The Note Holder will give me notice of this choice.

MIN # 100176106050389569                     PALIOTTA
ARMRIDR1.UFF                                   Page 1 of 3

Initials:
Loan #
AHL modified FannieMae 3138 (1/01)

200506240000390 Bk: 3370 Pg: 49
RECORDED Cranston, RI   Pg 18 of 22
05/24/2006 12:36:00  MTG

### (C) Calculation of Changes

Before each Change Date, the Note Holder will calculate my new interest rate by adding Six And Three-quarters percentage points (6.750%) to the Current Index. The Note Holder will then round the result of this addition to the nearest one-eighth of one percentage point (0.125%). Subject to the limits stated in Section 4(D) below, this rounded amount will be my new interest rate until the next Change Date.

The Note Holder will then determine the amount of the monthly payment that would be sufficient to repay the unpaid principal that I am expected to owe at the Change Date in full on the Maturity Date at my new interest rate in substantially equal payments. The result of this calculation will be the new amount of my monthly payment.

### (D) Limits on Interest Rate Changes

The interest rate I am required to pay at the first Change Date will not be greater than 11.250% or less than 9.750%. Thereafter, my interest rate will never be increased or decreased on any single Change Date by more than One And One-half percentage points (1.500%)  from the rate of interest I have been paying for the preceding six months. My interest rate will never be greater than 16.750% or less than 9.750%.

### (E) Effective Date of Changes

My new interest rate will become effective on each Change Date. I will pay the amount of my new monthly payment beginning on the first monthly payment date after the Change Date until the amount of my monthly payment changes again.

### (F) Notice of Changes

The Note Holder will deliver or mail to me a notice of any changes in my interest rate and the amount of my monthly payment before the effective date of any change. The notice will include information required by law to be given to me and also the title and telephone number of a person who will answer any question I may have regarding the notice.

## B.  TRANSFER OF THE PROPERTY OR A BENEFICIAL INTEREST IN BORROWER

Uniform Covenant 18 of the Security Instrument is amended to read as follows:

**Transfer of the Property or a Beneficial Interest in Borrower.** If all or any part of the Property or any interest in it is sold or transferred (or if a beneficial interest in Borrower is sold or transferred and Borrower is not a natural person) without Lender's prior written consent, Lender may, at its option, require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by applicable law.

If Lender exercises the option to require immediate payment in full, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

MIN # 100176106050389569

ARMRIDR2.UFF

PALIOTTA

Page 2 of 3

Initials:  B.P.

Loan #

AHL modified FannieMae 3138 (1/01)

A.A.S.

C.B.P.

200605240000390 Bk: 3370 Pg: 50
RECORDED Cranston, RI Pg 19 of 22
05/24/2006 12:36:00 MTG

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Adjustable Rate Rider.

_____  5-17-06    Bruno Paliotta 5-19-06
Borrower                 Date       Borrower                      Date
GIUSEPPE B. PALIOTTA                BRUNO PALIOTTA

Anna A. Paliotta  5-19-06          _____
Borrower           Date            Borrower                      Date
ANNA A. PALIOTTA

_____            _____
Borrower           Date            Borrower                      Date

_____            _____
Borrower           Date            Borrower                      Date

MIN # 100176106050389569           PALIOTTA              Loan # ▮▮▮▮▮▮▮
ARMRIDR3.UFF                       Page 3 of 3      AHL modified FannieMae 3138 (1/01)

200603240000390 Bk: 3370 Pg: 51
RECORDED Cranston, RI  Pg 20 of 22
06/24/2006 12:36:00  MTG

# 1-4 FAMILY RIDER
## (Assignment of Rents)

THIS 1-4 FAMILY RIDER is made this 19th        day of May, 2006           ,
and is incorporated into and shall be deemed to amend and supplement the Mortgage, Deed
of Trust, or Security Deed (the "Security Instrument") of the same date given by the
undersigned (the "Borrower") to secure Borrower's Note to Accredited Home Lenders,
Inc.

(the
"Lender") of the same date and covering the Property described in the Security Instrument
and located at: 105 PRINCESS AVENUE
CRANSTON, RI 02920

[Property Address]

**1-4 FAMILY COVENANTS.** In addition to the covenants and agreements made in the
Security Instrument, Borrower and Lender further covenant and agree as follows:

**A. ADDITIONAL PROPERTY SUBJECT TO THE SECURITY INSTRUMENT.** In addition to
the Property described in the Security Instrument, the following items now or hereafter
attached to the Property to the extent they are fixtures are added to the Property description,
and shall also constitute the Property covered by the Security Instrument: building materials,
appliances and goods of every nature whatsoever now or hereafter located in, on, or used, or
intended to be used in connection with the Property, including, but not limited to, those for
the purposes of supplying or distributing heating, cooling, electricity, gas, water, air and light,
fire prevention and extinguishing apparatus, security and access control apparatus, plumbing,
bath tubs, water heaters, water closets, sinks, ranges, stoves, refrigerators, dishwashers,
disposals, washers, dryers, awnings, storm windows, storm doors, screens, blinds, shades,
curtains and curtain rods, attached mirrors, cabinets, paneling and attached floor coverings,
all of which, including replacements and additions thereto, shall be deemed to be and remain
a part of the Property covered by the Security Instrument. All of the foregoing together with
the Property described in the Security Instrument (or the leasehold estate if the Security
Instrument is on a leasehold) are referred to in this 1-4 Family Rider and the Security
Instrument as the "Property."

**B. USE OF PROPERTY; COMPLIANCE WITH LAW.** Borrower shall not seek, agree to or
make a change in the use of the Property or its zoning classification, unless Lender has
agreed in writing to the change. Borrower shall comply with all laws, ordinances, regulations
and requirements of any governmental body applicable to the Property.

**C. SUBORDINATE LIENS.** Except as permitted by federal law, Borrower shall not allow
any lien inferior to the Security Instrument to be perfected against the Property without
Lender's prior written permission.

**D. RENT LOSS INSURANCE.** Borrower shall maintain insurance against rent loss in
addition to the other hazards for which insurance is required by Section 5.

**MULTISTATE 1- 4 FAMILY RIDER - Fannie Mae/Freddie Mac UNIFORM INSTRUMENT**
**Form 3170 1/01**

VMP-57R (0411)
Page 1 of 3        Initials:
VMP Mortgage Solutions, Inc.
(800)521-7291

200605240000390 Bk: 3370 Pg: 52
RECORDED Cranston, RI  Pg 21 of 22
05/24/2006 12:36:00  MTG

E. **"BORROWER'S RIGHT TO REINSTATE" DELETED.** Section 19 is deleted.

F. **BORROWER'S OCCUPANCY.** Unless Lender and Borrower otherwise agree in writing, Section 6 concerning Borrower's occupancy of the Property is deleted.

G. **ASSIGNMENT OF LEASES.** Upon Lender's request after default, Borrower shall assign to Lender all leases of the Property and all security deposits made in connection with leases of the Property. Upon the assignment, Lender shall have the right to modify, extend or terminate the existing leases and to execute new leases, in Lender's sole discretion. As used in this paragraph G, the word "lease" shall mean "sublease" if the Security Instrument is on a leasehold.

H. **ASSIGNMENT OF RENTS; APPOINTMENT OF RECEIVER; LENDER IN POSSESSION.** Borrower absolutely and unconditionally assigns and transfers to Lender all the rents and revenues ("Rents") of the Property, regardless of to whom the Rents of the Property are payable. Borrower authorizes Lender or Lender's agents to collect the Rents, and agrees that each tenant of the Property shall pay the Rents to Lender or Lender's agents. However, Borrower shall receive the Rents until: (i) Lender has given Borrower notice of default pursuant to Section 22 of the Security Instrument, and (ii) Lender has given notice to the tenant(s) that the Rents are to be paid to Lender or Lender's agent. This assignment of Rents constitutes an absolute assignment and not an assignment for additional security only.

If Lender gives notice of default to Borrower: (i) all Rents received by Borrower shall be held by Borrower as trustee for the benefit of Lender only, to be applied to the sums secured by the Security Instrument; (ii) Lender shall be entitled to collect and receive all of the Rents of the Property; (iii) Borrower agrees that each tenant of the Property shall pay all Rents due and unpaid to Lender or Lender's agents upon Lender's written demand to the tenant; (iv) unless applicable law provides otherwise, all Rents collected by Lender or Lender's agents shall be applied first to the costs of taking control of and managing the Property and collecting the Rents, including, but not limited to, attorney's fees, receiver's fees, premiums on receiver's bonds, repair and maintenance costs, insurance premiums, taxes, assessments and other charges on the Property, and then to the sums secured by the Security Instrument; (v) Lender, Lender's agents or any judicially appointed receiver shall be liable to account for only those Rents actually received; and (vi) Lender shall be entitled to have a receiver appointed to take possession of and manage the Property and collect the Rents and profits derived from the Property without any showing as to the inadequacy of the Property as security.

If the Rents of the Property are not sufficient to cover the costs of taking control of and managing the Property and of collecting the Rents any funds expended by Lender for such purposes shall become indebtedness of Borrower to Lender secured by the Security Instrument pursuant to Section 9.

Borrower represents and warrants that Borrower has not executed any prior assignment of the Rents and has not performed, and will not perform, any act that would prevent Lender from exercising its rights under this paragraph.

Lender, or Lender's agents or a judicially appointed receiver, shall not be required to enter upon, take control of or maintain the Property before or after giving notice of default to Borrower. However, Lender, or Lender's agents or a judicially appointed receiver, may do so at any time when a default occurs. Any application of Rents shall not cure or waive any default or invalidate any other right or remedy of Lender. This assignment of Rents of the Property shall terminate when all the sums secured by the Security Instrument are paid in full.

I. **CROSS-DEFAULT PROVISION.** Borrower's default or breach under any note or agreement in which Lender has an interest shall be a breach under the Security Instrument and Lender may invoke any of the remedies permitted by the Security Instrument.

Initials:

**VMP-57R** (0411)　　　　　　　Page 2 of 3　　　　　　　Form 3170 1/01

A.A.P.
G.B.P.

200605240000390 Bk: 9370 Pg: 53
RECORDED Cranston, RI  Pg 22 of 22
05/24/2006 12:36:00  MTG

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this 1-4 Family Rider.

_____ (Seal)
GIUSEPPE B. PALIOTTA                 -Borrower

_____ (Seal)
BRUNO PALIOTTA                       -Borrower

_____ (Seal)
ANNA A. PALIOTTA                     -Borrower

_____ (Seal)
                                     -Borrower

_____ (Seal)
                                     -Borrower

_____ (Seal)
                                     -Borrower

_____ (Seal)
                                     -Borrower

_____ (Seal)
                                     -Borrower

-57R (0411)                Page 3 of 3                Form 3170 1/01

EXHIBIT "A"

```
200605240000390 Bk: 3370 Pg: 47
RECORDED Cranston, RI  Pg 16 of 22
05/24/2006 12:36:00  MTG
```

That certain lot or parcel of land, with all buildings and improvements thereon, situated on the easterly side of Princess Avenue. in the City of Cranston, County of Providence, State of Rhode Island, laid out and designated as lot numbered 125 (one hundred twenty-five) together with the northerly and adjoining twenty (20) feet in width by the entire depth of Lot No. 124 (one hundred twenty four) on that plat entitled, "The Sprague Homestead Plat, on Cranston Street, Cranston, RI by J. A. Latham, A.D. 1890," which plat is recorded with the Records of Land Evidence in said City of Cranston, in Plat Book 4A at page 36 and (copy) on Plat Card 13.

**PROPERTY ADDRESS:**
105 Princess Avenue
Cranston, RI
02920

EXHIBIT G



2007031300000300 Bk: 3619 Pg: 1
RECORDED Cranston, RI  Pg 1 of 4
03/13/2007 12:42:00  ASGT MTG

Record and Return To:
GRP Financial Services
445 Hamilton Ave. 8th Fl
White Plains, NY 10601
Attn: Rhonda Porter



Tel. No.: (800)690-6000

# ASSIGNMENT OF MORTGAGE

FOR VALUE RECEIVED, Mortgage Electronic Registration Systems, Inc. ("MERS") as nominee for Accredited Home Lenders, Inc.

assign, transfer and convey, unto GRP Loan, LLc its successors and assigns, does hereby grant, sell,

organized and existing under the laws of Delaware , a corporation (herein "Assignee"), whose address is 445 Hamilton Ave White Plains NY 10601 , its successors and assigns, all its right, title and interest in and to a certain Mortgage dated May 19, 2006 made and executed by BRUNO PALIOTTA AND ANNA A. PALIOTTA AND GIUSEPPE B. PALIOTTA

whose address is 105 PRINCESS AVENUE ,
CRANSTON, RI 02920
to and in favor of Accredited Home Lenders, Inc. ,

upon the
following described property situated in PROVIDENCE                County, State
of RI                            :

See Attached Legal Description

such Mortgage having been given to secure payment of two hundred fifty thousand and 00/100
($ 250,000.00                )
(Include the Original Principal Amount) which Mortgage is of record in Book, Volume, or Liber No.
3370  . at page 32        (or as No.                ) of the
Official        Records of PROVIDENCE

MERS - Multistate Assignment of Mortgage
VMP -95M (0410)                10/04
Page 1 of 2
VMP Mortgage Solutions, Inc. (800)521-7291

200703130000300 Bk: 3619 Pg: 2
RECORDED Cranston, RI  Pg 2 of 4
03/13/2007 12:42:00  ASGT MTG

County, State of R I                                    , together with the note(s) and obligations therein described and the money due and to become due thereon with interest, and all rights accrued or to accrue under such Mortgage.

TO HAVE AND TO HOLD the same unto Assignee, its successor and assigns, forever, subject only to the terms and conditions of the above-described Mortgage.

IN WITNESS WHEREOF, the undersigned Assignor has executed this Assignment of Mortgage on 11-17-06

Witness Rhonda Jay

Witness Melinda Girardeau

Attest

Seal:

Mortgage Electronic Registration Systems, Inc. ("MERS")

By: _____
(Signature)
Rosalynn B Salarda
Assistant Secretary



MIN: 100176106050389569          MERS Phone: 1-888-679-6377

VMP-95M (0410)                         Page 2 of 2

```
2007031300000300 Bk: 3619 Pg: 3
RECORDED Cranston, RI  Pg 3 of 4
03/13/2007 12:42:00  ASGT MTG
```

State of California
County of San Diego
On November 17, 2006                    , before me Amber Bustamante
                        , personally appeared        Rosalynn B

Salarda, Assistant Secretary                    , personally known to me (or
proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the
within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized
capacity(ies), and that by his/her/their signature(s) on the instrument, the person(s), or the entity upon behalf
of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.

Amber Bustamante
Notary Public

1163B (0212)

AMBER BUSTAMANTE
Commission # 1518586
Notary Public - California
San Diego County
My Comm. Expires Oct 9, 2008

Loan #

EXHIBIT "A"

200703130000300 Bk: 3619 Pg: 4
RECORDED Cranston, RI   Pg 4 of 4
03/13/2007 12:42:00   ASGT MTG

THIS IS A TRUE AND EXACT COPY
OF THE ORIGINAL DOCUMENT.

CERTIFIED BY
ACCREDITED HOME LENDERS.
BY:

That certain lot or parcel of land, with all buildings and improvements thereon, situated on the easterly side of Princess Avenue, in the City of Cranston, County of Providence, State of Rhode Island, laid out and designated as lot numbered 125 (one hundred twenty-five) together with the northerly and adjoining twenty (20) feet in width by the entire depth of Lot No. 124 (one hundred twenty four) on that plat entitled, "The Sprague Homestead Plat, on Cranston Street, Cranston, RI by J. A. Latham, A.D. 1890," which plat is recorded with the Records of Land Evidence in said City of Cranston, in Plat Book 4A at page 36 and (copy) on Plat Card 13.

PROPERTY ADDRESS:
105 Princess Avenue
Cranston, RI
02920

This Instrument Prepared By:
Rhonda Porter
GRP Financial Services Corp
445 Hamilton Ave. 8th Fl
White Plains, NY 10601
GRP 18342



201005060051180 Bk LR4202 Pg 36
RECORDED Cranston,RI 1/2
05/06/2010 11:32:51 AM ASGT MTG

## CORPORATE ASSIGNMENT OF MORTGAGE/DEED OF TRUST

Providence COUNTY, RI

Date of Assignment:   10 26 09
Assignor:   GRP Loan, LLC

Assignee:

Executed By:   Paliotta, Giuseppe B.
                      Paliotta, Bruno
Lender/Beneficiary: MERS as Nominee for Accredited Home Lenders Inc
Date of Mortgage: 5/19/2006
Date of Recording: 5/24/2006
Book and Page: 3370; 32
Original Loan Balance: $250000
Legal Description:   See Attached hereto and made apart thereof.

Property Address: 105 Princess Avenue, Cranston, RI 2920

FOR VALUE RECEIVED, GRP Loan, LLC hereby grants, assigns and transfers to

### DLJ Mortgage Capital, Inc.

Assignee, all beneficial interests under that certain Mortgage/Deed of Trust referred to herein together with the Note or other evidence of indebtedness (the "Note"), described or referred to the money due and to become due thereon with interest, and all rights accrued or to accrue under said Mortgage/Deed of Trust and the full benefit of all the powers and of all the covenants and provisions therein contained.

TO HAVE AND TO HOLD the said Mortgage/Deed of Trust and Note, and also the said property unto the said Assignee forever, subject to the terms contained in said presents the day and year first above written.

In Witness Whereof, the undersigned Assignor has executed this Corporate Assignment of Mortgage/Deed of Trust on _____.

Witness:                                                    **GRP Loan, LLC**

Print Name: Dorothy Small                       By:
                                                                    Print Name: Zev Kops, Vice President

Witness:

Print Name: Natalie Garcilaso

STATE OF NEW YORK:
COUNTY OF WESTCHESTER: ss.:

On the OCT 20 2009 day of _____ in the year 2009 before me, the undersigned, personally appeared Zev Kops, Vice President of GRP Loan, LLC, personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies) and that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument and that such individual made such appearance before the undersigned in the City of White Plains, County of Westchester and State of New York

RHONDA PORTER
Notary Public, State of New York
No. 01PO...
Qualified in Dutchess County
Commission Expires January 17, ...

Notary Public

When recorded return to :
Richmond Monroe Group
15511 State Highway 13
Branson West, MO. 65737
SPS # CS FB

EXHIBIT "A"

201005060051180 Bk:LR4202 Pg:37
RECORDED Cranston,RI 2/2
05/06/2010 11:32:51 AM ASGT MTG

That certain lot or parcel of land, with all buildings and Improvements thereon, situated on the easterly side of Princess Avenue in the City of Cranston, County of Providence, State of Rhode Island, laid out and designated as lot numbered 125 (one hundred twenty-five) together with the northerly and adjoining twenty (20) feet in width by the entire depth of Lot No. 124 (one hundred twenty four) on that plat entitled, "The Sprague Homestead Plat, on Cranston Street, Cranston, RI by J. A. Latham, A.D. 1890," which plat is recorded with the Records of Land Evidence in said City of Cranston, In Plat Book 4A at page 36 and (copy) on Plat Card 13.

PROPERTY ADDRESS:
105 Princess Avenue
Cranston, RI
02920

Recording Requested By:
RICHMOND MONROE GROUP

When Recorded Return To:

RICHMOND MONROE GROUP
PO BOX 458
KIMBERLING CITY, MO 65686

20110311D027980 Bk LR4346 Pg:274
RECORDED Cranston,RI 1/1
03/11/2011 11:59:59 AM ASGT MTG

## CORPORATE ASSIGNMENT OF MORTGAGE

Cranston Town, Rhode Island   SELLER'S SERVICING [redacted]   "PALIOTTA"
INVESTOR #: 912
MERS #: 100176106050389569  VRU #: 1-888-679-6377

Assignment Prepared on: October 27th, 2010.

Assignor: DLJ MORTGAGE CAPITAL, INC. BY SELECT PORTFOLIO SERVICING, INC. F/K/A FAIRBANKS
CAPITAL CORP., AS ATTORNEY IN FACT at C/O SELECT PORTFOLIO SERVICING, INC. 3815 SOUTH WEST
TEMPLE, SALT LAKE CITY, UT 84115.
Assignee:   **KONDAUR CAPITAL CORPORATION**   at _____
~~One City Blvd West, #1900, Orange CA 92868~~

Executed By: BRUNO PALIOTTA AND ANNA A. PALIOTTA AND GIUSEPPE B. PALIOTTA To: MORTGAGE
ELECTRONIC REGISTRATION SYSTEMS, INC. AS NOMINEE FOR ACCREDITED HOME LENDERS, INC.
Date of Mortgage: 05/19/2006 Recorded: 05/24/2006 as Instrument No.: 200605240000390 in Cranston Town,
Rhode Island.

Property Address: 105 PRINCESS AVENUE, CRANSTON, RI 02920

KNOW ALL MEN BY THESE PRESENTS that in consideration of the sum of TEN and NO/100ths DOLLARS and
other good and valuable consideration, paid to the above named Assignor, the receipt and sufficiency of which is
hereby acknowledged, the said Assignor hereby assigns unto the above-named Assignee, the said Mortgage
together with other evidence of indebtedness, said Mortgage having an original principal sum of $250,000.00 with
interest, secured thereby, together with all moneys now owing or that may hereafter become due or owing in respect
thereof, and the full benefit of all the powers and of all the covenants and provisos therein contained, and the said
Assignor hereby grants and conveys unto the said Assignee, the Assignor's beneficial interest under the Mortgage.

TO HAVE AND TO HOLD the said Mortgage, and also the said property unto the said Assignee forever, subject
to the terms contained in said Mortgage.

DLJ MORTGAGE CAPITAL, INC. BY SELECT PORTFOLIO SERVICING, INC. F/K/A FAIRBANKS CAPITAL CORP.,
AS ATTORNEY IN FACT
On _____   OCT 2 8 2010

By: _____
Barbara Neale, Document Control Officer



STATE OF Utah
COUNTY OF Salt Lake

On _OCT 2 8 2010_ , before me, KIMBERLY CLARK, a Notary Public in and for Salt Lake in the State of Utah,
personally appeared Barbara Neale, Document Control Officer, DLJ MORTGAGE CAPITAL, INC. BY SELECT
PORTFOLIO SERVICING, INC. F/K/A FAIRBANKS CAPITAL CORP., AS ATTORNEY IN FACT, personally known to
me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to
the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized
capacity, and that by his/her/their signature on the instrument the person(s), or the entity upon behalf of which the
person(s) acted, executed the instrument.

WITNESS my hand and official seal,

_____
KIMBERLY CLARK
Notary Expires: 12/11/2011 #572135

NOTARY PUBLIC
KIMBERLY CLARK
3815 South 92 West
Salt Lake City, Utah 84115
My Commission Expires
December 11, 2011
STATE OF UTAH

(This area for notarial seal)

BILL KOCH

C 273. 00/0

*Certif.*

‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖
2015110401126330 Bk-LR5140 Pg 204
RECORDED Cranston,RI 1/2
11/04/2015 09 49 51 66 04GT MTG

<u>WHEN RECORDED MAIL TO:</u>
NNPL Trust Series 2012-1 c/o Christiana Trust, a
division of Wilmington Savings Fund Society, FSB
500 Delaware Avenue, 11th Floor
Wilmington, Delaware 19801
_____[Space Above This Line For Recording Data]_____

### ASSIGNMENT OF Mortgage

FOR VALUE RECEIVED, Kondaur Capital Corporation , its successors and assigns, hereby assigns, and transfers
to NNPL Trust Series 2012-1 c/o Christiana Trust, a division of Wilmington Savings Fund Society, FSB, its
successors and assigns, all its right, title and interest in and to a certain Mortgage, executed by Bruno Paliotta,
Anna A. Paliotta and Giuseppe B. Paliotta to Mortgage Electronic Registration Systems, Inc. ("MERS") as
nominee for Accredited Home Lenders, Inc., and bearing the dated of May 19, 2006 and interest recorded on
May 24, 2006, as Instrument Number 200605240000390, in Book 3370 on Page(s) 32 of Official Records in the
County Recorder's office of Providence County, State of Rhode Island,  describing land therein.

Commonly known as: 105 PRINCESS AVENUE, CRANSTON, RI 02920
APN / Parcel Number:  08-0717 & 08-2543

TOGETHER with the note or notes therein described or referred to, the money due and to become due thereon
with interest, and all rights accrued or to accrue under said Mortgage.  The original principal amount due under
this note(s) is $250,000.00.

IN WITNESS WHEREOF, the Assignor has caused these presents to be signed by its duly authorized officer this
7ᵗʰ day, of August, 2015.

**Kondaur Capital Corporation**

By: _____
Hanh Nguyen, Collateral Manager

Witness #1: _____          Witness #2: _____
Print Name: Tracy Navong                                    Print Name: Tim Tang

STATE OF CALIFORNIA
COUNTY OF ORANGE

On August 7, 2015 before me, Phuong B. Lam-Nguyen, a Notary Public personally appeared Hanh Nguyen who
proved to me on the basis of satisfactory evidence to be the person(s) who name(s) is/are subscribed to the
within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized
capacity(ies) as Collateral Manager of Kondaur Capital Corporation,and that by his/her/their signatures(s) on
the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is
true and correct.

WITNESS my hand and official seal.

_____ (Notary Seal)
Signature of Notary Public

```
┌─────────────────────────────────┐
│      PHUONG B. LAM-NGUYEN       │
│      Commission # 2090187       │
│      Notary Public - California │
│          Orange County          │
│  My Comm. Expires Mar 4, 2019   │
└─────────────────────────────────┘
```

Prepared By:
DKR Collateral Dynamics, Inc
333 South Anita Drive, Suite 400, Orange, CA 92868
Terri Le
Loan Reference Number ▬▬▬

201511040126330 Bk:LR5140 Pg:205
RECORDED Cranston,RI 2/2
11/04/2015 08 49 51 AM ASGT MTG

**Exhibit A**
**Legal Description**

That certain lot or parcel of land, with all buildings and improvements thereon, situated on the easterly side of Princess Avenue. In the City of Cranston, County of Providence, State of Rhode Island, laid out and designated as lot numbered 125 (one hundred twenty-five) together with the northerly and adjoining twenty (20) feet in width by the entire depth of Lot No. 124 (one hundred twenty four) on that plat entitled, "The Sprague Homestead Plat, on Cranston Street, Cranston, RI by J. A. Latham, A.D. 1890," which plat is recorded with the Records of Land Evidence in said City of Cranston, in Plat Book 4A at page 36 and (copy) on Plat Card 13.

201511040126340 Bk:LR5140 Pg:206
RECORDED Cranston,RI 1/2
11/04/2015 08 49 54 AM ASGT MTG

**PREPARED BY:**
NNPL Trust Series 2012-1 c/o Christiana
Trust, a division of Wilmington Savings
Fund Society, FSB
500 Delaware Avenue, 11th floor
Wilmington, DE 19801
**WHEN RECORDED RETURN TO:**

## ASSIGNMENT OF MORTGAGE

FOR VALUE RECEIVED, the undersigned, **NNPL Trust Series 2012-1 c/o Christiana Trust, a division of Wilmington Savings Fund Society, FSB**, located at c/o **500 Delaware Avenue, 11th floor, Wilmington, DE 19801** ("ASSIGNOR/GRANTOR"), hereby grants, conveys, assigns to: **WestVue NPL Trust II**, located at c/o **LongVue Mortgage Capital Inc., 895 Dove Street, Suite 125, Newport Beach, CA 29660** ("ASSIGNEE/GRANTEE") all beneficial interest under that certain **MORTGAGE** dated **05/19/2006**, and executed by **BRUNO PALITTA AND ANNA A. PALIOTTA AND GIUSEPPE B. PALIOTTA**, borrower(s) to: 555836092 **Mortgage Electronic Registration Systems, Inc.,** solely as nominee for **ACCREDITED HOME LENDERS, INC.,** as original lender, and certain instrument recorded **05/24/2006,** in **Book: 3370 Page: 32, Instrument#: 200605240000390**, in the Official Records of **Providence** , the State of **Rhode Island**, given to secure a certain Promissory Note in the amount of $250,000.00 covering property located at: **105 Princess Avenue, Cranston, Rhode Island 02920.**

TOGETHER with the note or notes therein described and secured thereby, the money due and to become due thereon, with interest, and all rights accrued or to accrue under said Mortgage including the right to have reconveyed, in whole or in part, the real property described therein.

201511040126340 Bk:LR5140 Pg:207
RECORDED Cranston,RI 2/2
11/04/2015 09:49:54 AM ASST MTG

Dated: 10/1/15

ASSIGNOR: NNPL Trust Series 2012-1 c/o Christiana Trust,
a division of Wilmington Savings Fund Society, FSB by New
Penn Financial, LLC d/b/a Shellpoint Mortgage Servicing, its
attorney-in-fact

By: _____

Name: Cynthia M. Broch

Title: Manager

State of South Carolina

County of Greenville

Before me, Michelle L Church a duly commissioned Notary Public, on this day personally
appeared Cynthia M. Broch, Manager _____ for New Penn Financial, LLC,
d/b/a Shellpoint Mortgage Servicing, attorney-in-fact for NNPL Trust Series 2012-1 c/o Christiana Trust, a
division of Wilmington Savings Fund Society, FSB, personally known to me, or who proved to me on the basis of
satisfactory evidence, to be the person whose name is subscribed to the foregoing instrument and acknowledged to
me that he/she executed the same for the purposes and consideration therein expressed.

Given under my hand and seal of office this ____1____ day of ____Oct____, 2015.

Notary Public's Signature

Printed Name: Michelle L Church

My Commission Expires: 1/31/2016

```
2020111030142100 Bk:LR6006 Pg:259
RECORDED Cranston,RI 1/2
11/03/2020 10:12'02 AM ASGT MTG
```

Recording Requested By:
**T.D. SERVICE COMPANY**

Prepared By:
**T.D. Service Company**
**LR Department**
**4000 W Metropolitan Dr Ste 400**
**Orange, CA 92868**
**(714) 543-8372, DAWNA HANSON**

And When Recorded Mail To:
**T.D. Service Company**
**LR Department (Cust# 668)**
**4000 W Metropolitan Dr Ste 400**
**Orange, CA 92868**
**(714) 543-8372**

_____ Space above for Recorder's use _____

Customer#: ▆▆▆▆  Service#: ▆▆▆▆▆▆▆▆  |||||||||||||||||||||||||||||||+

**Loan#: 105 Princess Ave**

## ASSIGNMENT OF MORTGAGE

FOR VALUE RECEIVED, **WESTVUE NPL TRUST II, 895 DOVE STREET, SUITE 125, NEWPORT BEACH, CA 92660-0000**, hereby assign and transfer to **WVUE 2015-1, 895 DOVE STREET, SUITE 125, NEWPORT BEACH, CA 92660-0000**, all its right, title and interest in and to said Mortgage in the amount of **$250,000.00**, recorded in the State of **RHODE ISLAND**, County of **PROVIDENCE**, Township of **CRANSTON CITY** Official Records, dated **MAY 19, 2006** and recorded on **MAY 24, 2006, as Instrument No. 200605240000390, in Book No. 3370, at Page No. 32.**
Executed by: **Giuseppe Bruno and Anna Paliotta (Original Mortgagor).**
Original Mortgagee: **Accredited Home Lenders, Inc.** Property Address: **105 Princess Ave, Cranston, RI 02920-0000.**

Date: **DECEMBER 22, 2015**
**WESTVUE NPL TRUST II, BY: LONGVUE MORTGAGE CAPITAL, INC, ITS SERVICER**

By: _____
Denny Regan, Executive Vice President

Loan#: 105 Princess Ave   Srv#: ████████
Page 2

202011030142100 Bk:LR6086 Pg:260
RECORDED Cranston,RI 2/2
11/03/2020 10:12:02 AM ASGT MTG

A notary public or other officer completing this certificate
verifies only the identity of the individual who signed the
document to which this certificate is attached, and not the
truthfulness, accuracy, or validity of that document.

State of  California
County of  Orange          } ss.

On _January 6, 2016_ before me, _Shannon Janecek_, a Notary Public, personally appeared
**Dennis Regan,** who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are
subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their
authorized capacity(ies) and that by his/her/their signature(s) on the instrument the person(s), or the entity upon
behalf of which the person(s) acted, executed the instrument. I certify under PENALTY OF PERJURY under the
laws of the State of California that the foregoing paragraph is true and correct.
Witness my hand and official seal.

_Shannon Janecek_
(Notary Name):

SHANNON JANECEK
Commission # 2002242
Notary Public - California
Orange County
My Comm. Expires Jan 9, 2017

```
202011030142110 Bk:LR6086 Pg:261
RECORDED Cranston,RI 1/2
11/03/2020 10:12:05 AM ASGT MTG
```

Prepared By:
JSKB Asset Management
Kevin Braga
1300 Quail Street, Suite 106
Newport Beach, CA 92660
(949) 296-8368

_____ Space above for Recorder's use _____

## ASSIGNMENT OF MORTGAGE

FOR GOOD AND VALUABLE CONSIDERATION, the sufficiency of which is hereby acknowledged, the undersigned, **WVUE 2015-1**, whose address is c/o **WestPort Capital Partners, LLC 40 Danbury Road, Wilton, CT 06897**, (ASSIGNOR), does hereby grant, assign and transfer to **TXCO Mortgage Holdings, LLC** whose address is **104 Broadway, Suite 600, Denver, CO 80203** (ASSIGNEE), its successors, transferees and assigns forever, all beneficial interest under that certain deed of trust, together with the certain note(s) described therein with all interest, all liens, and any rights due or to become due thereon.

Date of Mortgage: **5/19/2006**
Original Loan Amount: **$205,000.00**
Executed by (Borrower(s)): **Giuseppe B. Paliotta, Bruno Paliotta, Anna A. Paliotta**
Original Lender: **Mortgage electronic registration Systems, Inc. (MERS) As nominee for Accredited Home Lenders, Inc.**
Property Address: **105 Princess Avenue, Cranston, RI 02920**

Said mortgage was recorded on **May 24, 2006**, in the official records of **Providence**, State of **Rhode Island**, in Book No. **3370**, Page No. **32**, as Instrument No. **200605240000390**

THIS Assignment is not subject to the requirement of Section 275 of the Real Property Law because it is within the secondary mortgage market.

IN WITNESS WHEREOF, the undersigned by its duly elected officers and pursuant to proper authority of its board of directors has duly executed, sealed, acknowledged and delivered this assignment.

Date: 2 - 21 - 2020

**WVUE 2015-1, as Seller**

**By: WVUE Depositor, LLC, As Administrator**

By: _____
Title: _____
Howard Fife
Vice President

By: _____
Title: _____
Steven A. Russell
Vice President

202011030142110 Bk:LR6086 Pg:262
RECORDED Cranston,RI 2/2
11/03/2020 10:12:08 AM ASGT MTG

State of *Connecticut*

County of *Fairfield*

On __Feb. 21, 2020__ before me, __Margaret Ficano__, Notary Public,

personally appeared __Howard Fife + Steven Russell__ , who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity (ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of Connecticut that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

_Margaret Ficano_
NOTARY SIGNATURE

MARGARET FICANO
Notary Public, State of Connecticut
My Commission Expires July 31, 2020

(Seal) 

202209070110670 Bk:LR6547 Pg:35
RECORDED Cranston,RI 1/2
09/07/2022 09:53:30 AM ASGT MTG

Prepared By and Return To:

Collateral Department
Meridian Asset Services, LLC
3201 34th Street South, Suite 310
St. Petersburg, FL 33711
(239) 351-2442

Loan No.

Space above for Recorder's use

18232712

## ASSIGNMENT OF MORTGAGE

FOR GOOD AND VALUABLE CONSIDERATION, the sufficiency of which is hereby acknowledged, the undersigned, **TXCO MORTGAGE HOLDINGS, LLC**, whose address is **167 MONROE STREET, DENVER, CO 80206**, (ASSIGNOR), does hereby grant, assign and transfer to **U.S. BANK TRUST NATIONAL ASSOCIATION, AS TRUSTEE OF THE IGLOO SERIES V TRUST**, whose address is **7114 E. STETSON DR., SUITE 250, SCOTTSDALE, ARIZONA 85251**, (ASSIGNEE), its successors, transferees and assigns forever, all beneficial interest under that certain mortgage, together with the certain note(s) described therein with all interest, all liens, and any rights due or to become due thereon.

Date of Mortgage: **5/19/2006**
Original Loan Amount: **$250,000.00**
Executed by (Borrower(s)): **BRUNO PALIOTTA & ANNA A. PALIOTTA & GIUSEPPE B. PALIOTTA**
Original Lender: **MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AS MORTGAGEE, AS NOMINEE FOR ACCREDITED HOME LENDERS, INC., ITS SUCCESSORS AND ASSIGNS**
Filed of Record: In Mortgage Book/Liber/Volume **3370**, Page **32**
Document/Instrument No: **200605240000390** in the Recording District of **City of Cranston, RI**, Recorded on **5/24/2006**.

Property more commonly described as: **105 PRINCESS AVENUE, CRANSTON, RHODE ISLAND 02920**

IN WITNESS WHEREOF, the undersigned by its duly elected officers and pursuant to proper authority of its board of directors has duly executed, sealed, acknowledged and delivered this assignment.

Date: 8/9/22

**TXCO MORTGAGE HOLDINGS, LLC**

By: Christopher Blake Baker
Title: Vice President

Witness Name: Devika Parihar

20220907011067O Bk:LR6547 Pg:36
RECORDED Cranston,RI 2/2
09/07/2022 09:53:30 AM ASGT MTG

A NOTARY PUBLIC OR OTHER OFFICER COMPLETING THIS CERTIFICATE VERIFIES ONLY THE IDENTITY OF THE INDIVIDUAL WHO SIGNED THE DOCUMENT TO WHICH THIS CERTIFICATE IS ATTACHED, AND NOT THE TRUTHFULNESS, ACCURACY, OR VALIDITY OF THAT DOCUMENT

State of       TEXAS
County of      TRAVIS

On _August 09, 2022_, before me, _SAMA REZA_, a Notary Public, personally appeared _Christopher B. Rooker, Vice President_ of/for **TXCO MORTGAGE HOLDINGS, LLC**, personally known to me, or who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument. I certify under PENALTY OF PERJURY under the laws of the State of _TX_ that the foregoing paragraph is true and correct. I further certify _Christopher B. Rooker_, signed, sealed, attested and delivered this document as a voluntary act in my presence.

Witness my hand and official seal.

(Notary Name): _____
My commission expires: _May 6, 2024_

SAMA REZA
Notary ID #132465848
My Commission Expires
May 6, 2024

EXHIBIT H

**SN** SERVICING CORPORATION

323 5ᵗʰ Street
Eureka, CA 95501

800-603-0836
Para Español, Ext. 2660 o 2643
8:00 a.m.  5:00 p.m. Pacific Time
Main Office NMLS #5985
Branch Office NMLS #9785

June 2, 2023

BY FIRST CLASS MAIL AND BY CERTIFIED MAIL – RETURN RECEIPT REQUESTED

Giuseppe B. Paliotta
105 Princess Avenue
Cranston, RI 02920

**NOTICE OF ATTEMPT TO COLLECT DEBT**
Para información en Español, llame al (800) 603-0836, ext 2660

RE:      Account No.

Property Address:      105 Princess Avenue Cranston, RI 02920

**THIS COMMUNICATION IS FROM A DEBT COLLECTOR. SN SERVICING CORPORATION, ITS EMPLOYEES, AGENTS AND ATTORNEYS ARE ATTEMPTING TO COLLECT THIS DEBT.  ANY INFORMATION THAT WE OBTAIN WILL BE USED FOR THAT PURPOSE.**

**IF YOU HAVE PREVIOUSLY RECEIVED A DISCHARGE IN BANKRUPTCY AND THIS DEBT WAS NOT REAFFIRMED, THIS CORRESPONDENCE IS NOT AND SHOULD NOT BE CONSTRUED TO BE AN ATTEMPT TO COLLECT SUCH A DEBT AS YOUR PERSONAL LIABILITY, BUT IS INSTEAD A STEP IN THE ENFORCEMENT OF A MORTGAGE LIEN AGAINST YOUR PROPERTY.**

Dear Giuseppe B. Paliotta;

Please be advised that SN Servicing Corporation (hereinafter referred to as "SN Servicing") is the agent for **U.S. Bank Trust National Association, as Trustee of Igloo  Series V Trust** of the above-referenced loan (hereinafter referred to as "the Debt") and it has authorized SN Servicing to act on its behalf regarding the collection of the Debt.  This office is relying on information provided by **U.S. Bank Trust National Association, as Trustee of Igloo  Series V Trust, and important data regarding that information is found on page two of this document.**

You are hereby provided formal notice that you are in default under the terms and conditions of the Note and Security Instrument (i.e., Deed of Trust, Mortgage, etc.) for failure to pay the required installments.  The amount required to cure your default as of July 2ⁿᵈ, 2023 is the sum of payments that have come due on and after the date of default, **October 1ˢᵗ, 2022**, plus late charges, periodic adjustments to the payment amount and costs, all of which total **$15,478.47**.  The date of default is the date that you are due for under the terms of the Note.

You may cure your default within 30 days from the date of this letter, which is **July 2ⁿᵈ, 2023** (or if said date falls on a Saturday, Sunday or legal Holiday, then on the first business day thereafter) by remitting payment to SN Servicing for the above amount, plus all installments and applicable penalties, late charges, and additional fees and expenses which became due during this 30-day period.  As a result of the default, any payment arrangements other than those stated in the Note and Security Instrument will no longer be accepted.  SN Servicing reserves the right to accept or reject a partial payment of the total amount due without waiving any of its rights herein or otherwise.  SN Servicing requires that all payments must be made in certified funds, cashier's check or money order(s).

This letter serves as further notice that SN Servicing intends to enforce the provisions of the Note and Security Instrument.  If you do not pay the full amount of **$15,478.47** on or before July 2ⁿᵈ, 2023 (or if said date falls on a Saturday, Sunday or legal Holiday, then on the first business data thereafter), this letter shall serve as further notice to you that immediately thereafter, and without further demand or notice to you, SN Servicing will accelerate the entire sum of both principal and interest.  **U.S. Bank Trust National Association, as Trustee of Igloo  Series V Trust** may also invoke any and all remedies provided for in the Note and Security Instrument, including but not limited to the foreclosure sale of the property.  Additional attorney's fees and costs, as provided for in the Security Instrument, that may be incurred will be your responsibility should you choose to cure the default.  As of the date of this letter, the total amount of the

**SERVICING CORPORATION**

323 5th Street
Eureka, CA 95501

800-603-0836
Para Español, Ext. 2660 o 2643
8:00 a.m.  5:00 p.m. Pacific Time
Main Office NMLS #5985
Branch Office NMLS #9785

Debt owed is the sum of the unpaid principal balance, which is **$148,424.66**, plus accrued but unpaid interest, late charges, advances and costs.

Failure to cure your default on or before the date specified in this notice may result in acceleration of the sums secured by your mortgage without further demand or notice and sale of the property.  You have the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense you may have to acceleration and sale. You will be responsible for all reasonable fees and costs incurred by SN Servicing in pursuing any of their remedies, including but not limited to reasonable attorney's fees, to the full extent permitted by law.

<u>**IMPORTANT INFORMATION REGARDING YOUR DEBT**</u>

SN Servicing is attempting to collect a debt that you owe to **U.S. Bank Trust National Association, as Trustee of Igloo  Series V Trust** and any information that we obtain will be used for that purpose.

You are hereby further notified of the following information regarding your Debt:

1) **The amount of the debt:  Remaining principal balance of $148,424.66 plus unpaid accrued interest, escrow/impound shortages or credits, late charges, legal fees/costs, and miscellaneous charges.**
   2) **Name of the creditor to whom the debt is owed:  U.S. Bank Trust National Association, as Trustee of Igloo  Series V Trust.**
3) **Unless you dispute the validity of the debt or any portion thereof within thirty (30) days after receipt of the Notice, we will assume that the debt is valid.**
4) **If you notify us in writing within thirty (30) days after receipt of the Notice that the debt or any portion thereof is disputed, we will obtain verification of the debt or a copy of any judgment against you representing the debt and a copy of such verification or judgment will be mailed to you from our office.**
5) **You will be provided with the name and address of the original creditor, if different from the current creditor, if you send us a request for this information, within thirty (30) days after receipt of this Notice.**

The right to reinstate the debt may be available in many states, and you should ask your own lawyer about this right.  NO PERSON IN THIS OFFICE WILL GIVE YOU <u>ANY</u> LEGAL ADVICE.

If, at any time, you make a written request to this office not to be contacted by phone at your place of employment, we will not do so.  If, at any time, you make a written request to this office not to contact you, we will not do so, except by legal action.

You are notified that this default and any other legal action that may occur as a result thereof may be reported to one or more local and national credit reporting agencies.

**All communication about this matter must be made through SN Servicing.   If you have ANY QUESTIONS regarding the amounts due, or wish to discuss payment arrangements, please contact Brandon Pope at (800) 603-0836 ext. 2798.**

**SN Servicing requires that all payments must be made in certified funds, cashier's check or money order(s) payable to and mailed to:**

**SN Servicing Corporation**
**323 Fifth Street**
**Eureka, CA  95501**

**SERVICING CORPORATION**

323 5ᵗʰ Street
Eureka, CA 95501

800-603-0836
Para Español, Ext. 2660 o 2643
8:00 a.m.  5:00 p.m. Pacific Time
Main Office NMLS #5985
Branch Office NMLS #9785

The matters discussed herein are of extreme importance.  We trust that you will give them your immediate attention.

Very truly yours,

SN Servicing Corporation

For Colorado residents, SN Servicing Corporation may also be contacted at the following address or phone number during normal business hours:  Colorado Manager, Inc, 8690 Wolff Court, Suite 110,Westminster, CO  80031, 303-920-4763 office, or 303-920-4767 fax.



# Department of Business Regulation
### *Banking Division*
**1511 Pontiac Avenue, Bldg. 69-2**
**Cranston, Rhode Island 02920**

# Banking Bulletin 2018-3

Mortgage Foreclosure Forms

The forms on the following pages are required by R.I. Gen. Laws Chapter 34-27 and are designated for use in compliance with regulation 230-RICR-40-10-4 – Mortgage Foreclosure Disclosure.

**FORM 34-27-3.2**

| |
|---|
| **NOTICE OF MEDIATION CONFERENCE PURSUANT TO R.I. GEN. LAWS § 34-27-3.2** |

## THIS IS NOT AN EVICTION NOTICE

This Notice is provided to you to inform you of the protections provided by R.I. Gen. Laws § 34-27-3.2 of The Rhode Island Mortgage Foreclosure and Sale Act.

**TO ASSIST YOU IN AVOIDING FORECLOSURE, YOU HAVE THE RIGHT TO A FREE, IN-PERSON OR TELEPHONE MEDIATION CONFERENCE WITH AN INDEPENDENT MEDIATION COORDINATOR. THE MORTGAGEE MAY NOT FORECLOSE UNLESS IT PROVIDES YOU THE OPPORTUNITY TO PARTICIPATE IN THE MEDIATION CONFERENCE, WHICH MUST BE SCHEDULED WITHIN SIXTY (60) DAYS OF THE RECEIPT OF A COMPLETED NOTICE OF MEDIATION, SINGLE POINT OF CONTACT INFORMATION FOR THE MORTGAGEE, AND PAYMENT INITIATING THE MEDIATION PROCESS HAS BEEN RECEIVED BY THE MEDIATION COORDINATOR. YOU WILL BE CONTACTED BY A FORECLOSURE MEDIATION COORDINATOR TO SCHEDULE THAT MEDIATION CONFERENCE.**

**Name of Mortgagor**: U.S. Bank Trust National Association, as Trustee of Igloo Series V Trust     **Phone #**   (800) 603-0836
**Mortgage Loan Number:** ▮▮▮▮▮▮▮
**Address of Residential Real Estate:** 323 Fifth Street Eureka, CA 95502

Date of Default          10/01/22
Date of release of loan from automatic stay in bankruptcy proceeding if applicable                    or NA
Date of release of loan from protections of the Servicemembers Civil Relief Act, 50 U.S.C. App. §501 et seq., or R.I. Gen. Laws §34-27-4(d), if applicable                        or NA
The mortgagee named below ("Mortgagee") hereby notifies you that you are in Default on your mortgage. If you fail to remedy this Default, Mortgagee has the right to foreclose on the real estate securing the mortgage loan referenced in this Notice.

**Mortgagee**:  Giuseppe B. Paliotta

**Mortgagee Address**:
Street:  105 Princess Avenue

City, State, Zip Code:  Cranston, RI 02920

**Mortgagee Authorized Representative**:                  Brandon Pope
Date mailed:          06/02/2023

**Contact Information for Mortgagee Authorized Representative:**

Telephone:          (800) 603-0836          Email:          Bpope@snsc.com
          (Provide toll free number if available)
cc: **Mediation Coordinator**: Brandon Pope

**FORMULARIO 34-27-3.2**

---

### NOTIFICACIÓN DE REUNIÓN DE MEDIACIÓN SEGÚN EL § 34-27-3.2 DE LAS LEYES GENERALES DE RHODE ISLAND (R. I.)

---

#### ESTO NO ES UN AVISO DE DESALOJO

Esta notificación se le proporciona para informarle sobre la protección que proveen las Leyes Generales de R. I. en el § 34-27-3.2 de la Mortgage Foreclosure and Sale Act (Ley de Ejecuciones Hipotecarias y Ventas) del estado de Rhode Island.

**PARA AYUDARLO A EVITAR LA EJECUCIÓN HIPOTECARIA, USTED TIENE DERECHO A UNA REUNIÓN DE MEDIACIÓN GRATUITA CON UN COORDINADOR DE MEDIACIÓN INDEPENDIENTE. DICHA REUNIÓN SE PODRÁ EFECTUAR PERSONALMENTE O POR TELÉFONO. EL ACREEDOR HIPOTECARIO NO PODRÁ EJECUTAR LA HIPOTECA SIN HABERLE PROPORCIONADO LA OPORTUNIDAD DE PARTICIPAR EN LA REUNIÓN DE MEDIACIÓN, LA CUAL DEBE ESTAR PROGRAMADA DENTRO DE LOS SESENTA (60) DÍAS DE RECIBIR EL AVISO DE CONFERENCIA DE MEDIACIÓN COMPLETO, PUNTO DE CONTACTO ÚNICO DEL ACREEDOR HIPOTECARIO, Y EL PAGO PARA EL INICIO DEL PROCESO DE MEDIACIÓN. USTED SERÁ CONTACTADO POR UN COORDINADOR DE MEDIACIÓN DE EJECUCIONES HIPOTECARIAS PARA PROGRAMMAR LA CONFERENCIA DE MEDIACIÓN.**

**Nombre del cliente:** U.S. Bank Trust National Association, as Trustee of Igloo Series i **Teléfono:** (800) 603-0836

**Ref.:** ▮▮▮▮

**Escriba la Dirección de la Propiedad Resindencial:** 323 Fifth Street Eureka, CA 95502

**Fecha de Defecto:** 10/01/22

**Fecha de liberación de préstamo de la suspensión, automática en un procedimiento de quiebra, si es aplicable:** o no aplicable.

**Fecha de liberación de la hipoteca de la protección de la ley general Servicemembers Civil Relief Act, 50 U.S.C. App. §501 et seq., or R.I. Gen. Laws §34-27-4(d), si corresponde:** o no aplicable.

Por la presente, el acreedor hipotecario nombrado a continuación ("Acreedor hipotecario") lo notifica que usted está en mora en los pagos de su hipoteca. Si no soluciona esta mora, el Acreedor hipotecario tiene derecho a ejecutar la hipoteca de la propiedad que garantiza el préstamo hipotecario citado en la referencia de esta notificación.

**Acreedor hipotecario** Giuseppe B. Paliotta

**Dirección del Acreedor hipotecario**:

**Calle:** 105 Princess Avenue

**Ciudad, estado y código postal:** Cranston, RI 02920

**Representante autorizado del Acreedor hipotecario**:                    Brandon Pope

**Fecha de envío postal:** 06/02/2023

**Información de contacto del representante autorizado del Acreedor hipotecario:**

**Teléfono:** (800) 603-0836

(Si hay un número de teléfono gratuito disponible, indíquelo)

**Dirección de correo electrónico:** Bpope@snsc.com

**cc: Coordinador de Mediación:** Brandon Pope

**FORMULÁRIO 34-27-3.2**

> **NOTIFICAÇÃO DE CONFERÊNCIA DE MEDIAÇÃO CONFORME LEIS R.I. GEN. § 34-27-3.2**

### ISTO NÃO É UM AVISO DE DESPEJO

Esta Notificação destina-se a informar-lhe as proteções fornecidas pelas leis R.I. Gen. § 34-27-3.2 de Execução Hipotecária e a Lei de Venda de Valores Imobiliários de Rhode Island.

**PARA AJUDAR-ILE A EVITAR O EMBARGO (FORECLOSURE) DA SUA CASA, INFORMAMOS-IHE QUE TEM O DIREITO A UMA CONFERÊNCIA DE MEDIAÇÃO, GRATUITA SEJA VIA TELEFÓNICA SEJA PESSOALMENTE COM UM COORDENADOR INDEPENDENTE DE MEDIAÇÁO. O CREDOR HIPOTECARIO NÃO PODE EMBARGAR ATÉ DAR-LHE A OPORTUNIDADE DE PARTICIPAR NESTA CONFERENCIA A QUAL SERÁ MARCADA NO PERIODO DE SESSENTA (60) DIAS DESDE OU AO RECEBERMOS O AVISO DE CONFERÊNCIA DE MEDIAÇÃO PREENCHIDO E ASSINALANDO O PEDIDO DE INFORMAÇÁO DE UM CONTACTO PARA O CREDOR, OU O PAGO INICIAL REQUERIDO SEJA RECEBIDO PELO MEDIODOR UM COORDENADOR IRÁ CONTACTAR-LHE PARA MARCAR A DATA DESTA MEDIAÇÁO.**

Nome do cliente: U.S. Bank Trust National Association, as Trustee of Igloo Series V Trust    Telefone: (800) 603-0836

Re: ▮▮▮▮▮▮

Endereço de Imóveis Residenciais: 323 Fifth Street Eureka, CA 95502

Data de delinquência:        10/01/22

Data em que o empréstimo foi liberado da suspensão automática de falência, se aplicável:        ou não aplicável.

Data da exoneração da hipoteca da proteção conferida pela lei dos Estados Unidos da America e do Estado de Rhode Island (Servicemembers Civil Relief Act, 50 U.S.C. App §501 et seq. or R.I. Gen. Laws §34-27-4(d)), se aplicável:        ou não aplicável.

O Crédito Imobiliário denominada abaixo ("Créditos Imobiliários") por este instrumento notifica -se que está inadimplente em sua hipoteca. Se você falhar em corrigir tal inadimplência, Créditos Imobiliários têm o direito de executar o empréstimo de hipoteca consistente dos bens imóveis relacionados nesta notificação.

**Créditos Imobiliários:** Giuseppe B. Paliotta

**Endereço de Créditos Imobiliários:**

Rua: 105 Princess Avenue

Cidade, Estado, CEP: Cranston, RI 02920

**Representante Autorizado de Créditos Imobiliários:**        Brandon Pope

Data de envio:        06/02/2023

**Informações de Contato para Representante Autorizado de Créditos Imobiliários:**

Telefone:        (800) 603-0836        E-mail:        Bpope@snsc.com

    (Forneça um número gratuito, se disponível)

cc: **Coordenador de Mediação:** Brandon Pope

**FORM 34-27-3.1**

> **NOTICE OF DEFAULT AND MORTGAGEE'S RIGHT TO FORECLOSE AND NOTICE OF AVAILABILITY OF MORTGAGE COUNSELING SERVICES**

This Notice is provided to you to inform you of the protections provided by R.I. Gen. Laws § 34-27-3.1 of The Rhode Island Mortgage Foreclosure and Sale Act.

### NOTICE OF DEFAULT AND MORTGAGEE'S RIGHT TO FORECLOSE

Re: ▮▮▮▮▮▮▮              (Insert mortgage loan number)

The mortgagee named below ("Mortgagee") hereby notifies you that you are in default on your mortgage. If you fail to remedy this default, Mortgagee has the right to foreclose on the real estate securing the mortgage loan referenced in this Notice.

### NOTICE OF AVAILABILITY OF MORTGAGE COUNSELING SERVICES

**Housing counseling services are available to you at no cost**. Counseling services that can help you understand your options and provide resources and referrals that may assist you in preventing foreclosure are available from mortgage counseling agencies approved by the United States Department of Housing and Urban Development (HUD). You can locate a HUD-approved mortgage counseling agency by calling HUD's toll-free telephone number, 1-800-569-4287, or by accessing HUD's Internet homepage at www.hud.gov. The TDD number is 1800-877-8339. Foreclosure prevention counseling services are available free of charge through HUD's Housing Counseling Program.

> **HUD Approved Housing Counseling Agencies in Rhode Island may be found at this link http://www.hud.gov/offices/hsg/sfh/hcc/hcs.cfm?&webListAction=search&searchstate=RI. If you do not have internet access, call the toll-free number above and request a printed list.**

Mortgagee:  Giuseppe B. Paliotta
Mortgagee Address:
 Street:           105 Princess Avenue
 City, State, Zip:    Cranston, RI 02920
Mortgagee Authorized Representative: Brandon Pope                    Date mailed: 06/02/2023
 Contact Information
Telephone:          (800) 603-0836          Email:  Bpope@snsc.com
          (Provide toll free number if available)

**FORMULARIO 34-27-3.1**

---

### AVISO DE MORA Y DERECHO DEL ACREEDOR HIPOTECARIO A EJECUTAR LA HIPOTECA Y NOTIFICACIÓN DE DISPONIBILIDAD DE SERVICIOS DE ORIENTACIÓN HIPOTECARIA

---

Se le proporciona esta notificación para informarle acerca del amparo que ofrecen las Leyes Generales de Rhode Island § 34-27-3.1 de *The Rhode Island Mortgage Foreclosure and Sale Act* (Ley sobre Ejecución de Hipotecas y Remates de Rhode Island).

### AVISO DE MORA Y DERECHO DEL ACREEDOR HIPOTECARIO A EJECUTAR LA HIPOTECA

Asunto: ▮▮▮▮▮▮▮                           (inserte el número del préstamo hipotecario)

Por medio del presente el acreedor hipotecario indicado abajo ("Acreedor hipotecario") le notifica que su hipoteca esta morosa. Si no puede solventar la situación, el Acreedor hipotecario tiene el derecho de ejecutar la hipoteca del inmueble que avala el préstamo hipotecario al cual se alude en el presente aviso.

### NOTIFICACIÓN DE DISPONIBILIDAD DE SERVICIOS DE ORIENTACIÓN IPOTECARIA

**Se encuentran a disposición servicios de orientación sobre vivienda sin costo adicional.** Los servicios de orientación pueden ayudarle a comprender las opciones de las que dispone, así como también ofrecerle recursos y referencias que podrían contribuir a evitar la ejecución de la hipoteca. Dichos servicios los ofrecen agencias de orientación hipotecaria aprobadas por el *United States Department of Housing and Urban Development* (Departamento de Vivienda y Desarrollo Urbano de EE.UU., HUD, por sus siglas en inglés). Puede localizar agencias de orientación hipotecaria aprobadas por HUD llamando al número gratuito de dicho departamento al 1-800-569-4287, o ingresando a la página en Internet de HUD www.hud.gov El número del dispositivo de comunicación para sordos (TDD, por sus siglas en inglés) es 1-800877-8339.. Los servicios de orientación para prevenir la ejecución de hipotecas se ofrecen sin costo alguno mediante el Programa de Orientación para la Vivienda de HUD.

Agencias de asesoría aprobadas por el Departamento de Vivienda y Desarrollo Urbano en Rhode Island pueden ser encontradas en este lugar http://www.hud.gov/offices/hsg/sfh/hcc/hcs.cfm?&webListAction=search&searchsta te=RI. Si usted no tiene acceso a internet, llame a la línea de teléfono gratuita que aparece arriba para solicitar una lista impresa.

Acreedor hipotecario: Giuseppe B. Paliotta
Calle: 105 Princess Avenue
Ciudad, estado, código postal: Cranston, RI 02920
Representante autorizado de hipoteca: Brandon Pope                    Fecha de envoi: 06/02/2023
Información de contacto:
Teléfono:        (800) 603-0836                    Correo electrónico: Bpope@snsc.com
        (Proporcione un número gratuito si to time)

# SERVICING CORPORATION

323 5th Street
Eureka, CA 95501

800-603-0836
Para Español, Ext. 2660 o 2643
8:00 a.m.  5:00 p.m. Pacific Time
Main Office NMLS #5985
Branch Office NMLS #9785

June 2, 2023

BY FIRST CLASS MAIL AND BY CERTIFIED MAIL – RETURN RECEIPT REQUESTED

Giuseppe B. Paliotta
105 Princess Avenue
Cranston, RI 02920

## NOTICE OF ATTEMPT TO COLLECT DEBT
Para información en Español, llame al (800) 603-0836, ext 2660

RE:           Account No.

Property Address:      105 Princess Avenue Cranston, RI 02920

**THIS COMMUNICATION IS FROM A DEBT COLLECTOR.  SN SERVICING CORPORATION, ITS EMPLOYEES, AGENTS AND ATTORNEYS ARE ATTEMPTING TO COLLECT THIS DEBT.  ANY INFORMATION THAT WE OBTAIN WILL BE USED FOR THAT PURPOSE.**

**IF YOU HAVE PREVIOUSLY RECEIVED A DISCHARGE IN BANKRUPTCY AND THIS DEBT WAS NOT REAFFIRMED, THIS CORRESPONDENCE IS NOT AND SHOULD NOT BE CONSTRUED TO BE AN ATTEMPT TO COLLECT SUCH A DEBT AS YOUR PERSONAL LIABILITY, BUT IS INSTEAD A STEP IN THE ENFORCEMENT OF A MORTGAGE LIEN AGAINST YOUR PROPERTY.**

Dear Giuseppe B. Paliotta;

Please be advised that SN Servicing Corporation (hereinafter referred to as "SN Servicing") is the agent for **U.S. Bank Trust National Association, as Trustee of Igloo  Series V Trust** of the above-referenced loan (hereinafter referred to as "the Debt") and it has authorized SN Servicing to act on its behalf regarding the collection of the Debt.  This office is relying on information provided by **U.S. Bank Trust National Association, as Trustee of Igloo  Series V Trust, and important data regarding that information is found on page two of this document.**

You are hereby provided formal notice that you are in default under the terms and conditions of the Note and Security Instrument (i.e., Deed of Trust, Mortgage, etc.) for failure to pay the required installments.  The amount required to cure your default as of July 2nd, 2023 is the sum of payments that have come due on and after the date of default, **October 1st, 2022**, plus late charges, periodic adjustments to the payment amount and costs, all of which total **$15,478.47**.  The date of default is the date that you are due for under the terms of the Note.

You may cure your default within 30 days from the date of this letter, which is **July 2nd, 2023** (or if said date falls on a Saturday, Sunday or legal Holiday, then on the first business day thereafter) by remitting payment to SN Servicing for the above amount, plus all installments and applicable penalties, late charges, and additional fees and expenses which became due during this 30-day period.  As a result of the default, any payment arrangements other than those stated in the Note and Security Instrument will no longer be accepted.  SN Servicing reserves the right to accept or reject a partial payment of the total amount due without waiving any of its rights herein or otherwise.  SN Servicing requires that all payments must be made in certified funds, cashier's check or money order(s).

This letter serves as further notice that SN Servicing intends to enforce the provisions of the Note and Security Instrument.  If you do not pay the full amount of **$15,478.47** on or before July 2nd, 2023 (or if said date falls on a Saturday, Sunday or legal Holiday, then on the first business data thereafter), this letter shall serve as further notice to you that immediately thereafter, and without further demand or notice to you, SN Servicing will accelerate  the entire sum of both principal and interest.  **U.S. Bank Trust National Association, as Trustee of Igloo  Series V Trust** may also invoke any and all remedies provided for in the Note and Security Instrument, including but not limited to the foreclosure sale of the property.  Additional attorney's fees and costs, as provided for in the Security Instrument, that may be incurred will be your responsibility should you choose to cure the default.  As of the date of this letter, the total amount of the

**SERVICING CORPORATION**

323 5th Street
Eureka, CA 95501

800-603-0836
Para Español, Ext. 2660 o 2643
8:00 a.m.  5:00 p.m. Pacific Time
Main Office NMLS #5985
Branch Office NMLS #9785

Debt owed is the sum of the unpaid principal balance, which is **$148,424.66**, plus accrued but unpaid interest, late charges, advances and costs.

Failure to cure your default on or before the date specified in this notice may result in acceleration of the sums secured by your mortgage without further demand or notice and sale of the property.  You have the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense you may have to acceleration and sale. You will be responsible for all reasonable fees and costs incurred by SN Servicing in pursuing any of their remedies, including but not limited to reasonable attorney's fees, to the full extent permitted by law.

### IMPORTANT INFORMATION REGARDING YOUR DEBT

SN Servicing is attempting to collect a debt that you owe to **U.S. Bank Trust National Association, as Trustee of Igloo  Series V Trust** and any information that we obtain will be used for that purpose.

You are hereby further notified of the following information regarding your Debt:

1) **The amount of the debt:  Remaining principal balance of $148,424.66 plus unpaid accrued interest, escrow/impound shortages or credits, late charges, legal fees/costs, and miscellaneous charges.**
   2) **Name of the creditor to whom the debt is owed:  U.S. Bank Trust National Association, as Trustee of Igloo  Series V Trust.**
3) **Unless you dispute the validity of the debt or any portion thereof within thirty (30) days after receipt of the Notice, we will assume that the debt is valid.**
4) **If you notify us in writing within thirty (30) days after receipt of the Notice that the debt or any portion thereof is disputed, we will obtain verification of the debt or a copy of any judgment against you representing the debt and a copy of such verification or judgment will be mailed to you from our office.**
5) **You will be provided with the name and address of the original creditor, if different from the current creditor, if you send us a request for this information, within thirty (30) days after receipt of this Notice.**

The right to reinstate the debt may be available in many states, and you should ask your own lawyer about this right.  NO PERSON IN THIS OFFICE WILL GIVE YOU ANY LEGAL ADVICE.

If, at any time, you make a written request to this office not to be contacted by phone at your place of employment, we will not do so.  If, at any time, you make a written request to this office not to contact you, we will not do so, except by legal action.

You are notified that this default and any other legal action that may occur as a result thereof may be reported to one or more local and national credit reporting agencies.

**All communication about this matter must be made through SN Servicing.   If you have ANY QUESTIONS regarding the amounts due, or wish to discuss payment arrangements, please contact Brandon Pope at (800) 603-0836 ext. 2798.**

**SN Servicing requires that all payments must be made in certified funds, cashier's check or money order(s) payable to and mailed to:**

**SN Servicing Corporation**
**323 Fifth Street**
**Eureka, CA  95501**

**SERVICING CORPORATION**

323 5th Street
Eureka, CA 95501

800-603-0836
Para Español, Ext. 2660 o 2643
8:00 a.m.  5:00 p.m. Pacific Time
Main Office NMLS #5985
Branch Office NMLS #9785

The matters discussed herein are of extreme importance.  We trust that you will give them your immediate attention.

Very truly yours,


SN Servicing Corporation


For Colorado residents, SN Servicing Corporation may also be contacted at the following address or phone number during normal business hours:  Colorado Manager, Inc, 8690 Wolff Court, Suite 110,Westminster, CO  80031, 303-920-4763 office, or 303-920-4767 fax.



# Department of Business Regulation
## *Banking Division*
**1511 Pontiac Avenue, Bldg. 69-2**
**Cranston, Rhode Island 02920**

# Banking Bulletin 2018-3
Mortgage Foreclosure Forms

The forms on the following pages are required by R.I. Gen. Laws Chapter 34-27 and are designated for use in compliance with regulation 230-RICR-40-10-4 – Mortgage Foreclosure Disclosure.

**FORM 34-27-3.2**

---

### NOTICE OF MEDIATION CONFERENCE PURSUANT TO
### R.I. GEN. LAWS § 34-27-3.2

---

### THIS IS NOT AN EVICTION NOTICE

This Notice is provided to you to inform you of the protections provided by R.I. Gen. Laws § 34-27-3.2 of The Rhode Island Mortgage Foreclosure and Sale Act.

**TO ASSIST YOU IN AVOIDING FORECLOSURE, YOU HAVE THE RIGHT TO A FREE, IN-PERSON OR TELEPHONE MEDIATION CONFERENCE WITH AN INDEPENDENT MEDIATION COORDINATOR. THE MORTGAGEE MAY NOT FORECLOSE UNLESS IT PROVIDES YOU THE OPPORTUNITY TO PARTICIPATE IN THE MEDIATION CONFERENCE, WHICH MUST BE SCHEDULED WITHIN SIXTY (60) DAYS OF THE RECEIPT OF A COMPLETED NOTICE OF MEDIATION, SINGLE POINT OF CONTACT INFORMATION FOR THE MORTGAGEE, AND PAYMENT INITIATING THE MEDIATION PROCESS HAS BEEN RECEIVED BY THE MEDIATION COORDINATOR. YOU WILL BE CONTACTED BY A FORECLOSURE MEDIATION COORDINATOR TO SCHEDULE THAT MEDIATION CONFERENCE.**

**Name of Mortgagor**: U.S. Bank Trust National Association, as Trustee of Igloo Series V Trust    **Phone #**    (800) 603-0836

**Mortgage Loan Number:** ▉▉▉▉▉▉

**Address of Residential Real Estate:** 323 Fifth Street Eureka, CA 95502

Date of Default              10/01/22

Date of release of loan from automatic stay in bankruptcy proceeding if applicable                  or NA

Date of release of loan from protections of the Servicemembers Civil Relief Act, 50 U.S.C. App. §501 et seq., or R.I. Gen. Laws §34-27-4(d), if applicable                  or NA

The mortgagee named below ("Mortgagee") hereby notifies you that you are in Default on your mortgage. If you fail to remedy this Default, Mortgagee has the right to foreclose on the real estate securing the mortgage loan referenced in this Notice.

**Mortgagee**:  Giuseppe B. Paliotta

**Mortgagee Address**:

Street:  105 Princess Avenue

City, State, Zip Code:  Cranston, RI 02920

**Mortgagee Authorized Representative**:                  Brandon Pope

Date mailed:              06/02/2023

**Contact Information for Mortgagee Authorized Representative:**

Telephone:              (800) 603-0836         Email:              Bpope@snsc.com
              (Provide toll free number if available)

cc: **Mediation Coordinator**: Brandon Pope

**FORMULARIO 34-27-3.2**

| NOTIFICACIÓN DE REUNIÓN DE MEDIACIÓN SEGÚN EL § 34-27-3.2 DE LAS LEYES GENERALES DE RHODE ISLAND (R. I.) |
|---|

### ESTO NO ES UN AVISO DE DESALOJO

Esta notificación se le proporciona para informarle sobre la protección que proveen las Leyes Generales de R. I. en el § 34-27-3.2 de la Mortgage Foreclosure and Sale Act (Ley de Ejecuciones Hipotecarias y Ventas) del estado de Rhode Island.

**PARA AYUDARLO A EVITAR LA EJECUCIÓN HIPOTECARIA, USTED TIENE DERECHO A UNA REUNIÓN DE MEDIACIÓN GRATUITA CON UN COORDINADOR DE MEDIACIÓN INDEPENDIENTE. DICHA REUNIÓN SE PODRÁ EFECTUAR PERSONALMENTE O POR TELÉFONO. EL ACREEDOR HIPOTECARIO NO PODRÁ EJECUTAR LA HIPOTECA SIN HABERLE PROPORCIONADO LA OPORTUNIDAD DE PARTICIPAR EN LA REUNIÓN DE MEDIACIÓN, LA CUAL DEBE ESTAR PROGRAMADA DENTRO DE LOS SESENTA (60) DÍAS DE RECIBIR EL AVISO DE CONFERENCIA DE MEDIACIÓN COMPLETO, PUNTO DE CONTACTO ÚNICO DEL ACREEDOR HIPOTECARIO, Y EL PAGO PARA EL INICIO DEL PROCESO DE MEDIACIÓN. USTED SERÁ CONTACTADO POR UN COORDINADOR DE MEDIACIÓN DE EJECUCIONES HIPOTECARIAS PARA PROGRAMMAR LA CONFERENCIA DE MEDIACIÓN.**

Nombre del cliente: U.S. Bank Trust National Association, as Trustee of Igloo Series 1 Teléfono: (800) 603-0836

Ref.: ▮▮▮▮▮

Escriba la Dirección de la Propiedad Resindencial: 323 Fifth Street Eureka, CA 95502

Fecha de Defecto:                    10/01/22

Fecha de liberación de préstamo de la suspensión, automática en un procedimiento de quiebra, si es aplicable:                    o no aplicable.

Fecha de liberación de la hipoteca de la protección de la ley general Servicemembers Civil Relief Act, 50 U.S.C. App. §501 et seq., or R.I. Gen. Laws §34-27-4(d), si corresponde:                    o no aplicable.

Por la presente, el acreedor hipotecario nombrado a continuación ("Acreedor hipotecario") lo notifica que usted está en mora en los pagos de su hipoteca. Si no soluciona esta mora, el Acreedor hipotecario tiene derecho a ejecutar la hipoteca de la propiedad que garantiza el préstamo hipotecario citado en la referencia de esta notificación.

**Acreedor hipotecario** Giuseppe B. Paliotta

**Dirección del Acreedor hipotecario**:

Calle: 105 Princess Avenue

Ciudad, estado y código postal: Cranston, RI 02920

**Representante autorizado del Acreedor hipotecario**:                    Brandon Pope

Fecha de envío postal:                    06/02/2023

**Información de contacto del representante autorizado del Acreedor hipotecario:**

Teléfono:                    (800) 603-0836

                    (Si hay un número de teléfono gratuito disponible, indíquelo)

Dirección de correo electrónico:                    Bpope@snsc.com

cc: **Coordinador de Mediación:** Brandon Pope

**FORMULÁRIO 34-27-3.2**

---

**NOTIFICAÇÃO DE CONFERÊNCIA DE MEDIAÇÃO CONFORME LEIS
R.I. GEN. § 34-27-3.2**

---

### ISTO NÃO É UM AVISO DE DESPEJO

Esta Notificação destina-se a informar-lhe as proteções fornecidas pelas leis R.I. Gen. § 34-27-3.2 de Execução Hipotecária e a Lei de Venda de Valores Imobiliários de Rhode Island.

**PARA AJUDAR-ILE A EVITAR O EMBARGO (FORECLOSURE) DA SUA CASA, INFORMAMOS-IHE QUE TEM O DIREITO A UMA CONFERÊNCIA DE MEDIAÇÃO, GRATUITA SEJA VIA TELEFÓNICA SEJA PESSOALMENTE COM UM COORDENADOR INDEPENDENTE DE MEDIAÇÁO. O CREDOR HIPOTECARIO NÃO PODE EMBARGAR ATÉ DAR-LHE A OPORTUNIDADE DE PARTICIPAR NESTA CONFERENCIA A QUAL SERÁ MARCADA NO PERIODO DE SESSENTA (60) DIAS DESDE OU AO RECEBERMOS O AVISO DE CONFERÊNCIA DE MEDIAÇÃO PREENCHIDO E ASSINALANDO O PEDIDO DE INFORMAÇÁO DE UM CONTACTO PARA O CREDOR, OU O PAGO INICIAL REQUERIDO SEJA RECEBIDO PELO MEDIODOR UM COORDENADOR IRÁ CONTACTAR-LHE PARA MARCAR A DATA DESTA MEDIAÇÃO.**

Nome do cliente: U.S. Bank Trust National Association, as Trustee of Igloo Series V Trust        Telefone: (800) 603-0836

Re: ▊▊▊▊

Endereço de Imóveis Residenciais: 323 Fifth Street Eureka, CA 95502

Data de delinquência:        10/01/22

Data em que o empréstimo foi liberado da suspensão automática de falência, se aplicável:        ou não aplicável.

Data da exoneração da hipoteca da proteção conferida pela lei dos Estados Unidos da America e do Estado de Rhode Island (Servicemembers Civil Relief Act, 50 U.S.C. App §501 et seq. or R.I. Gen. Laws §34-27-4(d)), se aplicável:        ou não aplicável.

O Crédito Imobiliário denominada abaixo ("Créditos Imobiliários") por este instrumento notifica -se que está inadimplente em sua hipoteca.  Se você falhar em corrigir tal inadimplência, Créditos Imobiliários têm o direito de executar o empréstimo de hipoteca consistente dos bens imóveis relacionados nesta notificação.

**Créditos Imobiliários:** Giuseppe B. Paliotta

**Endereço de Créditos Imobiliários:**

Rua: 105 Princess Avenue

Cidade, Estado, CEP: Cranston, RI 02920

**Representante Autorizado de Créditos Imobiliários:**        Brandon Pope

Data de envio:        06/02/2023

**Informações de Contato para Representante Autorizado de Créditos Imobiliários:**

Telefone:        (800) 603-0836        E-mail:        Bpope@snsc.com

        (Forneça um número gratuito, se disponível)

cc: **Coordenador de Mediação:** Brandon Pope

**FORM 34-27-3.1**

---

### NOTICE OF DEFAULT AND MORTGAGEE'S RIGHT TO FORECLOSE AND NOTICE OF AVAILABILITY OF MORTGAGE COUNSELING SERVICES

---

This Notice is provided to you to inform you of the protections provided by R.I. Gen. Laws § 34-27-3.1 of The Rhode Island Mortgage Foreclosure and Sale Act.

## NOTICE OF DEFAULT AND MORTGAGEE'S RIGHT TO FORECLOSE

Re:                              (Insert mortgage loan number)

The mortgagee named below ("Mortgagee") hereby notifies you that you are in default on your mortgage. If you fail to remedy this default, Mortgagee has the right to foreclose on the real estate securing the mortgage loan referenced in this Notice.

## NOTICE OF AVAILABILITY OF MORTGAGE COUNSELING SERVICES

**Housing counseling services are available to you at no cost**. Counseling services that can help you understand your options and provide resources and referrals that may assist you in preventing foreclosure are available from mortgage counseling agencies approved by the United States Department of Housing and Urban Development (HUD). You can locate a HUD-approved mortgage counseling agency by calling HUD's toll-free telephone number, 1-800-569-4287, or by accessing HUD's Internet homepage at www.hud.gov. The TDD number is 1800-877-8339. Foreclosure prevention counseling services are available free of charge through HUD's Housing Counseling Program.

> **HUD Approved Housing Counseling Agencies in Rhode Island may be found at this link http://www.hud.gov/offices/hsg/sfh/hcc/hcs.cfm?&webListAction=search&searchstate=RI. If you do not have internet access, call the toll-free number above and request a printed list.**

Mortgagee:  Giuseppe B. Paliotta
Mortgagee Address:
Street:  105 Princess Avenue
City, State, Zip:  Cranston, RI 02920
Mortgagee Authorized Representative: Brandon Pope                Date mailed: 06/02/2023
Contact Information
Telephone:        (800) 603-0836          Email:  Bpope@snsc.com
            (Provide toll free number if available)

**FORMULARIO 34-27-3.1**

---

### AVISO DE MORA Y DERECHO DEL ACREEDOR HIPOTECARIO A EJECUTAR LA HIPOTECA Y NOTIFICACIÓN DE DISPONIBILIDAD DE SERVICIOS DE ORIENTACIÓN HIPOTECARIA

---

Se le proporciona esta notificación para informarle acerca del amparo que ofrecen las Leyes Generales de Rhode Island § 34-27-3.1 de *The Rhode Island Mortgage Foreclosure and Sale Act* (Ley sobre Ejecución de Hipotecas y Remates de Rhode Island).

### AVISO DE MORA Y DERECHO DEL ACREEDOR HIPOTECARIO A EJECUTAR LA HIPOTECA

Asunto: ▮▮▮▮▮▮▮                     (inserte el número del préstamo hipotecario)

Por medio del presente el acreedor hipotecario indicado abajo ("Acreedor hipotecario") le notifica que su hipoteca esta morosa. Si no puede solventar la situación, el Acreedor hipotecario tiene el derecho de ejecutar la hipoteca del inmueble que avala el préstamo hipotecario al cual se alude en el presente aviso.

### NOTIFICACIÓN DE DISPONIBILIDAD DE SERVICIOS DE ORIENTACIÓN IPOTECARIA

**Se encuentran a disposición servicios de orientación sobre vivienda sin costo adicional.** Los servicios de orientación pueden ayudarle a comprender las opciones de las que dispone, así como también ofrecerle recursos y referencias que podrían contribuir a evitar la ejecución de la hipoteca. Dichos servicios los ofrecen agencias de orientación hipotecaria aprobadas por el *United States Department of Housing and Urban Development* (Departamento de Vivienda y Desarrollo Urbano de EE.UU., HUD, por sus siglas en inglés). Puede localizar agencias de orientación hipotecaria aprobadas por HUD llamando al número gratuito de dicho departamento al 1-800-569-4287, o ingresando a la página en Internet de HUD www.hud.gov El número del dispositivo de comunicación para sordos (TDD, por sus siglas en inglés) es 1-800877-8339.. Los servicios de orientación para prevenir la ejecución de hipotecas se ofrecen sin costo alguno mediante el Programa de Orientación para la Vivienda de HUD.

Agencias de asesoría aprobadas por el Departamento de Vivienda y Desarrollo Urbano en Rhode Island pueden ser encontradas en este lugar http://www.hud.gov/offices/hsg/sfh/hcc/hcs.cfm?&webListAction=search&searchsta te=RI.  Si usted no tiene acceso a internet, llame a la línea de teléfono gratuita que aparece arriba para solicitar una lista impresa.

Acreedor hipotecario: Giuseppe B. Paliotta
Calle: 105 Princess Avenue
Ciudad, estado, código postal: Cranston, RI 02920
Representante autorizado de hipoteca: Brandon Pope                Fecha de envoi: 06/02/2023
Información de contacto:
Teléfono:           (800) 603-0836          Correo electrónico: Bpope@snsc.com
        (Proporcione un número gratuito si to time)

**SERVICING CORPORATION**

323 5th Street
Eureka, CA 95501

800-603-0836
Para Español, Ext. 2660 o 2643
8:00 a.m.  5:00 p.m. Pacific Time
Main Office NMLS #5985
Branch Office NMLS #9785

June 2, 2023

BY FIRST CLASS MAIL AND BY CERTIFIED MAIL – RETURN RECEIPT REQUESTED

Bruno Paliotta
105 Princess Avenue
Cranston, RI 02920

**NOTICE OF ATTEMPT TO COLLECT DEBT**
Para información en Español, llame al (800) 603-0836, ext 2660

RE:        Account No. ▮▮▮▮▮▮▮▮

Property Address:     105 Princess Avenue Cranston, RI 02920

**THIS COMMUNICATION IS FROM A DEBT COLLECTOR. SN SERVICING CORPORATION, ITS EMPLOYEES, AGENTS AND ATTORNEYS ARE ATTEMPTING TO COLLECT THIS DEBT.  ANY INFORMATION THAT WE OBTAIN WILL BE USED FOR THAT PURPOSE.**

**IF YOU HAVE PREVIOUSLY RECEIVED A DISCHARGE IN BANKRUPTCY AND THIS DEBT WAS NOT REAFFIRMED, THIS CORRESPONDENCE IS NOT AND SHOULD NOT BE CONSTRUED TO BE AN ATTEMPT TO COLLECT SUCH A DEBT AS YOUR PERSONAL LIABILITY, BUT IS INSTEAD A STEP IN THE ENFORCEMENT OF A MORTGAGE LIEN AGAINST YOUR PROPERTY.**

Dear Bruno Paliotta;

Please be advised that SN Servicing Corporation (hereinafter referred to as "SN Servicing") is the agent for **U.S. Bank Trust National Association, as Trustee of Igloo  Series V Trust** of the above-referenced loan (hereinafter referred to as "the Debt") and it has authorized SN Servicing to act on its behalf regarding the collection of the Debt.  This office is relying on information provided by **U.S. Bank Trust National Association, as Trustee of Igloo  Series V Trust, and important data regarding that information is found on page two of this document.**

You are hereby provided formal notice that you are in default under the terms and conditions of the Note and Security Instrument (i.e., Deed of Trust, Mortgage, etc.) for failure to pay the required installments.  The amount required to cure your default as of July 2nd, 2023 is the sum of payments that have come due on and after the date of default, **October 1st, 2022**, plus late charges, periodic adjustments to the payment amount and costs, all of which total **$15,478.47**.  The date of default is the date that you are due for under the terms of the Note.

You may cure your default within 30 days from the date of this letter, which is **July 2nd, 2023** (or if said date falls on a Saturday, Sunday or legal Holiday, then on the first business day thereafter) by remitting payment to SN Servicing for the above amount, plus all installments and applicable penalties, late charges, and additional fees and expenses which became due during this 30-day period.  As a result of the default, any payment arrangements other than those stated in the Note and Security Instrument will no longer be accepted.  SN Servicing reserves the right to accept or reject a partial payment of the total amount due without waiving any of its rights herein or otherwise.  SN Servicing requires that all payments must be made in certified funds, cashier's check or money order(s).

This letter serves as further notice that SN Servicing intends to enforce the provisions of the Note and Security Instrument.  If you do not pay the full amount of **$15,478.47** on or before July 2nd, 2023 (or if said date falls on a Saturday, Sunday or legal Holiday, then on the first business data thereafter), this letter shall serve as further notice to you that immediately thereafter, and without further demand or notice to you, SN Servicing will accelerate the entire sum of both principal and interest.  **U.S. Bank Trust National Association, as Trustee of Igloo  Series V Trust** may also invoke any and all remedies provided for in the Note and Security Instrument, including but not limited to the foreclosure sale of the property.  Additional attorney's fees and costs, as provided for in the Security Instrument, that may be incurred will be your responsibility should you choose to cure the default.  As of the date of this letter, the total amount of the

**SERVICING CORPORATION**

323 5th Street
Eureka, CA 95501

800-603-0836
Para Español, Ext. 2660 o 2643
8:00 a.m.  5:00 p.m. Pacific Time
Main Office NMLS #5985
Branch Office NMLS #9785

Debt owed is the sum of the unpaid principal balance, which is **$148,424.66**, plus accrued but unpaid interest, late charges, advances and costs.

Failure to cure your default on or before the date specified in this notice may result in acceleration of the sums secured by your mortgage without further demand or notice and sale of the property.  You have the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense you may have to acceleration and sale. You will be responsible for all reasonable fees and costs incurred by SN Servicing in pursuing any of their remedies, including but not limited to reasonable attorney's fees, to the full extent permitted by law.

<u>**IMPORTANT INFORMATION REGARDING YOUR DEBT**</u>

SN Servicing is attempting to collect a debt that you owe to **U.S. Bank Trust National Association, as Trustee of Igloo  Series V Trust** and any information that we obtain will be used for that purpose.

You are hereby further notified of the following information regarding your Debt:

1) **The amount of the debt:  Remaining principal balance of $148,424.66 plus unpaid accrued interest, escrow/impound shortages or credits, late charges, legal fees/costs, and miscellaneous charges.**
   2) **Name of the creditor to whom the debt is owed:  U.S. Bank Trust National Association, as Trustee of Igloo  Series V Trust.**
3) **Unless you dispute the validity of the debt or any portion thereof within thirty (30) days after receipt of the Notice, we will assume that the debt is valid.**
4) **If you notify us in writing within thirty (30) days after receipt of the Notice that the debt or any portion thereof is disputed, we will obtain verification of the debt or a copy of any judgment against you representing the debt and a copy of such verification or judgment will be mailed to you from our office.**
5) **You will be provided with the name and address of the original creditor, if different from the current creditor, if you send us a request for this information, within thirty (30) days after receipt of this Notice.**

The right to reinstate the debt may be available in many states, and you should ask your own lawyer about this right.  NO PERSON IN THIS OFFICE WILL GIVE YOU <u>ANY</u> LEGAL ADVICE.

If, at any time, you make a written request to this office not to be contacted by phone at your place of employment, we will not do so.  If, at any time, you make a written request to this office not to contact you, we will not do so, except by legal action.

You are notified that this default and any other legal action that may occur as a result thereof may be reported to one or more local and national credit reporting agencies.

**All communication about this matter must be made through SN Servicing.   If you have ANY QUESTIONS regarding the amounts due, or wish to discuss payment arrangements, please contact Brandon Pope at (800) 603-0836 ext. 2798.**

**SN Servicing requires that all payments must be made in certified funds, cashier's check or money order(s) payable to and mailed to:**

**SN Servicing Corporation
323 Fifth Street
Eureka, CA  95501**

**SERVICING CORPORATION**

323 5th Street
Eureka, CA 95501

800-603-0836
Para Español, Ext. 2660 o 2643
8:00 a.m.  5:00 p.m. Pacific Time
Main Office NMLS #5985
Branch Office NMLS #9785

The matters discussed herein are of extreme importance.  We trust that you will give them your immediate attention.

Very truly yours,

SN Servicing Corporation

For Colorado residents, SN Servicing Corporation may also be contacted at the following address or phone number during normal business hours:  Colorado Manager, Inc, 8690 Wolff Court, Suite 110,Westminster, CO  80031, 303-920-4763 office, or 303-920-4767 fax.



**Department of Business Regulation**
*Banking Division*
**1511 Pontiac Avenue, Bldg. 69-2**
**Cranston, Rhode Island 02920**

# Banking Bulletin 2018-3

Mortgage Foreclosure Forms

The forms on the following pages are required by R.I. Gen. Laws Chapter 34-27 and are designated for use in compliance with regulation 230-RICR-40-10-4 – Mortgage Foreclosure Disclosure.

**FORM 34-27-3.2**

---

## NOTICE OF MEDIATION CONFERENCE PURSUANT TO
## R.I. GEN. LAWS § 34-27-3.2

### THIS IS NOT AN EVICTION NOTICE

---

This Notice is provided to you to inform you of the protections provided by R.I. Gen. Laws § 34-27-3.2 of The Rhode Island Mortgage Foreclosure and Sale Act.

**TO ASSIST YOU IN AVOIDING FORECLOSURE, YOU HAVE THE RIGHT TO A FREE, IN-PERSON OR TELEPHONE MEDIATION CONFERENCE WITH AN INDEPENDENT MEDIATION COORDINATOR. THE MORTGAGEE MAY NOT FORECLOSE UNLESS IT PROVIDES YOU THE OPPORTUNITY TO PARTICIPATE IN THE MEDIATION CONFERENCE, WHICH MUST BE SCHEDULED WITHIN SIXTY (60) DAYS OF THE RECEIPT OF A COMPLETED NOTICE OF MEDIATION, SINGLE POINT OF CONTACT INFORMATION FOR THE MORTGAGEE, AND PAYMENT INITIATING THE MEDIATION PROCESS HAS BEEN RECEIVED BY THE MEDIATION COORDINATOR. YOU WILL BE CONTACTED BY A FORECLOSURE MEDIATION COORDINATOR TO SCHEDULE THAT MEDIATION CONFERENCE.**

---

**Name of Mortgagor**: U.S. Bank Trust National Association, as Trustee of Igloo  Series V Trust        **Phone #**    (800) 603-0836

**Mortgage Loan Number:** ▇▇▇▇▇▇

**Address of Residential Real Estate:** 323 Fifth Street Eureka, CA 95502

Date of Default              10/01/22

Date of release of loan from automatic stay in bankruptcy proceeding if applicable                  or NA

Date of release of loan from protections of the Servicemembers Civil Relief Act, 50 U.S.C. App. §501 et seq., or R.I. Gen. Laws §34-27-4(d), if applicable                  or NA

The mortgagee named below ("Mortgagee") hereby notifies you that you are in Default on your mortgage.  If you fail to remedy this Default, Mortgagee has the right to foreclose on the real estate securing the mortgage loan referenced in this Notice.

**Mortgagee**: Bruno Paliotta

**Mortgagee Address**:

Street: 105 Princess Avenue

City, State, Zip Code: Cranston, RI 02920

**Mortgagee Authorized Representative**:                  Brandon Pope

Date mailed:            06/02/2023

**Contact Information for Mortgagee Authorized Representative:**

Telephone:              (800) 603-0836        Email:          Bpope@snsc.com

(Provide toll free number if available)

cc: **Mediation Coordinator**: Brandon Pope

**FORMULARIO 34-27-3.2**

---

## NOTIFICACIÓN DE REUNIÓN DE MEDIACIÓN SEGÚN EL § 34-27-3.2 DE LAS LEYES GENERALES DE RHODE ISLAND (R. I.)

### ESTO NO ES UN AVISO DE DESALOJO

---

Esta notificación se le proporciona para informarle sobre la protección que proveen las Leyes Generales de R. I. en el § 34-27-3.2 de la Mortgage Foreclosure and Sale Act (Ley de Ejecuciones Hipotecarias y Ventas) del estado de Rhode Island.

**PARA AYUDARLO A EVITAR LA EJECUCIÓN HIPOTECARIA, USTED TIENE DERECHO A UNA REUNIÓN DE MEDIACIÓN GRATUITA CON UN COORDINADOR DE MEDIACIÓN INDEPENDIENTE. DICHA REUNIÓN SE PODRÁ EFECTUAR PERSONALMENTE O POR TELÉFONO. EL ACREEDOR HIPOTECARIO NO PODRÁ EJECUTAR LA HIPOTECA SIN HABERLE PROPORCIONADO LA OPORTUNIDAD DE PARTICIPAR EN LA REUNIÓN DE MEDIACIÓN, LA CUAL DEBE ESTAR PROGRAMADA DENTRO DE LOS SESENTA (60) DÍAS DE RECIBIR EL AVISO DE CONFERENCIA DE MEDIACIÓN COMPLETO, PUNTO DE CONTACTO ÚNICO DEL ACREEDOR HIPOTECARIO, Y EL PAGO PARA EL INICIO DEL PROCESO DE MEDIACIÓN. USTED SERÁ CONTACTADO POR UN COORDINADOR DE MEDIACIÓN DE EJECUCIONES HIPOTECARIAS PARA PROGRAMMAR LA CONFERENCIA DE MEDIACIÓN.**

**Nombre del cliente:** U.S. Bank Trust National Association, as Trustee of Igloo Series **Teléfono:** (800) 603-0836

**Ref.:** 0█████

**Escriba la Dirección de la Propiedad Resindencial:** 323 Fifth Street Eureka, CA 95502

**Fecha de Defecto:** 10/01/22

**Fecha de liberación de préstamo de la suspensión, automática en un procedimiento de quiebra, si es aplicable:** o no aplicable.

**Fecha de liberación de la hipoteca de la protección de la ley general Servicemembers Civil Relief Act, 50 U.S.C. App. §501 et seq., or R.I. Gen. Laws §34-27-4(d), si corresponde:** o no aplicable.

Por la presente, el acreedor hipotecario nombrado a continuación ("Acreedor hipotecario") lo notifica que usted está en mora en los pagos de su hipoteca. Si no soluciona esta mora, el Acreedor hipotecario tiene derecho a ejecutar la hipoteca de la propiedad que garantiza el préstamo hipotecario citado en la referencia de esta notificación.

**Acreedor hipotecario** Bruno Paliotta

**Dirección del Acreedor hipotecario**:

**Calle:** 105 Princess Avenue

**Ciudad, estado y código postal:** Cranston, RI 02920

**Representante autorizado del Acreedor hipotecario**:          Brandon Pope

**Fecha de envío postal:** 06/02/2023

**Información de contacto del representante autorizado del Acreedor hipotecario:**

**Teléfono:** (800) 603-0836

(Si hay un número de teléfono gratuito disponible, indíquelo)

**Dirección de correo electrónico:** Bpope@snsc.com

**cc: Coordinador de Mediación:** Brandon Pope

**FORMULÁRIO 34-27-3.2**

---

**NOTIFICAÇÃO DE CONFERÊNCIA DE MEDIAÇÃO CONFORME LEIS R.I. GEN. § 34-27-3.2**

---

## ISTO NÃO É UM AVISO DE DESPEJO

Esta Notificação destina-se a informar-lhe as proteções fornecidas pelas leis R.I. Gen. § 34-27-3.2 de Execução Hipotecária e a Lei de Venda de Valores Imobiliários de Rhode Island.

**PARA AJUDAR-ILE A EVITAR O EMBARGO (FORECLOSURE) DA SUA CASA, INFORMAMOS-IHE QUE TEM O DIREITO A UMA CONFERÊNCIA DE MEDIAÇÃO, GRATUITA SEJA VIA TELEFÓNICA SEJA PESSOALMENTE COM UM COORDENADOR INDEPENDENTE DE MEDIAÇÁO. O CREDOR HIPOTECARIO NÃO PODE EMBARGAR ATÉ DAR-LHE A OPORTUNIDADE DE PARTICIPAR NESTA CONFERENCIA A QUAL SERÁ MARCADA NO PERIODO DE SESSENTA (60) DIAS DESDE OU AO RECEBERMOS O AVISO DE CONFERÊNCIA DE MEDIAÇÃO PREENCHIDO E ASSINALANDO O PEDIDO DE INFORMAÇÁO DE UM CONTACTO PARA O CREDOR, OU O PAGO INICIAL REQUERIDO SEJA RECEBIDO PELO MEDIODOR UM COORDENADOR IRÁ CONTACTAR-LHE PARA MARCAR A DATA DESTA MEDIAÇÁO.**

Nome do cliente: U.S. Bank Trust National Association, as Trustee of Igloo Series V Trust    Telefone: (800) 603-0836

Re: ▇▇▇▇

Endereço de Imóveis Residenciais: 323 Fifth Street Eureka, CA 95502

Data de delinquência:                10/01/22

Data em que o empréstimo foi liberado da suspensão automática de falência, se aplicável:                ou não aplicável.

Data da exoneração da hipoteca da proteção conferida pela lei dos Estados Unidos da America e do Estado de Rhode Island (Servicemembers Civil Relief Act, 50 U.S.C. App §501 et seq. or R.I. Gen. Laws §34-27-4(d)), se aplicável:                ou não aplicável.

O Crédito Imobiliário denominada abaixo ("Créditos Imobiliários") por este instrumento notifica -se que está inadimplente em sua hipoteca. Se você falhar em corrigir tal inadimplência, Créditos Imobiliários têm o direito de executar o empréstimo de hipoteca consistente dos bens imóveis relacionados nesta notificação.

**Créditos Imobiliários:** Bruno Paliotta

**Endereço de Créditos Imobiliários:**

Rua: 105 Princess Avenue

Cidade, Estado, CEP: Cranston, RI 02920

**Representante Autorizado de Créditos Imobiliários:**                Brandon Pope

Data de envio:                06/02/2023

**Informações de Contato para Representante Autorizado de Créditos Imobiliários:**

Telefone:                (800) 603-0836              E-mail: Bpope@snsc.com

        (Forneça um número gratuito, se disponível)

cc: **Coordenador de Mediação:** Brandon Pope

FORM 34-27-3.1

---

**NOTICE OF DEFAULT AND MORTGAGEE'S RIGHT TO FORECLOSE AND NOTICE OF AVAILABILITY OF MORTGAGE COUNSELING SERVICES**

---

This Notice is provided to you to inform you of the protections provided by R.I. Gen. Laws § 34-27-3.1 of The Rhode Island Mortgage Foreclosure and Sale Act.

## NOTICE OF DEFAULT AND MORTGAGEE'S RIGHT TO FORECLOSE

Re ▌▌▌▌▌▌▌▌           (Insert mortgage loan number)

The mortgagee named below ("Mortgagee") hereby notifies you that you are in default on your mortgage. If you fail to remedy this default, Mortgagee has the right to foreclose on the real estate securing the mortgage loan referenced in this Notice.

## NOTICE OF AVAILABILITY OF MORTGAGE COUNSELING SERVICES

**Housing counseling services are available to you at no cost**. Counseling services that can help you understand your options and provide resources and referrals that may assist you in preventing foreclosure are available from mortgage counseling agencies approved by the United States Department of Housing and Urban Development (HUD). You can locate a HUD-approved mortgage counseling agency by calling HUD's toll-free telephone number, 1-800-569-4287, or by accessing HUD's Internet homepage at www.hud.gov. The TDD number is 1800-877-8339. Foreclosure prevention counseling services are available free of charge through HUD's Housing Counseling Program.

**HUD Approved Housing Counseling Agencies in Rhode Island may be found at this link http://www.hud.gov/offices/hsg/sfh/hcc/hcs.cfm?&webListAction=search&searchstate=RI. If you do not have internet access, call the toll-free number above and request a printed list.**

Mortgagee:  Bruno Paliotta
Mortgagee Address:
Street:  105 Princess Avenue
City, State, Zip:  Cranston, RI 02920
Mortgagee Authorized Representative: Brandon Pope          Date mailed: 06/02/2023
Contact Information
Telephone:          (800) 603-0836          Email:  Bpope@snsc.com
              (Provide toll free number if available)

**FORMULARIO 34-27-3.1**

> **AVISO DE MORA Y DERECHO DEL ACREEDOR HIPOTECARIO A EJECUTAR LA HIPOTECA Y NOTIFICACIÓN DE DISPONIBILIDAD DE SERVICIOS DE ORIENTACIÓN HIPOTECARIA**

Se le proporciona esta notificación para informarle acerca del amparo que ofrecen las Leyes Generales de Rhode Island § 34-27-3.1 de *The Rhode Island Mortgage Foreclosure and Sale Act* (Ley sobre Ejecución de Hipotecas y Remates de Rhode Island).

## AVISO DE MORA Y DERECHO DEL ACREEDOR HIPOTECARIO A EJECUTAR LA HIPOTECA

Asunto: ▮▮▮▮▮▮▮                    (inserte el número del préstamo hipotecario)

Por medio del presente el acreedor hipotecario indicado abajo ("Acreedor hipotecario") le notifica que su hipoteca esta morosa. Si no puede solventar la situación, el Acreedor hipotecario tiene el derecho de ejecutar la hipoteca del inmueble que avala el préstamo hipotecario al cual se alude en el presente aviso.

## NOTIFICACIÓN DE DISPONIBILIDAD DE SERVICIOS DE ORIENTACIÓN IPOTECARIA

**Se encuentran a disposición servicios de orientación sobre vivienda sin costo adicional.** Los servicios de orientación pueden ayudarle a comprender las opciones de las que dispone, así como también ofrecerle recursos y referencias que podrían contribuir a evitar la ejecución de la hipoteca. Dichos servicios los ofrecen agencias de orientación hipotecaria aprobadas por el *United States Department of Housing and Urban Development* (Departamento de Vivienda y Desarrollo Urbano de EE.UU., HUD, por sus siglas en inglés). Puede localizar agencias de orientación hipotecaria aprobadas por HUD llamando al número gratuito de dicho departamento al 1-800-569-4287, o ingresando a la página en Internet de HUD www.hud.gov El número del dispositivo de comunicación para sordos (TDD, por sus siglas en inglés) es 1-800877-8339.. Los servicios de orientación para prevenir la ejecución de hipotecas se ofrecen sin costo alguno mediante el Programa de Orientación para la Vivienda de HUD.

Agencias de asesoría aprobadas por el Departamento de Vivienda y Desarrollo Urbano en Rhode Island pueden ser encontradas en este lugar http://www.hud.gov/offices/hsg/sfh/hcc/hcs.cfm?&webListAction=search&searchsta te=RI. Si usted no tiene acceso a internet, llame a la línea de teléfono gratuita que aparece arriba para solicitar una lista impresa.

Acreedor hipotecario: Bruno Paliotta
Calle: 105 Princess Avenue
Ciudad, estado, código postal: Cranston, RI 02920
Representante autorizado de hipoteca: Brandon Pope                    Fecha de envoi: 06/02/2023
Información de contacto:
Teléfono:          (800) 603-0836                    Correo electrónico: Bpope@snsc.com
    (Proporcione un número gratuito si to time)

# SERVICING CORPORATION

323 5th Street
Eureka, CA 95501

800-603-0836
Para Español, Ext. 2660 o 2643
8:00 a.m.  5:00 p.m. Pacific Time
Main Office NMLS #5985
Branch Office NMLS #9785

June 2, 2023

BY FIRST CLASS MAIL AND BY CERTIFIED MAIL – RETURN RECEIPT REQUESTED

Bruno Paliotta
105 Princess Avenue
Cranston, RI 02920

## NOTICE OF ATTEMPT TO COLLECT DEBT
Para información en Español, llame al (800) 603-0836, ext 2660

RE:          Account No ▮▮▮▮▮▮▮▮

Property Address:     105 Princess Avenue Cranston, RI 02920

**THIS COMMUNICATION IS FROM A DEBT COLLECTOR.  SN SERVICING CORPORATION, ITS EMPLOYEES, AGENTS AND ATTORNEYS ARE ATTEMPTING TO COLLECT THIS DEBT.  ANY INFORMATION THAT WE OBTAIN WILL BE USED FOR THAT PURPOSE.**

**IF YOU HAVE PREVIOUSLY RECEIVED A DISCHARGE IN BANKRUPTCY AND THIS DEBT WAS NOT REAFFIRMED, THIS CORRESPONDENCE IS NOT AND SHOULD NOT BE CONSTRUED TO BE AN ATTEMPT TO COLLECT SUCH A DEBT AS YOUR PERSONAL LIABILITY, BUT IS INSTEAD A STEP IN THE ENFORCEMENT OF A MORTGAGE LIEN AGAINST YOUR PROPERTY.**

Dear Bruno Paliotta;

Please be advised that SN Servicing Corporation (hereinafter referred to as "SN Servicing") is the agent for **U.S. Bank Trust National Association, as Trustee of Igloo  Series V Trust** of the above-referenced loan (hereinafter referred to as "the Debt") and it has authorized SN Servicing to act on its behalf regarding the collection of the Debt.  This office is relying on information provided by **U.S. Bank Trust National Association, as Trustee of Igloo  Series V Trust, and important data regarding that information is found on page two of this document.**

You are hereby provided formal notice that you are in default under the terms and conditions of the Note and Security Instrument (i.e., Deed of Trust, Mortgage, etc.) for failure to pay the required installments.  The amount required to cure your default as of July 2nd, 2023 is the sum of payments that have come due on and after the date of default, **October 1st, 2022**, plus late charges, periodic adjustments to the payment amount and costs, all of which total **$15,478.47**.  The date of default is the date that you are due for under the terms of the Note.

You may cure your default within 30 days from the date of this letter, which is **July 2nd, 2023** (or if said date falls on a Saturday, Sunday or legal Holiday, then on the first business day thereafter) by remitting payment to SN Servicing for the above amount, plus all installments and applicable penalties, late charges, and additional fees and expenses which became due during this 30-day period.  As a result of the default, any payment arrangements other than those stated in the Note and Security Instrument will no longer be accepted.  SN Servicing reserves the right to accept or reject a partial payment of the total amount due without waiving any of its rights herein or otherwise.  SN Servicing requires that all payments must be made in certified funds, cashier's check or money order(s).

This letter serves as further notice that SN Servicing intends to enforce the provisions of the Note and Security Instrument.  If you do not pay the full amount of **$15,478.47** on or before July 2nd, 2023 (or if said date falls on a Saturday, Sunday or legal Holiday, then on the first business data thereafter), this letter shall serve as further notice to you that immediately thereafter, and without further demand or notice to you, SN Servicing will accelerate the entire sum of both principal and interest.  **U.S. Bank Trust National Association, as Trustee of Igloo  Series V Trust** may also invoke any and all remedies provided for in the Note and Security Instrument, including but not limited to the foreclosure sale of the property.  Additional attorney's fees and costs, as provided for in the Security Instrument, that may be incurred will be your responsibility should you choose to cure the default.  As of the date of this letter, the total amount of the

SERVICING CORPORATION

323 5th Street
Eureka, CA 95501

800-603-0836
Para Español, Ext. 2660 o 2643
8:00 a.m.  5:00 p.m. Pacific Time
Main Office NMLS #5985
Branch Office NMLS #9785

Debt owed is the sum of the unpaid principal balance, which is **$148,424.66**, plus accrued but unpaid interest, late charges, advances and costs.

Failure to cure your default on or before the date specified in this notice may result in acceleration of the sums secured by your mortgage without further demand or notice and sale of the property.  You have the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense you may have to acceleration and sale. You will be responsible for all reasonable fees and costs incurred by SN Servicing in pursuing any of their remedies, including but not limited to reasonable attorney's fees, to the full extent permitted by law.

### IMPORTANT INFORMATION REGARDING YOUR DEBT

SN Servicing is attempting to collect a debt that you owe to **U.S. Bank Trust National Association, as Trustee of Igloo  Series V Trust** and any information that we obtain will be used for that purpose.

You are hereby further notified of the following information regarding your Debt:

1) **The amount of the debt:  Remaining principal balance of $148,424.66 plus unpaid accrued interest, escrow/impound shortages or credits, late charges, legal fees/costs, and miscellaneous charges.**
   2) **Name of the creditor to whom the debt is owed:  U.S. Bank Trust National Association, as Trustee of Igloo  Series V Trust.**
3) **Unless you dispute the validity of the debt or any portion thereof within thirty (30) days after receipt of the Notice, we will assume that the debt is valid.**
4) **If you notify us in writing within thirty (30) days after receipt of the Notice that the debt or any portion thereof is disputed, we will obtain verification of the debt or a copy of any judgment against you representing the debt and a copy of such verification or judgment will be mailed to you from our office.**
5) **You will be provided with the name and address of the original creditor, if different from the current creditor, if you send us a request for this information, within thirty (30) days after receipt of this Notice.**

The right to reinstate the debt may be available in many states, and you should ask your own lawyer about this right.  NO PERSON IN THIS OFFICE WILL GIVE YOU <u>ANY</u> LEGAL ADVICE.

If, at any time, you make a written request to this office not to be contacted by phone at your place of employment, we will not do so.  If, at any time, you make a written request to this office not to contact you, we will not do so, except by legal action.

You are notified that this default and any other legal action that may occur as a result thereof may be reported to one or more local and national credit reporting agencies.

**All communication about this matter must be made through SN Servicing.   If you have ANY QUESTIONS regarding the amounts due, or wish to discuss payment arrangements, please contact Brandon Pope at (800) 603-0836 ext. 2798.**

**SN Servicing requires that all payments must be made in certified funds, cashier's check or money order(s) payable to and mailed to:**

**SN Servicing Corporation**
**323 Fifth Street**
**Eureka, CA  95501**

SERVICING CORPORATION
323 5th Street
Eureka, CA 95501

800-603-0836
Para Español, Ext. 2660 o 2643
8:00 a.m.  5:00 p.m. Pacific Time
Main Office NMLS #5985
Branch Office NMLS #9785

The matters discussed herein are of extreme importance.  We trust that you will give them your immediate attention.

Very truly yours,

SN Servicing Corporation

For Colorado residents, SN Servicing Corporation may also be contacted at the following address or phone number during normal business hours:  Colorado Manager, Inc, 8690 Wolff Court, Suite 110,Westminster, CO  80031, 303-920-4763 office, or 303-920-4767 fax.



# Department of Business Regulation
### *Banking Division*
**1511 Pontiac Avenue, Bldg. 69-2**
**Cranston, Rhode Island 02920**

# Banking Bulletin 2018-3

Mortgage Foreclosure Forms

The forms on the following pages are required by R.I. Gen. Laws Chapter 34-27 and are designated for use in compliance with regulation 230-RICR-40-10-4 – Mortgage Foreclosure Disclosure.

FORM 34-27-3.2

---

### NOTICE OF MEDIATION CONFERENCE PURSUANT TO
### R.I. GEN. LAWS § 34-27-3.2

---

### THIS IS NOT AN EVICTION NOTICE

This Notice is provided to you to inform you of the protections provided by R.I. Gen. Laws § 34-27-3.2 of The Rhode Island Mortgage Foreclosure and Sale Act.

**TO ASSIST YOU IN AVOIDING FORECLOSURE, YOU HAVE THE RIGHT TO A FREE, IN-PERSON OR TELEPHONE MEDIATION CONFERENCE WITH AN INDEPENDENT MEDIATION COORDINATOR. THE MORTGAGEE MAY NOT FORECLOSE UNLESS IT PROVIDES YOU THE OPPORTUNITY TO PARTICIPATE IN THE MEDIATION CONFERENCE, WHICH MUST BE SCHEDULED WITHIN SIXTY (60) DAYS OF THE RECEIPT OF A COMPLETED NOTICE OF MEDIATION, SINGLE POINT OF CONTACT INFORMATION FOR THE MORTGAGEE, AND PAYMENT INITIATING THE MEDIATION PROCESS HAS BEEN RECEIVED BY THE MEDIATION COORDINATOR. YOU WILL BE CONTACTED BY A FORECLOSURE MEDIATION COORDINATOR TO SCHEDULE THAT MEDIATION CONFERENCE.**

**Name of Mortgagor**: U.S. Bank Trust National Association, as Trustee of Igloo Series V Trust        **Phone #**    (800) 603-0836
**Mortgage Loan Number:**
**Address of Residential Real Estate:** 323 Fifth Street Eureka, CA 95502

Date of Default                10/01/22
Date of release of loan from automatic stay in bankruptcy proceeding if applicable                          or NA
Date of release of loan from protections of the Servicemembers Civil Relief Act, 50 U.S.C. App. §501 et seq., or R.I. Gen. Laws §34-27-4(d), if applicable                          or NA
The mortgagee named below ("Mortgagee") hereby notifies you that you are in Default on your mortgage. If you fail to remedy this Default, Mortgagee has the right to foreclose on the real estate securing the mortgage loan referenced in this Notice.

**Mortgagee**:  Bruno Paliotta

**Mortgagee Address**:
Street:  105 Princess Avenue

City, State, Zip Code:  Cranston, RI 02920

**Mortgagee Authorized Representative**:                        Brandon Pope
Date mailed:              06/02/2023

**Contact Information for Mortgagee Authorized Representative:**

Telephone:              (800) 603-0836        Email:              Bpope@snsc.com
                (Provide toll free number if available)
cc: **Mediation Coordinator**: Brandon Pope

**FORMULARIO 34-27-3.2**

| NOTIFICACIÓN DE REUNIÓN DE MEDIACIÓN SEGÚN EL § 34-27-3.2 DE LAS LEYES GENERALES DE RHODE ISLAND (R. I.) |
|---|

## ESTO NO ES UN AVISO DE DESALOJO

Esta notificación se le proporciona para informarle sobre la protección que proveen las Leyes Generales de R. I. en el § 34-27-3.2 de la Mortgage Foreclosure and Sale Act (Ley de Ejecuciones Hipotecarias y Ventas) del estado de Rhode Island.

**PARA AYUDARLO A EVITAR LA EJECUCIÓN HIPOTECARIA, USTED TIENE DERECHO A UNA REUNIÓN DE MEDIACIÓN GRATUITA CON UN COORDINADOR DE MEDIACIÓN INDEPENDIENTE. DICHA REUNIÓN SE PODRÁ EFECTUAR PERSONALMENTE O POR TELÉFONO. EL ACREEDOR HIPOTECARIO NO PODRÁ EJECUTAR LA HIPOTECA SIN HABERLE PROPORCIONADO LA OPORTUNIDAD DE PARTICIPAR EN LA REUNIÓN DE MEDIACIÓN, LA CUAL DEBE ESTAR PROGRAMADA DENTRO DE LOS SESENTA (60) DÍAS DE RECIBIR EL AVISO DE CONFERENCIA DE MEDIACIÓN COMPLETO, PUNTO DE CONTACTO ÚNICO DEL ACREEDOR HIPOTECARIO, Y EL PAGO PARA EL INICIO DEL PROCESO DE MEDIACIÓN. USTED SERÁ CONTACTADO POR UN COORDINADOR DE MEDIACIÓN DE EJECUCIONES HIPOTECARIAS PARA PROGRAMMAR LA CONFERENCIA DE MEDIACIÓN.**

**Nombre del cliente:** U.S. Bank Trust National Association, as Trustee of Igloo Series-I **Teléfono:** (800) 603-0836

**Ref.:** ▮▮▮▮▮▮

**Escriba la Dirección de la Propiedad Resindencial:** 323 Fifth Street Eureka, CA 95502

**Fecha de Defecto:**          10/01/22

**Fecha de liberación de préstamo de la suspensión, automática en un procedimiento de quiebra, si es aplicable:**                    o no aplicable.

**Fecha de liberación de la hipoteca de la protección de la ley general Servicemembers Civil Relief Act, 50 U.S.C. App. §501 et seq., or R.I. Gen. Laws §34-27-4(d), si corresponde:**          o no aplicable.

Por la presente, el acreedor hipotecario nombrado a continuación ("Acreedor hipotecario") lo notifica que usted está en mora en los pagos de su hipoteca. Si no soluciona esta mora, el Acreedor hipotecario tiene derecho a ejecutar la hipoteca de la propiedad que garantiza el préstamo hipotecario citado en la referencia de esta notificación.

**Acreedor hipotecario** Bruno Paliotta

**Dirección del Acreedor hipotecario:**

**Calle:** 105 Princess Avenue

**Ciudad, estado y código postal:** Cranston, RI 02920

**Representante autorizado del Acreedor hipotecario:**          Brandon Pope

**Fecha de envío postal:**          06/02/2023

**Información de contacto del representante autorizado del Acreedor hipotecario:**

**Teléfono:**          (800) 603-0836

          (Si hay un número de teléfono gratuito disponible, indíquelo)

**Dirección de correo electrónico:**          Bpope@snsc.com

**cc: Coordinador de Mediación:** Brandon Pope

**FORMULÁRIO 34-27-3.2**

> ## NOTIFICAÇÃO DE CONFERÊNCIA DE MEDIAÇÃO CONFORME LEIS
> ## R.I. GEN. § 34-27-3.2

### ISTO NÃO É UM AVISO DE DESPEJO

Esta Notificação destina-se a informar-lhe as proteções fornecidas pelas leis R.I. Gen. § 34-27-3.2 de Execução Hipotecária e a Lei de Venda de Valores Imobiliários de Rhode Island.

**PARA AJUDAR-ILE A EVITAR O EMBARGO (FORECLOSURE) DA SUA CASA, INFORMAMOS-IHE QUE TEM O DIREITO A UMA CONFERÊNCIA DE MEDIAÇÃO, GRATUITA SEJA VIA TELEFÓNICA SEJA PESSOALMENTE COM UM COORDENADOR INDEPENDENTE DE MEDIAÇÃO. O CREDOR HIPOTECARIO NÃO PODE EMBARGAR ATÉ DAR-LHE A OPORTUNIDADE DE PARTICIPAR NESTA CONFERENCIA A QUAL SERÁ MARCADA NO PERIODO DE SESSENTA (60) DIAS DESDE OU AO RECEBERMOS O AVISO DE CONFERÊNCIA DE MEDIAÇÃO PREENCHIDO E ASSINALANDO O PEDIDO DE INFORMAÇÁO DE UM CONTACTO PARA O CREDOR, OU O PAGO INICIAL REQUERIDO SEJA RECEBIDO PELO MEDIODOR UM COORDENADOR IRÁ CONTACTAR-LHE PARA MARCAR A DATA DESTA MEDIAÇÃO.**

Nome do cliente: U.S. Bank Trust National Association, as Trustee of Igloo Series V Trust          Telefone: (800) 603-0836

Re:

Endereço de Imóveis Residenciais: 323 Fifth Street Eureka, CA 95502

Data de delinquência:          10/01/22

Data em que o empréstimo foi liberado da suspensão automática de falência, se aplicável:          ou não aplicável.

Data da exoneração da hipoteca da proteção conferida pela lei dos Estados Unidos da America e do Estado de Rhode Island (Servicemembers Civil Relief Act, 50 U.S.C. App §501 et seq. or R.I. Gen. Laws §34-27-4(d)), se aplicável:          ou não aplicável.

O Crédito Imobiliário denominada abaixo ("Créditos Imobiliários") por este instrumento notifica -se que está inadimplente em sua hipoteca. Se você falhar em corrigir tal inadimplência, Créditos Imobiliários têm o direito de executar o empréstimo de hipoteca consistente dos bens imóveis relacionados nesta notificação.

**Créditos Imobiliários:** Bruno Paliotta

**Endereço de Créditos Imobiliários:**

Rua: 105 Princess Avenue

Cidade, Estado, CEP: Cranston, RI 02920

**Representante Autorizado de Créditos Imobiliários:**          Brandon Pope

Data de envio:          06/02/2023

**Informações de Contato para Representante Autorizado de Créditos Imobiliários:**

Telefone:          (800) 603-0836          E-mail:          Bpope@snsc.com

(Forneça um número gratuito, se disponível)

cc: **Coordenador de Mediação:** Brandon Pope

**FORM 34-27-3.1**

---

| **NOTICE OF DEFAULT AND MORTGAGEE'S RIGHT TO FORECLOSE AND NOTICE OF AVAILABILITY OF MORTGAGE COUNSELING SERVICES** |
|---|

This Notice is provided to you to inform you of the protections provided by R.I. Gen. Laws § 34-27-3.1 of The Rhode Island Mortgage Foreclosure and Sale Act.

## NOTICE OF DEFAULT AND MORTGAGEE'S RIGHT TO FORECLOSE

Re: ████████                    (Insert mortgage loan number)

The mortgagee named below ("Mortgagee") hereby notifies you that you are in default on your mortgage. If you fail to remedy this default, Mortgagee has the right to foreclose on the real estate securing the mortgage loan referenced in this Notice.

## NOTICE OF AVAILABILITY OF MORTGAGE COUNSELING SERVICES

**Housing counseling services are available to you at no cost**. Counseling services that can help you understand your options and provide resources and referrals that may assist you in preventing foreclosure are available from mortgage counseling agencies approved by the United States Department of Housing and Urban Development (HUD). You can locate a HUD-approved mortgage counseling agency by calling HUD's toll-free telephone number, 1-800-569-4287, or by accessing HUD's Internet homepage at www.hud.gov. The TDD number is 1800-877-8339. Foreclosure prevention counseling services are available free of charge through HUD's Housing Counseling Program.

**HUD Approved Housing Counseling Agencies in Rhode Island may be found at this link http://www.hud.gov/offices/hsg/sfh/hcc/hcs.cfm?&webListAction=search&searchstate=RI. If you do not have internet access, call the toll-free number above and request a printed list.**

Mortgagee: Bruno Paliotta
Mortgagee Address:
Street: 105 Princess Avenue
City, State, Zip: Cranston, RI 02920
Mortgagee Authorized Representative: Brandon Pope               Date mailed: 06/02/2023
Contact Information
Telephone:        (800) 603-0836              Email: Bpope@snsc.com
        (Provide toll free number if available)

**FORMULARIO 34-27-3.1**

---

### AVISO DE MORA Y DERECHO DEL ACREEDOR HIPOTECARIO A EJECUTAR LA HIPOTECA Y NOTIFICACIÓN DE DISPONIBILIDAD DE SERVICIOS DE ORIENTACIÓN HIPOTECARIA

---

Se le proporciona esta notificación para informarle acerca del amparo que ofrecen las Leyes Generales de Rhode Island § 34-27-3.1 de *The Rhode Island Mortgage Foreclosure and Sale Act* (Ley sobre Ejecución de Hipotecas y Remates de Rhode Island).

### AVISO DE MORA Y DERECHO DEL ACREEDOR HIPOTECARIO A EJECUTAR LA HIPOTECA

Asunto: ██████████                    (inserte el número del préstamo hipotecario)

Por medio del presente el acreedor hipotecario indicado abajo ("Acreedor hipotecario") le notifica que su hipoteca esta morosa. Si no puede solventar la situación, el Acreedor hipotecario tiene el derecho de ejecutar la hipoteca del inmueble que avala el préstamo hipotecario al cual se alude en el presente aviso.

### NOTIFICACIÓN DE DISPONIBILIDAD DE SERVICIOS DE ORIENTACIÓN IPOTECARIA

**Se encuentran a disposición servicios de orientación sobre vivienda sin costo adicional.** Los servicios de orientación pueden ayudarle a comprender las opciones de las que dispone, así como también ofrecerle recursos y referencias que podrían contribuir a evitar la ejecución de la hipoteca. Dichos servicios los ofrecen agencias de orientación hipotecaria aprobadas por el *United States Department of Housing and Urban Development* (Departamento de Vivienda y Desarrollo Urbano de EE.UU., HUD, por sus siglas en inglés). Puede localizar agencias de orientación hipotecaria aprobadas por HUD llamando al número gratuito de dicho departamento al 1-800-569-4287, o ingresando a la página en Internet de HUD www.hud.gov El número del dispositivo de comunicación para sordos (TDD, por sus siglas en inglés) es 1-800877-8339.. Los servicios de orientación para prevenir la ejecución de hipotecas se ofrecen sin costo alguno mediante el Programa de Orientación para la Vivienda de HUD.

Agencias de asesoría aprobadas por el Departamento de Vivienda y Desarrollo Urbano en Rhode Island pueden ser encontradas en este lugar http://www.hud.gov/offices/hsg/sfh/hcc/hcs.cfm?&webListAction=search&searchsta te=RI. Si usted no tiene acceso a internet, llame a la línea de teléfono gratuita que aparece arriba para solicitar una lista impresa.

Acreedor hipotecario: Bruno Paliotta
Calle: 105 Princess Avenue
Ciudad, estado, código postal: Cranston, RI 02920
Representante autorizado de hipoteca: Brandon Pope                    Fecha de envoi: 06/02/2023
Información de contacto:
Teléfono:          (800) 603-0836                    Correo electrónico: Bpope@snsc.com
   (Proporcione un número gratuito si to time)

**SERVICING CORPORATION**

323 5th Street
Eureka, CA 95501

800-603-0836
Para Español, Ext. 2660 o 2643
8:00 a.m.  5:00 p.m. Pacific Time
Main Office NMLS #5985
Branch Office NMLS #9785

June 2, 2023

BY FIRST CLASS MAIL AND BY CERTIFIED MAIL – RETURN RECEIPT REQUESTED

Anna A. Paliotta
105 Princess Avenue
Cranston, RI 02920

### NOTICE OF ATTEMPT TO COLLECT DEBT
Para información en Español, llame al (800) 603-0836, ext 2660

RE:          Account No. ▮▮▮▮▮▮▮

Property Address:          105 Princess Avenue Cranston, RI 02920

**THIS COMMUNICATION IS FROM A DEBT COLLECTOR.  SN SERVICING CORPORATION, ITS EMPLOYEES, AGENTS AND ATTORNEYS ARE ATTEMPTING TO COLLECT THIS DEBT.  ANY INFORMATION THAT WE OBTAIN WILL BE USED FOR THAT PURPOSE.**

**IF YOU HAVE PREVIOUSLY RECEIVED A DISCHARGE IN BANKRUPTCY AND THIS DEBT WAS NOT REAFFIRMED, THIS CORRESPONDENCE IS NOT AND SHOULD NOT BE CONSTRUED TO BE AN ATTEMPT TO COLLECT SUCH A DEBT AS YOUR PERSONAL LIABILITY, BUT IS INSTEAD A STEP IN THE ENFORCEMENT OF A MORTGAGE LIEN AGAINST YOUR PROPERTY.**

Dear Anna A. Paliotta;

Please be advised that SN Servicing Corporation (hereinafter referred to as "SN Servicing") is the agent for **U.S. Bank Trust National Association, as Trustee of Igloo  Series V Trust** of the above-referenced loan (hereinafter referred to as "the Debt") and it has authorized SN Servicing to act on its behalf regarding the collection of the Debt.  This office is relying on information provided by **U.S. Bank Trust National Association, as Trustee of Igloo  Series V Trust, and important data regarding that information is found on page two of this document.**

You are hereby provided formal notice that you are in default under the terms and conditions of the Note and Security Instrument (i.e., Deed of Trust, Mortgage, etc.) for failure to pay the required installments.  The amount required to cure your default as of July 2nd, 2023 is the sum of payments that have come due on and after the date of default, **October 1st, 2022**, plus late charges, periodic adjustments to the payment amount and costs, all of which total **$15,478.47**.  The date of default is the date that you are due for under the terms of the Note.

You may cure your default within 30 days from the date of this letter, which is **July 2nd, 2023** (or if said date falls on a Saturday, Sunday or legal Holiday, then on the first business day thereafter) by remitting payment to SN Servicing for the above amount, plus all installments and applicable penalties, late charges, and additional fees and expenses which became due during this 30-day period.  As a result of the default, any payment arrangements other than those stated in the Note and Security Instrument will no longer be accepted.  SN Servicing reserves the right to accept or reject a partial payment of the total amount due without waiving any of its rights herein or otherwise.  SN Servicing requires that all payments must be made in certified funds, cashier's check or money order(s).

This letter serves as further notice that SN Servicing intends to enforce the provisions of the Note and Security Instrument.  If you do not pay the full amount of **$15,478.47** on or before July 2nd, 2023 (or if said date falls on a Saturday, Sunday or legal Holiday, then on the first business data thereafter), this letter shall serve as further notice to you that immediately thereafter, and without further demand or notice to you, SN Servicing will accelerate the entire sum of both principal and interest.  **U.S. Bank Trust National Association, as Trustee of Igloo  Series V Trust** may also invoke any and all remedies provided for in the Note and Security Instrument, including but not limited to the foreclosure sale of the property.  Additional attorney's fees and costs, as provided for in the Security Instrument, that may be incurred will be your responsibility should you choose to cure the default.  As of the date of this letter, the total amount of the

**SERVICING CORPORATION**

323 5ᵗʰ Street
Eureka, CA 95501

800-603-0836
Para Español, Ext. 2660 o 2643
8:00 a.m.  5:00 p.m. Pacific Time
Main Office NMLS #5985
Branch Office NMLS #9785

Debt owed is the sum of the unpaid principal balance, which is **$148,424.66**, plus accrued but unpaid interest, late charges, advances and costs.

Failure to cure your default on or before the date specified in this notice may result in acceleration of the sums secured by your mortgage without further demand or notice and sale of the property.  You have the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense you may have to acceleration and sale. You will be responsible for all reasonable fees and costs incurred by SN Servicing in pursuing any of their remedies, including but not limited to reasonable attorney's fees, to the full extent permitted by law.

<u>**IMPORTANT INFORMATION REGARDING YOUR DEBT**</u>

SN Servicing is attempting to collect a debt that you owe to **U.S. Bank Trust National Association, as Trustee of Igloo  Series V Trust** and any information that we obtain will be used for that purpose.

You are hereby further notified of the following information regarding your Debt:

1) **The amount of the debt:  Remaining principal balance of $148,424.66 plus unpaid accrued interest, escrow/impound shortages or credits, late charges, legal fees/costs, and miscellaneous charges.**
    2) **Name of the creditor to whom the debt is owed:  U.S. Bank Trust National Association, as Trustee of Igloo  Series V Trust.**
3) **Unless you dispute the validity of the debt or any portion thereof within thirty (30) days after receipt of the Notice, we will assume that the debt is valid.**
4) **If you notify us in writing within thirty (30) days after receipt of the Notice that the debt or any portion thereof is disputed, we will obtain verification of the debt or a copy of any judgment against you representing the debt and a copy of such verification or judgment will be mailed to you from our office.**
5) **You will be provided with the name and address of the original creditor, if different from the current creditor, if you send us a request for this information, within thirty (30) days after receipt of this Notice.**

The right to reinstate the debt may be available in many states, and you should ask your own lawyer about this right.  NO PERSON IN THIS OFFICE WILL GIVE YOU <u>ANY</u> LEGAL ADVICE.

If, at any time, you make a written request to this office not to be contacted by phone at your place of employment, we will not do so.  If, at any time, you make a written request to this office not to contact you, we will not do so, except by legal action.

You are notified that this default and any other legal action that may occur as a result thereof may be reported to one or more local and national credit reporting agencies.

**All communication about this matter must be made through SN Servicing.   If you have ANY QUESTIONS regarding the amounts due, or wish to discuss payment arrangements, please contact Brandon Pope at (800) 603-0836 ext. 2798.**

**SN Servicing requires that all payments must be made in certified funds, cashier's check or money order(s) payable to and mailed to:**

**SN Servicing Corporation
323 Fifth Street
Eureka, CA  95501**

## SERVICING CORPORATION

323 5th Street
Eureka, CA 95501

800-603-0836
Para Español, Ext. 2660 o 2643
8:00 a.m.  5:00 p.m. Pacific Time
Main Office NMLS #5985
Branch Office NMLS #9785

The matters discussed herein are of extreme importance.  We trust that you will give them your immediate attention.

Very truly yours,

SN Servicing Corporation

For Colorado residents, SN Servicing Corporation may also be contacted at the following address or phone number during normal business hours:  Colorado Manager, Inc, 8690 Wolff Court, Suite 110,Westminster, CO  80031, 303-920-4763 office, or 303-920-4767 fax.



# Department of Business Regulation
### *Banking Division*
**1511 Pontiac Avenue, Bldg. 69-2**
**Cranston, Rhode Island 02920**

# Banking Bulletin 2018-3

Mortgage Foreclosure Forms

The forms on the following pages are required by R.I. Gen. Laws Chapter 34-27 and are designated for use in compliance with regulation 230-RICR-40-10-4 – Mortgage Foreclosure Disclosure.

**FORM 34-27-3.2**

---

### NOTICE OF MEDIATION CONFERENCE PURSUANT TO R.I. GEN. LAWS § 34-27-3.2

---

### THIS IS NOT AN EVICTION NOTICE

This Notice is provided to you to inform you of the protections provided by R.I. Gen. Laws § 34-27-3.2 of The Rhode Island Mortgage Foreclosure and Sale Act.

**TO ASSIST YOU IN AVOIDING FORECLOSURE, YOU HAVE THE RIGHT TO A FREE, IN-PERSON OR TELEPHONE MEDIATION CONFERENCE WITH AN INDEPENDENT MEDIATION COORDINATOR. THE MORTGAGEE MAY NOT FORECLOSE UNLESS IT PROVIDES YOU THE OPPORTUNITY TO PARTICIPATE IN THE MEDIATION CONFERENCE, WHICH MUST BE SCHEDULED WITHIN SIXTY (60) DAYS OF THE RECEIPT OF A COMPLETED NOTICE OF MEDIATION, SINGLE POINT OF CONTACT INFORMATION FOR THE MORTGAGEE, AND PAYMENT INITIATING THE MEDIATION PROCESS HAS BEEN RECEIVED BY THE MEDIATION COORDINATOR. YOU WILL BE CONTACTED BY A FORECLOSURE MEDIATION COORDINATOR TO SCHEDULE THAT MEDIATION CONFERENCE.**

**Name of Mortgagor**: U.S. Bank Trust National Association, as Trustee of Igloo Series V Trust    **Phone #**  (800) 603-0836
**Mortgage Loan Number:** ▆▆▆▆▆▆
**Address of Residential Real Estate:** 323 Fifth Street Eureka, CA 95502

Date of Default            10/01/22
Date of release of loan from automatic stay in bankruptcy proceeding if applicable                or NA
Date of release of loan from protections of the Servicemembers Civil Relief Act, 50 U.S.C. App. §501 et seq., or R.I. Gen. Laws §34-27-4(d), if applicable                        or NA
The mortgagee named below ("Mortgagee") hereby notifies you that you are in Default on your mortgage. If you fail to remedy this Default, Mortgagee has the right to foreclose on the real estate securing the mortgage loan referenced in this Notice.

**Mortgagee**: Anna A. Paliotta

**Mortgagee Address**:
Street: 105 Princess Avenue

City, State, Zip Code: Cranston, RI 02920

**Mortgagee Authorized Representative**:                Brandon Pope
Date mailed:            06/02/2023

**Contact Information for Mortgagee Authorized Representative:**

Telephone:            (800) 603-0836        Email:        Bpope@snsc.com
            (Provide toll free number if available)
cc: **Mediation Coordinator**: Brandon Pope

**FORMULARIO 34-27-3.2**

---

### NOTIFICACIÓN DE REUNIÓN DE MEDIACIÓN SEGÚN EL § 34-27-3.2 DE LAS LEYES GENERALES DE RHODE ISLAND (R. I.)

---

#### ESTO NO ES UN AVISO DE DESALOJO

Esta notificación se le proporciona para informarle sobre la protección que proveen las Leyes Generales de R. I. en el § 34-27-3.2 de la Mortgage Foreclosure and Sale Act (Ley de Ejecuciones Hipotecarias y Ventas) del estado de Rhode Island.

**PARA AYUDARLO A EVITAR LA EJECUCIÓN HIPOTECARIA, USTED TIENE DERECHO A UNA REUNIÓN DE MEDIACIÓN GRATUITA CON UN COORDINADOR DE MEDIACIÓN INDEPENDIENTE. DICHA REUNIÓN SE PODRÁ EFECTUAR PERSONALMENTE O POR TELÉFONO. EL ACREEDOR HIPOTECARIO NO PODRÁ EJECUTAR LA HIPOTECA SIN HABERLE PROPORCIONADO LA OPORTUNIDAD DE PARTICIPAR EN LA REUNIÓN DE MEDIACIÓN, LA CUAL DEBE ESTAR PROGRAMADA DENTRO DE LOS SESENTA (60) DÍAS DE RECIBIR EL AVISO DE CONFERENCIA DE MEDIACIÓN COMPLETO, PUNTO DE CONTACTO ÚNICO DEL ACREEDOR HIPOTECARIO, Y EL PAGO PARA EL INICIO DEL PROCESO DE MEDIACIÓN. USTED SERÁ CONTACTADO POR UN COORDINADOR DE MEDIACIÓN DE EJECUCIONES HIPOTECARIAS PARA PROGRAMMAR LA CONFERENCIA DE MEDIACIÓN.**

**Nombre del cliente:** U.S. Bank Trust National Association, as Trustee of Igloo Series **Teléfono:** (800) 603-0836

**Ref.:** ▮▮▮▮

**Escriba la Dirección de la Propiedad Resindencial:** 323 Fifth Street Eureka, CA 95502

**Fecha de Defecto:** 10/01/22

**Fecha de liberación de préstamo de la suspensión, automática en un procedimiento de quiebra, si es aplicable:** o no aplicable.

**Fecha de liberación de la hipoteca de la protección de la ley general Servicemembers Civil Relief Act, 50 U.S.C. App. §501 et seq., or R.I. Gen. Laws §34-27-4(d), si corresponde:** o no aplicable.

Por la presente, el acreedor hipotecario nombrado a continuación ("Acreedor hipotecario") lo notifica que usted está en mora en los pagos de su hipoteca. Si no soluciona esta mora, el Acreedor hipotecario tiene derecho a ejecutar la hipoteca de la propiedad que garantiza el préstamo hipotecario citado en la referencia de esta notificación.

**Acreedor hipotecario** Anna A. Paliotta

**Dirección del Acreedor hipotecario:**

**Calle:** 105 Princess Avenue

**Ciudad, estado y código postal:** Cranston, RI 02920

**Representante autorizado del Acreedor hipotecario:** Brandon Pope

**Fecha de envío postal:** 06/02/2023

**Información de contacto del representante autorizado del Acreedor hipotecario:**

**Teléfono:** (800) 603-0836

(Si hay un número de teléfono gratuito disponible, indíquelo)

**Dirección de correo electrónico:** Bpope@snsc.com

**cc: Coordinador de Mediación:** Brandon Pope

**FORMULÁRIO 34-27-3.2**

---

**NOTIFICAÇÃO DE CONFERÊNCIA DE MEDIAÇÃO CONFORME LEIS R.I. GEN. § 34-27-3.2**

---

**ISTO NÃO É UM AVISO DE DESPEJO**

Esta Notificação destina-se a informar-lhe as proteções fornecidas pelas leis R.I. Gen. § 34-27-3.2 de Execução Hipotecária e a Lei de Venda de Valores Imobiliários de Rhode Island.

**PARA AJUDAR-ILE A EVITAR O EMBARGO (FORECLOSURE) DA SUA CASA, INFORMAMOS-IHE QUE TEM O DIREITO A UMA CONFERÊNCIA DE MEDIAÇÃO, GRATUITA SEJA VIA TELEFÓNICA SEJA PESSOALMENTE COM UM COORDENADOR INDEPENDENTE DE MEDIAÇÁO. O CREDOR HIPOTECARIO NÃO PODE EMBARGAR ATÉ DAR-LHE A OPORTUNIDADE DE PARTICIPAR NESTA CONFERENCIA A QUAL SERÁ MARCADA NO PERIODO DE SESSENTA (60) DIAS DESDE OU AO RECEBERMOS O AVISO DE CONFERÊNCIA DE MEDIAÇÃO PREENCHIDO E ASSINALANDO O PEDIDO DE INFORMAÇÁO DE UM CONTACTO PARA O CREDOR, OU O PAGO INICIAL REQUERIDO SEJA RECEBIDO PELO MEDIODOR UM COORDENADOR IRÁ CONTACTAR-LHE PARA MARCAR A DATA DESTA MEDIAÇÁO.**

Nome do cliente: U.S. Bank Trust National Association, as Trustee of Igloo Series V Trust    Telefone: (800) 603-0836

Re: [redacted]

Endereço de Imóveis Residenciais: 323 Fifth Street Eureka, CA 95502

Data de delinquência:    10/01/22

Data em que o empréstimo foi liberado da suspensão automática de falência, se aplicável:                ou não aplicável.

Data da exoneração da hipoteca da proteção conferida pela lei dos Estados Unidos da America e do Estado de Rhode Island (Servicemembers Civil Relief Act, 50 U.S.C. App §501 et seq. or R.I. Gen. Laws §34-27-4(d)), se aplicável:                ou não aplicável.

O Crédito Imobiliário denominada abaixo ("Créditos Imobiliários") por este instrumento notifica -se que está inadimplente em sua hipoteca. Se você falhar em corrigir tal inadimplência, Créditos Imobiliários têm o direito de executar o empréstimo de hipoteca consistente dos bens imóveis relacionados nesta notificação.

**Créditos Imobiliários:** Anna A. Paliotta

**Endereço de Créditos Imobiliários:**

Rua: 105 Princess Avenue

Cidade, Estado, CEP: Cranston, RI 02920

**Representante Autorizado de Créditos Imobiliários:**                Brandon Pope

Data de envio:        06/02/2023

**Informações de Contato para Representante Autorizado de Créditos Imobiliários:**

Telefone:        (800) 603-0836        E-mail:        Bpope@snsc.com

    (Forneça um número gratuito, se disponível)

cc: **Coordenador de Mediação:** Brandon Pope

**FORM 34-27-3.1**

---

**NOTICE OF DEFAULT AND MORTGAGEE'S RIGHT TO FORECLOSE AND
NOTICE OF AVAILABILITY OF MORTGAGE COUNSELING SERVICES**

---

This Notice is provided to you to inform you of the protections provided by R.I. Gen. Laws § 34-27-3.1 of The Rhode Island Mortgage Foreclosure and Sale Act.

### NOTICE OF DEFAULT AND MORTGAGEE'S RIGHT TO FORECLOSE

Re: ███████        (Insert mortgage loan number)

The mortgagee named below ("Mortgagee") hereby notifies you that you are in default on your mortgage. If you fail to remedy this default, Mortgagee has the right to foreclose on the real estate securing the mortgage loan referenced in this Notice.

### NOTICE OF AVAILABILITY OF MORTGAGE COUNSELING SERVICES

**Housing counseling services are available to you at no cost**. Counseling services that can help you understand your options and provide resources and referrals that may assist you in preventing foreclosure are available from mortgage counseling agencies approved by the United States Department of Housing and Urban Development (HUD). You can locate a HUD-approved mortgage counseling agency by calling HUD's toll-free telephone number, 1-800-569-4287, or by accessing HUD's Internet homepage at www.hud.gov. The TDD number is 1800-877-8339. Foreclosure prevention counseling services are available free of charge through HUD's Housing Counseling Program.

> **HUD Approved Housing Counseling Agencies in Rhode Island may be found at this link**
> **http://www.hud.gov/offices/hsg/sfh/hcc/hcs.cfm?&webListAction=search&searchstate=RI. If you do not have internet access, call the toll-free number above and request a printed list.**

Mortgagee: Anna A. Paliotta
Mortgagee Address:
Street: 105 Princess Avenue
City, State, Zip: Cranston, RI 02920
Mortgagee Authorized Representative: Brandon Pope        Date mailed: 06/02/2023
Contact Information
Telephone:        (800) 603-0836        Email: Bpope@snsc.com
        (Provide toll free number if available)

**FORMULARIO 34-27-3.1**

---

### AVISO DE MORA Y DERECHO DEL ACREEDOR HIPOTECARIO A EJECUTAR LA HIPOTECA Y NOTIFICACIÓN DE DISPONIBILIDAD DE SERVICIOS DE ORIENTACIÓN HIPOTECARIA

---

Se le proporciona esta notificación para informarle acerca del amparo que ofrecen las Leyes Generales de Rhode Island § 34-27-3.1 de *The Rhode Island Mortgage Foreclosure and Sale Act* (Ley sobre Ejecución de Hipotecas y Remates de Rhode Island).

### AVISO DE MORA Y DERECHO DEL ACREEDOR HIPOTECARIO A EJECUTAR LA HIPOTECA

Asunto: ▮▮▮▮▮▮▮▮                    (inserte el número del préstamo hipotecario)

Por medio del presente el acreedor hipotecario indicado abajo ("Acreedor hipotecario") le notifica que su hipoteca esta morosa. Si no puede solventar la situación, el Acreedor hipotecario tiene el derecho de ejecutar la hipoteca del inmueble que avala el préstamo hipotecario al cual se alude en el presente aviso.

### NOTIFICACIÓN DE DISPONIBILIDAD DE SERVICIOS DE ORIENTACIÓN IPOTECARIA

**Se encuentran a disposición servicios de orientación sobre vivienda sin costo adicional.**
Los servicios de orientación pueden ayudarle a comprender las opciones de las que dispone, así como también ofrecerle recursos y referencias que podrían contribuir a evitar la ejecución de la hipoteca. Dichos servicios los ofrecen agencias de orientación hipotecaria aprobadas por el *United States Department of Housing and Urban Development* (Departamento de Vivienda y Desarrollo Urbano de EE.UU., HUD, por sus siglas en inglés). Puede localizar agencias de orientación hipotecaria aprobadas por HUD llamando al número gratuito de dicho departamento al 1-800-569-4287, o ingresando a la página en Internet de HUD www.hud.gov El número del dispositivo de comunicación para sordos (TDD, por sus siglas en inglés) es 1-800877-8339.. Los servicios de orientación para prevenir la ejecución de hipotecas se ofrecen sin costo alguno mediante el Programa de Orientación para la Vivienda de HUD.

Agencias de asesoría aprobadas por el Departamento de Vivienda y Desarrollo Urbano en Rhode Island pueden ser encontradas en este lugar http://www.hud.gov/offices/hsg/sfh/hcc/hcs.cfm?&webListAction=search&searchsta te=RI. Si usted no tiene acceso a internet, llame a la línea de teléfono gratuita que aparece arriba para solicitar una lista impresa.

Acreedor hipotecario: Anna A. Paliotta
Calle: 105 Princess Avenue
Ciudad, estado, código postal: Cranston, RI 02920
Representante autorizado de hipoteca: Brandon Pope                    Fecha de envoi: 06/02/2023
Información de contacto:
Teléfono:            (800) 603-0836            Correo electrónico: Bpope@snsc.com
     (Proporcione un número gratuito si to time)

**SN** **SERVICING CORPORATION**

323 5th Street
Eureka, CA 95501

800-603-0836
Para Español, Ext. 2660 o 2643
8:00 a.m.  5:00 p.m. Pacific Time
Main Office NMLS #5985
Branch Office NMLS #9785

June 2, 2023

BY FIRST CLASS MAIL AND BY CERTIFIED MAIL – RETURN RECEIPT REQUESTED

Anna A. Paliotta
105 Princess Avenue
Cranston, RI 02920

**NOTICE OF ATTEMPT TO COLLECT DEBT**
Para información en Español, llame al (800) 603-0836, ext 2660

RE:        Account No

Property Address:    105 Princess Avenue Cranston, RI 02920

**THIS COMMUNICATION IS FROM A DEBT COLLECTOR. SN SERVICING CORPORATION, ITS EMPLOYEES, AGENTS AND ATTORNEYS ARE ATTEMPTING TO COLLECT THIS DEBT.  ANY INFORMATION THAT WE OBTAIN WILL BE USED FOR THAT PURPOSE.**

**IF YOU HAVE PREVIOUSLY RECEIVED A DISCHARGE IN BANKRUPTCY AND THIS DEBT WAS NOT REAFFIRMED, THIS CORRESPONDENCE IS NOT AND SHOULD NOT BE CONSTRUED TO BE AN ATTEMPT TO COLLECT SUCH A DEBT AS YOUR PERSONAL LIABILITY, BUT IS INSTEAD A STEP IN THE ENFORCEMENT OF A MORTGAGE LIEN AGAINST YOUR PROPERTY.**

Dear Anna A. Paliotta;

Please be advised that SN Servicing Corporation (hereinafter referred to as "SN Servicing") is the agent for **U.S. Bank Trust National Association, as Trustee of Igloo  Series V Trust** of the above-referenced loan (hereinafter referred to as "the Debt") and it has authorized SN Servicing to act on its behalf regarding the collection of the Debt.  This office is relying on information provided by **U.S. Bank Trust National Association, as Trustee of Igloo  Series V Trust, and important data regarding that information is found on page two of this document.**

You are hereby provided formal notice that you are in default under the terms and conditions of the Note and Security Instrument (i.e., Deed of Trust, Mortgage, etc.) for failure to pay the required installments.  The amount required to cure your default as of July 2nd, 2023 is the sum of payments that have come due on and after the date of default, **October 1st, 2022**, plus late charges, periodic adjustments to the payment amount and costs, all of which total **$15,478.47**.  The date of default is the date that you are due for under the terms of the Note.

You may cure your default within 30 days from the date of this letter, which is **July 2nd, 2023** (or if said date falls on a Saturday, Sunday or legal Holiday, then on the first business day thereafter) by remitting payment to SN Servicing for the above amount, plus all installments and applicable penalties, late charges, and additional fees and expenses which became due during this 30-day period.  As a result of the default, any payment arrangements other than those stated in the Note and Security Instrument will no longer be accepted.  SN Servicing reserves the right to accept or reject a partial payment of the total amount due without waiving any of its rights herein or otherwise.  SN Servicing requires that all payments must be made in certified funds, cashier's check or money order(s).

This letter serves as further notice that SN Servicing intends to enforce the provisions of the Note and Security Instrument.  If you do not pay the full amount of **$15,478.47** on or before July 2nd, 2023 (or if said date falls on a Saturday, Sunday or legal Holiday, then on the first business data thereafter), this letter shall serve as further notice to you that immediately thereafter, and without further demand or notice to you, SN Servicing will accelerate the entire sum of both principal and interest.  **U.S. Bank Trust National Association, as Trustee of Igloo  Series V Trust** may also invoke any and all remedies provided for in the Note and Security Instrument, including but not limited to the foreclosure sale of the property.  Additional attorney's fees and costs, as provided for in the Security Instrument, that may be incurred will be your responsibility should you choose to cure the default.  As of the date of this letter, the total amount of the

**SERVICING CORPORATION**

323 5th Street
Eureka, CA 95501

800-603-0836
Para Español, Ext. 2660 o 2643
8:00 a.m.  5:00 p.m. Pacific Time
Main Office NMLS #5985
Branch Office NMLS #9785

Debt owed is the sum of the unpaid principal balance, which is **$148,424.66**, plus accrued but unpaid interest, late charges, advances and costs.

Failure to cure your default on or before the date specified in this notice may result in acceleration of the sums secured by your mortgage without further demand or notice and sale of the property.  You have the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense you may have to acceleration and sale. You will be responsible for all reasonable fees and costs incurred by SN Servicing in pursuing any of their remedies, including but not limited to reasonable attorney's fees, to the full extent permitted by law.

### IMPORTANT INFORMATION REGARDING YOUR DEBT

SN Servicing is attempting to collect a debt that you owe to **U.S. Bank Trust National Association, as Trustee of Igloo  Series V Trust** and any information that we obtain will be used for that purpose.

You are hereby further notified of the following information regarding your Debt:

1) **The amount of the debt:  Remaining principal balance of $148,424.66 plus unpaid accrued interest, escrow/impound shortages or credits, late charges, legal fees/costs, and miscellaneous charges.**
    2) **Name of the creditor to whom the debt is owed:  U.S. Bank Trust National Association, as Trustee of Igloo  Series V Trust.**
3) **Unless you dispute the validity of the debt or any portion thereof within thirty (30) days after receipt of the Notice, we will assume that the debt is valid.**
4) **If you notify us in writing within thirty (30) days after receipt of the Notice that the debt or any portion thereof is disputed, we will obtain verification of the debt or a copy of any judgment against you representing the debt and a copy of such verification or judgment will be mailed to you from our office.**
5) **You will be provided with the name and address of the original creditor, if different from the current creditor, if you send us a request for this information, within thirty (30) days after receipt of this Notice.**

The right to reinstate the debt may be available in many states, and you should ask your own lawyer about this right.  NO PERSON IN THIS OFFICE WILL GIVE YOU <u>ANY</u> LEGAL ADVICE.

If, at any time, you make a written request to this office not to be contacted by phone at your place of employment, we will not do so.  If, at any time, you make a written request to this office not to contact you, we will not do so, except by legal action.

You are notified that this default and any other legal action that may occur as a result thereof may be reported to one or more local and national credit reporting agencies.

**All communication about this matter must be made through SN Servicing.   If you have ANY QUESTIONS regarding the amounts due, or wish to discuss payment arrangements, please contact Brandon Pope at (800) 603-0836 ext. 2798.**

**SN Servicing requires that all payments must be made in certified funds, cashier's check or money order(s) payable to and mailed to:**

**SN Servicing Corporation
323 Fifth Street
Eureka, CA  95501**

**SERVICING CORPORATION**
323 5th Street
Eureka, CA 95501

800-603-0836
Para Español, Ext. 2660 o 2643
8:00 a.m.  5:00 p.m. Pacific Time
Main Office NMLS #5985
Branch Office NMLS #9785

The matters discussed herein are of extreme importance.  We trust that you will give them your immediate attention.

Very truly yours,

SN Servicing Corporation

For Colorado residents, SN Servicing Corporation may also be contacted at the following address or phone number during normal business hours:  Colorado Manager, Inc, 8690 Wolff Court, Suite 110,Westminster, CO  80031, 303-920-4763 office, or 303-920-4767 fax.



# Department of Business Regulation
### *Banking Division*
**1511 Pontiac Avenue, Bldg. 69-2**
**Cranston, Rhode Island 02920**

# Banking Bulletin 2018-3
Mortgage Foreclosure Forms

The forms on the following pages are required by R.I. Gen. Laws Chapter 34-27 and are designated for use in compliance with regulation 230-RICR-40-10-4 – Mortgage Foreclosure Disclosure.

**FORM 34-27-3.2**

---

## NOTICE OF MEDIATION CONFERENCE PURSUANT TO
## R.I. GEN. LAWS § 34-27-3.2

### THIS IS NOT AN EVICTION NOTICE

This Notice is provided to you to inform you of the protections provided by R.I. Gen. Laws § 34-27-3.2 of The Rhode Island Mortgage Foreclosure and Sale Act.

**TO ASSIST YOU IN AVOIDING FORECLOSURE, YOU HAVE THE RIGHT TO A FREE, IN-PERSON OR TELEPHONE MEDIATION CONFERENCE WITH AN INDEPENDENT MEDIATION COORDINATOR. THE MORTGAGEE MAY NOT FORECLOSE UNLESS IT PROVIDES YOU THE OPPORTUNITY TO PARTICIPATE IN THE MEDIATION CONFERENCE, WHICH MUST BE SCHEDULED WITHIN SIXTY (60) DAYS OF THE RECEIPT OF A COMPLETED NOTICE OF MEDIATION, SINGLE POINT OF CONTACT INFORMATION FOR THE MORTGAGEE, AND PAYMENT INITIATING THE MEDIATION PROCESS HAS BEEN RECEIVED BY THE MEDIATION COORDINATOR. YOU WILL BE CONTACTED BY A FORECLOSURE MEDIATION COORDINATOR TO SCHEDULE THAT MEDIATION CONFERENCE.**

**Name of Mortgagor**: U.S. Bank Trust National Association, as Trustee of Igloo Series V Trust      **Phone #**   (800) 603-0836

**Mortgage Loan Number:** ▮▮▮▮▮▮

**Address of Residential Real Estate:** 323 Fifth Street Eureka, CA 95502

Date of Default            10/01/22

Date of release of loan from automatic stay in bankruptcy proceeding if applicable                or NA

Date of release of loan from protections of the Servicemembers Civil Relief Act, 50 U.S.C. App. §501 et seq., or R.I. Gen. Laws §34-27-4(d), if applicable                or NA

The mortgagee named below ("Mortgagee") hereby notifies you that you are in Default on your mortgage. If you fail to remedy this Default, Mortgagee has the right to foreclose on the real estate securing the mortgage loan referenced in this Notice.

**Mortgagee**: Anna A. Paliotta

**Mortgagee Address**:

Street: 105 Princess Avenue

City, State, Zip Code: Cranston, RI 02920

**Mortgagee Authorized Representative**:                Brandon Pope

Date mailed:            06/02/2023

**Contact Information for Mortgagee Authorized Representative:**

Telephone:            (800) 603-0836        Email:        Bpope@snsc.com
            (Provide toll free number if available)

cc: **Mediation Coordinator**: Brandon Pope

**FORMULARIO 34-27-3.2**

## NOTIFICACIÓN DE REUNIÓN DE MEDIACIÓN SEGÚN EL § 34-27-3.2 DE LAS LEYES GENERALES DE RHODE ISLAND (R. I.)

### ESTO NO ES UN AVISO DE DESALOJO

Esta notificación se le proporciona para informarle sobre la protección que proveen las Leyes Generales de R. I. en el § 34-27-3.2 de la Mortgage Foreclosure and Sale Act (Ley de Ejecuciones Hipotecarias y Ventas) del estado de Rhode Island.

**PARA AYUDARLO A EVITAR LA EJECUCIÓN HIPOTECARIA, USTED TIENE DERECHO A UNA REUNIÓN DE MEDIACIÓN GRATUITA CON UN COORDINADOR DE MEDIACIÓN INDEPENDIENTE. DICHA REUNIÓN SE PODRÁ EFECTUAR PERSONALMENTE O POR TELÉFONO. EL ACREEDOR HIPOTECARIO NO PODRÁ EJECUTAR LA HIPOTECA SIN HABERLE PROPORCIONADO LA OPORTUNIDAD DE PARTICIPAR EN LA REUNIÓN DE MEDIACIÓN, LA CUAL DEBE ESTAR PROGRAMADA DENTRO DE LOS SESENTA (60) DÍAS DE RECIBIR EL AVISO DE CONFERENCIA DE MEDIACIÓN COMPLETO, PUNTO DE CONTACTO ÚNICO DEL ACREEDOR HIPOTECARIO, Y EL PAGO PARA EL INICIO DEL PROCESO DE MEDIACIÓN. USTED SERÁ CONTACTADO POR UN COORDINADOR DE MEDIACIÓN DE EJECUCIONES HIPOTECARIAS PARA PROGRAMMAR LA CONFERENCIA DE MEDIACIÓN.**

**Nombre del cliente:** U.S. Bank Trust National Association, as Trustee of Igloo Series 1 **Teléfono:** (800) 603-0836

**Ref.:** ▓▓▓

**Escriba la Dirección de la Propiedad Resindencial:** 323 Fifth Street Eureka, CA 95502

**Fecha de Defecto:** 10/01/22

**Fecha de liberación de préstamo de la suspensión, automática en un procedimiento de quiebra, si es aplicable:** o no aplicable.

**Fecha de liberación de la hipoteca de la protección de la ley general Servicemembers Civil Relief Act, 50 U.S.C. App. §501 et seq., or R.I. Gen. Laws §34-27-4(d), si corresponde:** o no aplicable.

Por la presente, el acreedor hipotecario nombrado a continuación ("Acreedor hipotecario") lo notifica que usted está en mora en los pagos de su hipoteca. Si no soluciona esta mora, el Acreedor hipotecario tiene derecho a ejecutar la hipoteca de la propiedad que garantiza el préstamo hipotecario citado en la referencia de esta notificación.

**Acreedor hipotecario** Anna A. Paliotta

**Dirección del Acreedor hipotecario:**

**Calle:** 105 Princess Avenue

**Ciudad, estado y código postal:** Cranston, RI 02920

**Representante autorizado del Acreedor hipotecario:**                Brandon Pope

**Fecha de envío postal:** 06/02/2023

**Información de contacto del representante autorizado del Acreedor hipotecario:**

**Teléfono:** (800) 603-0836

       (Si hay un número de teléfono gratuito disponible, indíquelo)

**Dirección de correo electrónico:** Bpope@snsc.com

**cc: Coordinador de Mediación:** Brandon Pope

**FORMULÁRIO 34-27-3.2**

---

**NOTIFICAÇÃO DE CONFERÊNCIA DE MEDIAÇÃO CONFORME LEIS R.I. GEN. § 34-27-3.2**

---

## ISTO NÃO É UM AVISO DE DESPEJO

Esta Notificação destina-se a informar-lhe as proteções fornecidas pelas leis R.I. Gen. § 34-27-3.2 de Execução Hipotecária e a Lei de Venda de Valores Imobiliários de Rhode Island.

**PARA AJUDAR-ILE A EVITAR O EMBARGO (FORECLOSURE) DA SUA CASA, INFORMAMOS-IHE QUE TEM O DIREITO A UMA CONFERÊNCIA DE MEDIAÇÃO, GRATUITA SEJA VIA TELEFÓNICA SEJA PESSOALMENTE COM UM COORDENADOR INDEPENDENTE DE MEDIAÇÁO. O CREDOR HIPOTECARIO NÃO PODE EMBARGAR ATÉ DAR-LHE A OPORTUNIDADE DE PARTICIPAR NESTA CONFERENCIA A QUAL SERÁ MARCADA NO PERIODO DE SESSENTA (60) DIAS DESDE OU AO RECEBERMOS O AVISO DE CONFERÊNCIA DE MEDIAÇÃO PREENCHIDO E ASSINALANDO O PEDIDO DE INFORMAÇÁO DE UM CONTACTO PARA O CREDOR, OU O PAGO INICIAL REQUERIDO SEJA RECEBIDO PELO MEDIODOR UM COORDENADOR IRÁ CONTACTAR-LHE PARA MARCAR A DATA DESTA MEDIAÇÁO.**

Nome do cliente: U.S. Bank Trust National Association, as Trustee of Igloo Series V Trust      Telefone: (800) 603-0836

Re: ▮▮▮▮▮▮

Endereço de Imóveis Residenciais: 323 Fifth Street Eureka, CA 95502

Data de delinquência:          10/01/22

Data em que o empréstimo foi liberado da suspensão automática de falência, se aplicável:          ou não aplicável.

Data da exoneração da hipoteca da proteção conferida pela lei dos Estados Unidos da America e do Estado de Rhode Island (Servicemembers Civil Relief Act, 50 U.S.C. App §501 et seq. or R.I. Gen. Laws §34-27-4(d)), se aplicável:          ou não aplicável.

O Crédito Imobiliário denominada abaixo ("Créditos Imobiliários") por este instrumento notifica -se que está inadimplente em sua hipoteca. Se você falhar em corrigir tal inadimplência, Créditos Imobiliários têm o direito de executar o empréstimo de hipoteca consistente dos bens imóveis relacionados nesta notificação.

**Créditos Imobiliários:** Anna A. Paliotta

**Endereço de Créditos Imobiliários:**

Rua: 105 Princess Avenue

Cidade, Estado, CEP: Cranston, RI 02920

**Representante Autorizado de Créditos Imobiliários:**          Brandon Pope

Data de envio:          06/02/2023

**Informações de Contato para Representante Autorizado de Créditos Imobiliários:**

Telefone:          (800) 603-0836          E-mail:          Bpope@snsc.com

(Forneça um número gratuito, se disponível)

cc: **Coordenador de Mediação:** Brandon Pope

**FORM 34-27-3.1**

---

**NOTICE OF DEFAULT AND MORTGAGEE'S RIGHT TO FORECLOSE AND
NOTICE OF AVAILABILITY OF MORTGAGE COUNSELING SERVICES**

---

This Notice is provided to you to inform you of the protections provided by R.I. Gen. Laws § 34-27-3.1 of The Rhode Island Mortgage Foreclosure and Sale Act.

## NOTICE OF DEFAULT AND MORTGAGEE'S RIGHT TO FORECLOSE

Re ▮▮▮▮▮▮                    (Insert mortgage loan number)

The mortgagee named below ("Mortgagee") hereby notifies you that you are in default on your mortgage. If you fail to remedy this default, Mortgagee has the right to foreclose on the real estate securing the mortgage loan referenced in this Notice.

## NOTICE OF AVAILABILITY OF MORTGAGE COUNSELING SERVICES

**Housing counseling services are available to you at no cost**. Counseling services that can help you understand your options and provide resources and referrals that may assist you in preventing foreclosure are available from mortgage counseling agencies approved by the United States Department of Housing and Urban Development (HUD). You can locate a HUD-approved mortgage counseling agency by calling HUD's toll-free telephone number, 1-800-569-4287, or by accessing HUD's Internet homepage at www.hud.gov. The TDD number is 1800-877-8339. Foreclosure prevention counseling services are available free of charge through HUD's Housing Counseling Program.

> **HUD Approved Housing Counseling Agencies in Rhode Island may be found at this link http://www.hud.gov/offices/hsg/sfh/hcc/hcs.cfm?&webListAction=search&searchstate=RI. If you do not have internet access, call the toll-free number above and request a printed list.**

Mortgagee:  Anna A. Paliotta
Mortgagee Address:
Street:  105 Princess Avenue
City, State, Zip:  Cranston, RI 02920
Mortgagee Authorized Representative: Brandon Pope                    Date mailed: 06/02/2023
Contact Information
Telephone:          (800) 603-0836          Email:  Bpope@snsc.com
            (Provide toll free number if available)

**FORMULARIO 34-27-3.1**

---

**AVISO DE MORA Y DERECHO DEL ACREEDOR HIPOTECARIO A EJECUTAR LA HIPOTECA Y NOTIFICACIÓN DE DISPONIBILIDAD DE SERVICIOS DE ORIENTACIÓN HIPOTECARIA**

---

Se le proporciona esta notificación para informarle acerca del amparo que ofrecen las Leyes Generales de Rhode Island § 34-27-3.1 de *The Rhode Island Mortgage Foreclosure and Sale Act* (Ley sobre Ejecución de Hipotecas y Remates de Rhode Island).

## AVISO DE MORA Y DERECHO DEL ACREEDOR HIPOTECARIO A EJECUTAR LA HIPOTECA

Asunto: ███████                          (inserte el número del préstamo hipotecario)

Por medio del presente el acreedor hipotecario indicado abajo ("Acreedor hipotecario") le notifica que su hipoteca esta morosa. Si no puede solventar la situación, el Acreedor hipotecario tiene el derecho de ejecutar la hipoteca del inmueble que avala el préstamo hipotecario al cual se alude en el presente aviso.

## NOTIFICACIÓN DE DISPONIBILIDAD DE SERVICIOS DE ORIENTACIÓN IPOTECARIA

**Se encuentran a disposición servicios de orientación sobre vivienda sin costo adicional.** Los servicios de orientación pueden ayudarle a comprender las opciones de las que dispone, así como también ofrecerle recursos y referencias que podrían contribuir a evitar la ejecución de la hipoteca. Dichos servicios los ofrecen agencias de orientación hipotecaria aprobadas por el *United States Department of Housing and Urban Development* (Departamento de Vivienda y Desarrollo Urbano de EE.UU., HUD, por sus siglas en inglés). Puede localizar agencias de orientación hipotecaria aprobadas por HUD llamando al número gratuito de dicho departamento al 1-800-569-4287, o ingresando a la página en Internet de HUD www.hud.gov El número del dispositivo de comunicación para sordos (TDD, por sus siglas en inglés) es 1-800877-8339.. Los servicios de orientación para prevenir la ejecución de hipotecas se ofrecen sin costo alguno mediante el Programa de Orientación para la Vivienda de HUD.

Agencias de asesoría aprobadas por el Departamento de Vivienda y Desarrollo Urbano en Rhode Island pueden ser encontradas en este lugar http://www.hud.gov/offices/hsg/sfh/hcc/hcs.cfm?&webListAction=search&searchsta te=RI. Si usted no tiene acceso a internet, llame a la línea de teléfono gratuita que aparece arriba para solicitar una lista impresa.

Acreedor hipotecario: Anna A. Paliotta
Calle: 105 Princess Avenue
Ciudad, estado, código postal: Cranston, RI 02920
Representante autorizado de hipoteca: Brandon Pope                    Fecha de envoi: 06/02/2023
Información de contacto:
Teléfono:         (800) 603-0836              Correo electrónico: Bpope@snsc.com
    (Proporcione un número gratuito si to time)

EXHIBIT I

Demerle Hoeger LLP
10 CITY SQ STE 4
BOSTON MA 02129-3740

**USPS CERTIFIED MAIL**

9414 8118 9876 5417 1373 74

Giuseppe B. Palliotta
105 PRINCESS AVE
CRANSTON RI 02920-6837

$7.18    **US POSTAGE**
**FIRST-CLASS**
Jul 28 2023
Mailed from ZIP 02129
1 OZ FIRST-CLASS MAIL LETTER
RATE
11923275



062S0014949880

stamps
endicia



# DEMERLE HOEGER LLP

REAL ESTATE LAW

### THIS COMMUNICATION IS FROM A DEBT COLLECTOR. ITS EMPLOYEES, AGENTS AND ATTORNEYS ARE ATTEMPTING TO COLLECT THIS DEBT. ANY INFORMATION THAT WE OBTAIN WILL BE USED FOR THAT PURPOSE.

IF YOU HAVE PREVIOUSLY RECEIVED A DISCHARGE IN BANKRUPTCY AND THIS DEBT WAS NOT REAFFIRMED, THIS CORRESPONDENCE IS NOT AND SHOULD NOT BE CONSTRUED TO BE AN ATTMEPT TO COLLECT SUCH A DEBT AS YOUR PERSONAL LIABILITY, BUT IS INSTEAD A STEP IN THE ENFORCEMENT OF A MORTGAGE LIEN AGAINST YOUR PROPERTY.

- This is an important notice concerning your right to live in your home. Have it translated at once.
- Esta carta explica sus derechos legales para permanecer en su propiedad de vivienda.  Por favor traduzca esta notificacion inmediatamente.
- Este é um aviso importante em relação ao seu dereito de morar na sua residência. Por favor, tem tradizido imediatamente.
- C'est une notification importante concernant votre droit de vivre chez vous. Faites-la traduire immédiatement.
- 这是一则关於您居住权的重要通知, 请尽快安排翻译

## NOTICE OF ACCELERATION

July 28, 2023

### BY FIRST-CLASS MAIL AND BY CERTIFIED MAIL, RETURN RECEIPT REQUESTED

Giuseppe B. Palliotta
105 Princess Avenue
Cranston, RI 02920

RE:   **105 Princess Avenue, Cranston, RI 02920 ("Premises")**
      **Loan Number:**

Dear Giuseppe B. Palliotta:

This office has been retained by SN Servicing Corporation, servicer for U.S. Bank Trust National Association, as Trustee of Igloo Series V Trust ("Holder"), the present holder of a certain mortgage to Mortgage Electronic Registration Systems, Inc., as nominee for Accredited Home Lenders, Inc., in the original principal amount of $250,000.00, dated May 19, 2006 ("Mortgage"). The Holder informs us that you are in breach of conditions of the loan documents and Mortgage regarding the property located at **105 Princess Avenue, Cranston, RI 02920** ("Premises"). We

Bruno Paliotta, Anna A. Paliotta and Giuseppe B. Palliotta
105 Princess Avenue, Cranston, RI 02920
Notice of Acceleration
July 28, 2023

have been instructed to foreclose in the name of the Holder. You are hereby notified that the Holder elects to accelerate the entire indebtedness and declares the entire balance due and payable forthwith and without further notice. Our client has advised that as of the date of this notice, the amount of the debt is $161,590.59.

Even though the debt is hereby accelerated, you may still have the right to reinstate the loan. While your Mortgage may contain a limitation on the timing of reinstatement to five (5) days prior to the foreclosure sale, notwithstanding this limitation, you may reinstate at any time prior to the sale. Please note that because interest and other charges continue to accrue pursuant to the terms of the loan documents, the above figure is subject to change and the amount necessary to reinstate or pay off the loan changes daily. If you would like a reinstatement quote or payoff statement for the loan, please contact the undersigned. Please note that only requests made by owners, borrowers, mortgagors and/or authorized parties will be processed. Please also note, however, that the Holder reserves its right, if allowed by the loan documents and applicable law, to refuse to accept a reinstatement and to insist upon full payment of all amounts due.

Unless you, within thirty-five (35) days after receipt of this notice, dispute the validity of the debt or any portion thereof, we will assume the debt to be valid. If you notify this office in writing within thirty-five (35) days from receipt of this notice that the debt, or any portion thereof, is disputed,this office will obtain verification of the debt or a copy of a judgment against you and a copy of such verification or judgment will be mailed to you by this office. Upon your written request within the thirty-five (35) days from receipt of this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

The law does not require this office to wait until the end of the thirty-five- (35) day period before proceeding with legal action to collect the debt. However, if you notify this office in writing within the thirty-five- (35) day period described in the previous paragraph that the debt, or any portion thereof, is disputed, or that you request the name and address of the original creditor, this office shall cease collection of the debt or any disputed portion thereof until this office obtains verification of the debt or a copy of a judgment, or the name and the address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to you by this office.

Your failure to dispute the validity of the debt may not be construed by a court as an admission of liability by you.

**PLEASE BE ADVISED THAT THIS OFFICE IS ATTEMPTING TO COLLECT A DEBT AND THAT ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

FC – Bruno Paliotta, Anna A. Paliotta and Giuseppe B. Palliotta -- Accel
2

Bruno Paliotta, Anna A. Paliotta and Giuseppe B. Palliotta
105 Princess Avenue, Cranston, RI 02920
Notice of Acceleration
July 28, 2023

If you (a) did not execute the promissory note relating to this Mortgage; (b) are in bankruptcy; or (c) have been discharged in bankruptcy, this letter is for informational purposes only and is not intended as an attempt to collect a debt or an act to collect, assess or recover all or any portion of the debt from you personally. If you are represented by an attorney, please provide us with your attorney's name, address and telephone number.

Sincerely,

Michael Swain, Esq.
Demerle Hoeger LLP,
Counsel for SN Servicing Corporation

Demerle Hoeger LLP
10 City Square, 4th Floor
Boston, MA 02129
(617) 337-4444 from 9am to 5pm EST, Monday to Friday
www.dhnewengland.com

To:   Bruno Paliotta, Estate of
      Anna A. Paliotta and
      Giuseppe B. Palliotta 105
      Princess Avenue,
      Cranston, RI 02920
      **Reference: SN- Paliotta**

**Demerle Hoeger LLP is a debt collector.** We are trying to collect a debt that you owe to SN Servicing Corporation. We will use any information you give us to help collect the debt.

## Our information shows:

| | | |
|---|---|---|
| Your loan is due for October 1, 2022; as of July 28, 2023, the outstanding principal balance is: Between October 1, 2022 and today: | | $148,424.66 |
| You were charged this amount in interest: | + | $6,721.56 |
| You were charged this amount in escrows/advances, late fees and other fees: | + | $6,444.37 |
| You paid or were credited this amount toward the debt: | − | $0.00 |
| **Total amount of the debt now:** | | **$161,590.59** |

## How can you dispute the debt?

- **Call or write to us by September 1, 2023, to dispute all or part of the debt.** If you do not, we will assume that our information is correct.

- If you write to us by **September 1, 2023**, we must stop collection on any amount you dispute until we send you information that shows you owe the debt.

- You may use the form below or you may write to us without the form. You may also include supporting documents. We accept disputes electronically at info@dhnewengland.com.

## What else can you do?

- **Write to ask for the name and address of the original creditor.** If you write by September 1, 2023, we will stop collection until we send you that information. You may use the form below or write to us without the form. We accept such requests electronically at info@dhnewengland.com.

- Go to www.cfpb.gov/debt-collection to learn more about your rights under federal law. For instance, you have the right to stop or limit how we contact you.

- Contact us about your payment options.

- Póngase en contacto con nosotros para solicitar una copia de este formulario en español

---



**Mail this form to:**

**Demerle Hoeger LLP**
10 City Square, 4th Floor
Boston, MA 02129

Bruno Paliotta, Estate of
Anna A. Paliotta and
Giuseppe B. Palliotta 105
Princess Avenue,
Cranston, RI 02920

## How do you want to respond?

*Check all that apply:*
☐ **I want to dispute the debt because I think:**

  ☐ This is not my debt.
  ☐ The amount is wrong.
  ☐ Other (please describe on reverse or attach additional information).

☐ **I want you to send me the name and address of the original creditor.**

☐ **I enclosed this amount**\*\*: | $

Make your check payable to *Demerle Hoeger LLP.* Include the reference number .

☐ **Quiero esta forma en español.**

Demerle Hoeger LLP
10 CITY SQ STE 4
BOSTON MA 02129-3740

**USPS CERTIFIED MAIL**



9414 8118 9876 5417 1377 63

Estate of Anna A. Paliotta
105 PRINCESS AVE
CRANSTON RI 02920-6837

$7.18    **US POSTAGE**
**FIRST-CLASS**
Jul 28 2023
Mailed from ZIP 02129
1 OZ FIRST-CLASS MAIL LETTER
RATE
11923276



062S0014949875



# DEMERLE HOEGER LLP

REAL ESTATE LAW

**THIS COMMUNICATION IS FROM A DEBT COLLECTOR. ITS EMPLOYEES, AGENTS AND ATTORNEYS ARE ATTEMPTING TO COLLECT THIS DEBT. ANY INFORMATION THAT WE OBTAIN WILL BE USED FOR THAT PURPOSE.**

IF YOU HAVE PREVIOUSLY RECEIVED A DISCHARGE IN BANKRUPTCY AND THIS DEBT WAS NOT REAFFIRMED, THIS CORRESPONDENCE IS NOT AND SHOULD NOT BE CONSTRUED TO BE AN ATTMEPT TO COLLECT SUCH A DEBT AS YOUR PERSONAL LIABILITY, BUT IS INSTEAD A STEP IN THE ENFORCEMENT OF A MORTGAGE LIEN AGAINST YOUR PROPERTY.

- This is an important notice concerning your right to live in your home. Have it translated at once.
- Esta carta explica sus derechos legales para permanecer en su propiedad de vivienda.  Por favor traduzca esta notificacion inmediatamente.
- Este é um aviso importante em relação ao seu dereito de morar na sua residência. Por favor, tem tradizido imediatamente.
- C'est une notification importante concernant votre droit de vivre chez vous. Faites-la traduire immédiatement.
- 这是一则关於您居住权的重要通知, 请儘快安排翻译

## NOTICE OF ACCELERATION

July 28, 2023

### BY FIRST-CLASS MAIL AND BY CERTIFIED MAIL, RETURN RECEIPT REQUESTED

Estate of Anna A. Paliotta
105 Princess Avenue
Cranston, RI 02920

     RE:   **105 Princess Avenue, Cranston, RI 02920 ("Premises")**
           **Loan Number:** ▊▊▊▊

Dear Sir/Madam:

     This office has been retained by SN Servicing Corporation, servicer for U.S. Bank Trust National Association, as Trustee of Igloo Series V Trust ("Holder"), the present holder of a certain mortgage to Mortgage Electronic Registration Systems, Inc., as nominee for Accredited Home Lenders, Inc., in the original principal amount of $250,000.00, dated May 19, 2006 ("Mortgage"). The Holder informs us that you are in breach of conditions of the loan documents and Mortgage regarding the property located at **105 Princess Avenue, Cranston, RI 02920** ("Premises"). We

Bruno Paliotta, Anna A. Paliotta and Giuseppe B. Palliotta
105 Princess Avenue, Cranston, RI 02920
Notice of Acceleration
July 28, 2023

have been instructed to foreclose in the name of the Holder. You are hereby notified that the Holder elects to accelerate the entire indebtedness and declares the entire balance due and payable forthwith and without further notice. Our client has advised that as of the date of this notice, the amount of the debt is $161,590.59.

Even though the debt is hereby accelerated, you may still have the right to reinstate the loan. While your Mortgage may contain a limitation on the timing of reinstatement to five (5) days prior to the foreclosure sale, notwithstanding this limitation, you may reinstate at any time prior to the sale. Please note that because interest and other charges continue to accrue pursuant to the terms of the loan documents, the above figure is subject to change and the amount necessary to reinstate or pay off the loan changes daily. If you would like a reinstatement quote or payoff statement for the loan, please contact the undersigned. Please note that only requests made by owners, borrowers, mortgagors and/or authorized parties will be processed. Please also note, however, that the Holder reserves its right, if allowed by the loan documents and applicable law, to refuse to accept a reinstatement and to insist upon full payment of all amounts due.

Unless you, within thirty-five (35) days after receipt of this notice, dispute the validity of the debt or any portion thereof, we will assume the debt to be valid. If you notify this office in writing within thirty-five (35) days from receipt of this notice that the debt, or any portion thereof, is disputed,this office will obtain verification of the debt or a copy of a judgment against you and a copy of such verification or judgment will be mailed to you by this office. Upon your written request within the thirty-five (35) days from receipt of this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

The law does not require this office to wait until the end of the thirty-five- (35) day period before proceeding with legal action to collect the debt. However, if you notify this office in writing within the thirty-five- (35) day period described in the previous paragraph that the debt, or any portion thereof, is disputed, or that you request the name and address of the original creditor, this office shall cease collection of the debt or any disputed portion thereof until this office obtains verification of the debt or a copy of a judgment, or the name and the address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to you by this office.

Your failure to dispute the validity of the debt may not be construed by a court as an admission of liability by you.

**PLEASE BE ADVISED THAT THIS OFFICE IS ATTEMPTING TO COLLECT A DEBT AND THAT ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

Bruno Paliotta, Anna A. Paliotta and Giuseppe B. Palliotta
105 Princess Avenue, Cranston, RI 02920
Notice of Acceleration
July 28, 2023

If you (a) did not execute the promissory note relating to this Mortgage; (b) are in bankruptcy; or (c) have been discharged in bankruptcy, this letter is for informational purposes only and is not intended as an attempt to collect a debt or an act to collect, assess or recover all or any portion of the debt from you personally. If you are represented by an attorney, please provide us with your attorney's name, address and telephone number.

Sincerely,

Michael Swain, Esq.
Demerle Hoeger LLP,
Counsel for SN Servicing Corporation

Demerle Hoeger LLP
10 City Square, 4th Floor
Boston, MA 02129
(617) 337-4444 from 9am to 5pm EST, Monday to Friday
www.dhnewengland.com

To:  Bruno Paliotta, Estate of
     Anna A. Paliotta and
     Giuseppe B. Palliotta 105
     Princess Avenue,
     Cranston, RI 02920
     **Reference: SN- Paliotta**

**Demerle Hoeger LLP is a debt collector.** We are trying to collect a debt that you owe to SN Servicing Corporation. We will use any information you give us to help collect the debt.

## Our information shows:

| | | |
|---|---|---|
| Your loan is due for October 1, 2022; as of July 28, 2023, the outstanding principal balance is: Between October 1, 2022 and today: | | $148,424.66 |
| You were charged this amount in interest: | + | $6,721.56 |
| You were charged this amount in escrows/advances, late fees and other fees: | + | $6,444.37 |
| You paid or were credited this amount toward the debt: | − | $0.00 |
| **Total amount of the debt now:** | | **$161,590.59** |

## How can you dispute the debt?

· **Call or write to us by September 1, 2023, to dispute all or part of the debt.** If you do not, we will assume that our information is correct.

· If you write to us by **September 1, 2023**, we must stop collection on any amount you dispute until we send you information that shows you owe the debt.

· You may use the form below or you may write to us without the form. You may also include supporting documents. We accept disputes electronically at info@dhnewengland.com.

## What else can you do?

· **Write to ask for the name and address of the original creditor.** If you write by September 1, 2023, we will stop collection until we send you that information. You may use the form below or write to us without the form. We accept such requests electronically at info@dhnewengland.com.

· **Go to www.cfpb.gov/debt-collection to learn more about your rights under federal law.** For instance, you have the right to stop or limit how we contact you.

· Contact us about your payment options.

· Póngase en contacto con nosotros para solicitar una copia de este formulario en español

---

✂

Mail this form to:

**Demerle Hoeger LLP**
10 City Square, 4th Floor
Boston, MA 02129


Bruno Paliotta, Estate of
Anna A. Paliotta and
Giuseppe B. Palliotta 105
Princess Avenue,
Cranston, RI 02920

## How do you want to respond?

*Check all that apply:*
☐ **I want to dispute the debt because I think:**

  ☐ This is not my debt.
  ☐ The amount is wrong.
  ☐ Other (please describe on reverse or attach additional information).

☐ **I want you to send me the name and address of the original creditor.**

☐ **I enclosed this amount**\*\*: | $ |

Make your check payable to *Demerle Hoeger LLP.* Include the reference number .

☐ **Quiero esta forma en español.**

Demerle Hoeger LLP
10 CITY SQ STE 4
BOSTON MA 02129-3740

$7.18    **US POSTAGE**
**FIRST-CLASS**
Jul 28 2023
Mailed from ZIP 02129
1 OZ FIRST-CLASS MAIL LETTER
RATE
11923275



062S0014949866

**USPS CERTIFIED MAIL**



9414 8118 9876 5417 1378 55

Bruno Paliotta
105 PRINCESS AVE
CRANSTON RI 02920-6837



# DEMERLE HOEGER LLP

REAL ESTATE LAW

## THIS COMMUNICATION IS FROM A DEBT COLLECTOR. ITS EMPLOYEES, AGENTS AND ATTORNEYS ARE ATTEMPTING TO COLLECT THIS DEBT. ANY INFORMATION THAT WE OBTAIN WILL BE USED FOR THAT PURPOSE.

IF YOU HAVE PREVIOUSLY RECEIVED A DISCHARGE IN BANKRUPTCY AND THIS DEBT WAS NOT REAFFIRMED, THIS CORRESPONDENCE IS NOT AND SHOULD NOT BE CONSTRUED TO BE AN ATTMEPT TO COLLECT SUCH A DEBT AS YOUR PERSONAL LIABILITY, BUT IS INSTEAD A STEP IN THE ENFORCEMENT OF A MORTGAGE LIEN AGAINST YOUR PROPERTY.

- This is an important notice concerning your right to live in your home. Have it translated at once.
- Esta carta explica sus derechos legales para permanecer en su propiedad de vivienda. Por favor traduzca esta notificacion inmediatamente.
- Este é um aviso importante em relação ao seu dereito de morar na sua residência. Por favor, tem tradizido imediatamente.
- C'est une notification importante concernant votre droit de vivre chez vous. Faites-la traduire immédiatement.
- 这是一则关於您居住权的重要通知, 请儘快安排翻译

## NOTICE OF ACCELERATION

July 28, 2023

### BY FIRST-CLASS MAIL AND BY CERTIFIED MAIL, RETURN RECEIPT REQUESTED

Bruno Paliotta
105 Princess Avenue
Cranston, RI 02920

RE:  **105 Princess Avenue, Cranston, RI 02920 ("Premises")**
     **Loan Number:** ▮▮▮▮▮

Dear Bruno Paliotta:

This office has been retained by SN Servicing Corporation, servicer for U.S. Bank Trust National Association, as Trustee of Igloo Series V Trust ("Holder"), the present holder of a certain mortgage to Mortgage Electronic Registration Systems, Inc., as nominee for Accredited Home Lenders, Inc., in the original principal amount of $250,000.00, dated May 19, 2006 ("Mortgage"). The Holder informs us that you are in breach of conditions of the loan documents and Mortgage regarding the property located at **105 Princess Avenue, Cranston, RI 02920** ("Premises"). We

10 City Square  |  Boston, MA 02129  |  Tel: 617.337.4444  |  Fax: 617.337.4496
www.DHNewEngland.com

Bruno Paliotta, Anna A. Paliotta and Giuseppe B. Palliotta
105 Princess Avenue, Cranston, RI 02920
Notice of Acceleration
July 28, 2023

have been instructed to foreclose in the name of the Holder.  You are hereby notified that the Holder elects to accelerate the entire indebtedness and declares the entire balance due and payable forthwith and without further notice.  Our client has advised that as of the date of this notice, the amount of the debt is $161,590.59.

Even though the debt is hereby accelerated, you may still have the right to reinstate the loan.  While your Mortgage may contain a limitation on the timing of reinstatement to five (5) days prior to the foreclosure sale, notwithstanding this limitation, you may reinstate at any time prior to the sale.  Please note that because interest and other charges continue to accrue pursuant to the terms of the loan documents, the above figure is subject to change and the amount necessary to reinstate or pay off the loan changes daily.  If you would like a reinstatement quote or payoff statement for the loan, please contact the undersigned.  Please note that only requests made by owners, borrowers, mortgagors and/or authorized parties will be processed.  Please also note, however, that the Holder reserves its right, if allowed by the loan documents and applicable law, to refuse to accept a reinstatement and to insist upon full payment of all amounts due.

Unless you, within thirty-five (35) days after receipt of this notice, dispute the validity of the debt or any portion thereof, we will assume the debt to be valid.  If you notify this office in writing within thirty-five (35) days from receipt of this notice that the debt, or any portion thereof, is disputed,this office will obtain verification of the debt or a copy of a judgment against you and a copy of such verification or judgment will be mailed to you by this office. Upon your written request within the thirty-five (35) days from receipt of this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

The law does not require this office to wait until the end of the thirty-five- (35) day period before proceeding with legal action to collect the debt. However, if you notify this office in writing within the thirty-five- (35) day period described in the previous paragraph that the debt, or any portion thereof, is disputed, or that you request the name and address of the original creditor, this office shall cease collection of the debt or any disputed portion thereof until this office obtains verification of the debt or a copy of a judgment, or the name and the address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to you by this office.

Your failure to dispute the validity of the debt may not be construed by a court as an admission of liability by you.

**PLEASE BE ADVISED THAT THIS OFFICE IS ATTEMPTING TO COLLECT A DEBT AND THAT ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

Bruno Paliotta, Anna A. Paliotta and Giuseppe B. Palliotta
105 Princess Avenue, Cranston, RI 02920
Notice of Acceleration
July 28, 2023

If you (a) did not execute the promissory note relating to this Mortgage; (b) are in bankruptcy; or (c) have been discharged in bankruptcy, this letter is for informational purposes only and is not intended as an attempt to collect a debt or an act to collect, assess or recover all or any portion of the debt from you personally. If you are represented by an attorney, please provide us with your attorney's name, address and telephone number.

Sincerely,

Michael Swain, Esq.
Demerle Hoeger LLP,
Counsel for SN Servicing Corporation

Demerle Hoeger LLP
10 City Square, 4th Floor
Boston, MA 02129
(617) 337-4444 from 9am to 5pm EST, Monday to Friday
www.dhnewengland.com

To:  Bruno Paliotta, Estate of
Anna A. Paliotta and
Giuseppe B. Palliotta 105
Princess Avenue,
Cranston, RI 02920
**Reference: SN- Paliotta**

**Demerle Hoeger LLP is a debt collector.** We are trying to collect a debt that you owe to SN Servicing Corporation. We will use any information you give us to help collect the debt.

## Our information shows:

| | | |
|---|---|---|
| Your loan is due for October 1, 2022; as of July 28, 2023, the outstanding principal balance is: | | $148,424.66 |
| Between October 1, 2022 and today: | | |
| You were charged this amount in interest: | + | $6,721.56 |
| You were charged this amount in escrows/advances, late fees and other fees: | + | $6,444.37 |
| | | |
| You paid or were credited this amount toward the debt: | − | $0.00 |
| **Total amount of the debt now:** | | **$161,590.59** |

## How can you dispute the debt?

· **Call or write to us by September 1, 2023, to dispute all or part of the debt.** If you do not, we will assume that our information is correct.

· If you write to us by **September 1, 2023**, we must stop collection on any amount you dispute until we send you information that shows you owe the debt.

· You may use the form below or you may write to us without the form. You may also include supporting documents. We accept disputes electronically at info@dhnewengland.com.

## What else can you do?

· **Write to ask for the name and address of the original creditor.** If you write by September 1, 2023, we will stop collection until we send you that information. You may use the form below or write to us without the form. We accept such requests electronically at info@dhnewengland.com.

· **Go to www.cfpb.gov/debt-collection to learn more about your rights under federal law.** For instance, you have the right to stop or limit how we contact you.

· Contact us about your payment options.

· Póngase en contacto con nosotros para solicitar una copia de este formulario en español

---



**Mail this form to:**

**Demerle Hoeger LLP**
10 City Square, 4th Floor
Boston, MA 02129

Bruno Paliotta, Estate of
Anna A. Paliotta and
Giuseppe B. Palliotta 105
Princess Avenue,
Cranston, RI 02920

## How do you want to respond?

*Check all that apply:*
☐ **I want to dispute the debt because I think:**

   ☐ This is not my debt.
   ☐ The amount is wrong.
   ☐ Other (please describe on reverse or attach additional information).

☐ **I want you to send me the name and address of the original creditor.**

☐ **I enclosed this amount\*\*:** $ _____

Make your check payable to *Demerle Hoeger LLP*. Include the reference number .

☐ **Quiero esta forma en español.**

EXHIBIT J

Department of Defense Manpower Data Center

Results as of : Nov-27-2023 01:19:34 PM

SCRA 5.18



**Status Report**
**Pursuant to Servicemembers Civil Relief Act**

SSN:              XXX-XX-⬛
Birth Date:
Last Name:        PALIOTTA
First Name:       ANNA
Middle Name:
Status As Of:     Nov-27-2023
Certificate ID:   VHG611XRHY1SG7F

| On Active Duty On Active Duty Status Date | | | |
|---|---|---|---|
| Active Duty Start Date | Active Duty End Date | Status | Service Component |
| NA | NA | No | NA |
| This response reflects the individuals' active duty status based on the Active Duty Status Date | | | |

| Left Active Duty Within 367 Days of Active Duty Status Date | | | |
|---|---|---|---|
| Active Duty Start Date | Active Duty End Date | Status | Service Component |
| NA | NA | No | NA |
| This response reflects where the individual left active duty status within 367 days preceding the Active Duty Status Date | | | |

| The Member or His/Her Unit Was Notified of a Future Call-Up to Active Duty on Active Duty Status Date | | | |
|---|---|---|---|
| Order Notification Start Date | Order Notification End Date | Status | Service Component |
| NA | NA | No | NA |
| This response reflects whether the individual or his/her unit has received early notification to report for active duty | | | |

Upon searching the data banks of the Department of Defense Manpower Data Center, based on the information that you provided, the above is the status of the individual on the active duty status date as to all branches of the Uniformed Services (Army, Navy, Marine Corps, Air Force, Space Force, NOAA, Public Health, and Coast Guard). This status includes information on a Servicemember or his/her unit receiving notification of future orders to report for Active Duty.

*Sam Yousefzadeh*

Sam Yousefzadeh, Director
Department of Defense - Manpower Data Center
4800 Mark Center Drive, Suite 04E25
Alexandria, VA 22350

The Defense Manpower Data Center (DMDC) is an organization of the Department of Defense (DoD) that maintains the Defense Enrollment and Eligibility Reporting System (DEERS) database which is the official source of data on eligibility for military medical care and other eligibility systems.

The DoD strongly supports the enforcement of the Servicemembers Civil Relief Act (50 USC App. § 3901 et seq, as amended) (SCRA) (formerly known as the Soldiers' and Sailors' Civil Relief Act of 1940). DMDC has issued hundreds of thousands of "does not possess any information indicating that the individual is currently on active duty" responses, and has experienced only a small error rate. In the event the individual referenced above, or any family member, friend, or representative asserts in any manner that the individual was on active duty for the active duty status date, or is otherwise entitled to the protections of the SCRA, you are strongly encouraged to obtain further verification of the person's status by contacting that person's Service. Service contact information can be found on the SCRA website's FAQ page (Q35) via this URL: https://scra.dmdc.osd.mil/scra/#/faqs. If you have evidence the person was on active duty for the active duty status date and you fail to obtain this additional Service verification, punitive provisions of the SCRA may be invoked against you. See 50 USC App. § 3921(c).

This response reflects the following information:  (1) The individual's Active Duty status on the Active Duty Status Date (2) Whether the individual left Active Duty status within 367 days  preceding the Active Duty Status Date (3) Whether the individual or his/her unit received early notification to report for active duty on the Active Duty Status Date.

## More information on "Active Duty Status"

Active duty status as reported in this certificate is defined in accordance with 10 USC § 101(d) (1).  Prior to 2010 only some of the active duty periods less than 30 consecutive days in length were available.  In the case of a member of the National Guard, this includes service under a call to active service authorized by the President or the Secretary of Defense under 32 USC § 502(f) for purposes of responding to a national emergency declared by the President and supported by Federal funds.  All Active Guard Reserve (AGR) members must be assigned against an authorized mobilization position in the unit they support.  This includes Navy Training and Administration of the Reserves (TARs), Marine Corps Active Reserve (ARs) and Coast Guard Reserve Program Administrator (RPAs).  Active Duty status also applies to a Uniformed Service member who is an active duty commissioned officer of the U.S. Public Health Service or the National Oceanic and Atmospheric Administration (NOAA Commissioned Corps).

## Coverage Under the SCRA is Broader in Some Cases

Coverage under the SCRA is broader in some cases and includes some categories of persons on active duty for purposes of the SCRA who would not be reported as on Active Duty under this certificate.  SCRA protections are for Title 10 and Title 14 active duty records for all the Uniformed Services periods. Title 32 periods of Active Duty are not covered by SCRA, as defined in accordance with 10 USC § 101(d)(1).

Many times orders are amended to extend the period of active duty, which would extend SCRA protections. Persons seeking to rely on this website certification should check to make sure the orders on which SCRA protections are based have not been amended to extend the inclusive dates of service. Furthermore, some protections of the SCRA may extend to persons who have received orders to report for active duty or to be inducted, but who have not actually begun active duty or actually reported for induction.  The Last Date on Active Duty entry is important because a number of protections of the SCRA extend beyond the last dates of active duty.

Those who could rely on this certificate are urged to seek qualified legal counsel to ensure that all rights guaranteed to Service members under the SCRA are protected

WARNING:  This certificate was provided based on a last name, SSN/date of birth, and active duty status date provided by the requester.  Providing erroneous information will cause an erroneous certificate to be provided.

Department of Defense Manpower Data Center

Results as of : Nov-27-2023 12:57:03 PM

SCRA 5.18



**Status Report**
**Pursuant to Servicemembers Civil Relief Act**

SSN:            XXX-XX-███

Birth Date:

Last Name:      PALIOTTA

First Name:     BRUNO

Middle Name:

Status As Of:   Nov-27-2023

Certificate ID: VF41YP0GRXSSCTS

| On Active Duty On Active Duty Status Date | | | |
|---|---|---|---|
| Active Duty Start Date | Active Duty End Date | Status | Service Component |
| NA | NA | No | NA |
| This response reflects the individuals' active duty status based on the Active Duty Status Date | | | |

| Left Active Duty Within 367 Days of Active Duty Status Date | | | |
|---|---|---|---|
| Active Duty Start Date | Active Duty End Date | Status | Service Component |
| NA | NA | No | NA |
| This response reflects where the individual left active duty status within 367 days preceding the Active Duty Status Date | | | |

| The Member or His/Her Unit Was Notified of a Future Call-Up to Active Duty on Active Duty Status Date | | | |
|---|---|---|---|
| Order Notification Start Date | Order Notification End Date | Status | Service Component |
| NA | NA | No | NA |
| This response reflects whether the individual or his/her unit has received early notification to report for active duty | | | |

Upon searching the data banks of the Department of Defense Manpower Data Center, based on the information that you provided, the above is the status of the individual on the active duty status date as to all branches of the Uniformed Services (Army, Navy, Marine Corps, Air Force, Space Force, NOAA, Public Health, and Coast Guard). This status includes information on a Servicemember or his/her unit receiving notification of future orders to report for Active Duty.

*Sam Yousefzadeh*

Sam Yousefzadeh, Director
Department of Defense - Manpower Data Center
4800 Mark Center Drive, Suite 04E25
Alexandria, VA 22350

The Defense Manpower Data Center (DMDC) is an organization of the Department of Defense (DoD) that maintains the Defense Enrollment and Eligibility Reporting System (DEERS) database which is the official source of data on eligibility for military medical care and other eligibility systems.

The DoD strongly supports the enforcement of the Servicemembers Civil Relief Act (50 USC App. § 3901 et seq, as amended) (SCRA) (formerly known as the Soldiers' and Sailors' Civil Relief Act of 1940). DMDC has issued hundreds of thousands of "does not possess any information indicating that the individual is currently on active duty" responses, and has experienced only a small error rate. In the event the individual referenced above, or any family member, friend, or representative asserts in any manner that the individual was on active duty for the active duty status date, or is otherwise entitled to the protections of the SCRA, you are strongly encouraged to obtain further verification of the person's status by contacting that person's Service. Service contact information can be found on the SCRA website's FAQ page (Q35) via this URL: https://scra.dmdc.osd.mil/scra/#/faqs. If you have evidence the person was on active duty for the active duty status date and you fail to obtain this additional Service verification, punitive provisions of the SCRA may be invoked against you. See 50 USC App. § 3921(c).

This response reflects the following information:  (1) The individual's Active Duty status on the Active Duty Status Date (2) Whether the individual left Active Duty status within 367 days  preceding the Active Duty Status Date (3) Whether the individual or his/her unit received early notification to report for active duty on the Active Duty Status Date.

## More information on "Active Duty Status"

Active duty status as reported in this certificate is defined in accordance with 10 USC § 101(d) (1).  Prior to 2010 only some of the active duty periods less than 30 consecutive days in length were available.  In the case of a member of the National Guard, this includes service under a call to active service authorized by the President or the Secretary of Defense under 32 USC § 502(f) for purposes of responding to a national emergency declared by the President and supported by Federal funds.  All Active Guard Reserve (AGR) members must be assigned against an authorized mobilization position in the unit they support.  This includes Navy Training and Administration of the Reserves (TARs), Marine Corps Active Reserve (ARs) and Coast Guard Reserve Program Administrator (RPAs).  Active Duty status also applies to a Uniformed Service member who is an active duty commissioned officer of the U.S. Public Health Service or the National Oceanic and Atmospheric Administration (NOAA Commissioned Corps).

## Coverage Under the SCRA is Broader in Some Cases

Coverage under the SCRA is broader in some cases and includes some categories of persons on active duty for purposes of the SCRA who would not be reported as on Active Duty under this certificate.  SCRA protections are for Title 10 and Title 14 active duty records for all the Uniformed Services periods. Title 32 periods of Active Duty are not covered by SCRA, as defined in accordance with 10 USC § 101(d)(1).

Many times orders are amended to extend the period of active duty, which would extend SCRA protections. Persons seeking to rely on this website certification should check to make sure the orders on which SCRA protections are based have not been amended to extend the inclusive dates of service. Furthermore, some protections of the SCRA may extend to persons who have received orders to report for active duty or to be inducted, but who have not actually begun active duty or actually reported for induction.  The Last Date on Active Duty entry is important because a number of protections of the SCRA extend beyond the last dates of active duty.

Those who could rely on this certificate are urged to seek qualified legal counsel to ensure that all rights guaranteed to Service members under the SCRA are protected

WARNING:  This certificate was provided based on a last name, SSN/date of birth, and active duty status date provided by the requester.  Providing erroneous information will cause an erroneous certificate to be provided.

Department of Defense Manpower Data Center

Results as of : Nov-27-2023 12:52:50 PM

SCRA 5.18



**Status Report**
**Pursuant to Servicemembers Civil Relief Act**

SSN:            XXX-XX-███

Birth Date:

Last Name:      PALIOTTA

First Name:     GIUSEPPE

Middle Name:

Status As Of:   Nov-27-2023

Certificate ID: DH4W62VYLZ676JQ

| On Active Duty On Active Duty Status Date | | | |
|---|---|---|---|
| Active Duty Start Date | Active Duty End Date | Status | Service Component |
| NA | NA | No | NA |
| This response reflects the individuals' active duty status based on the Active Duty Status Date | | | |

| Left Active Duty Within 367 Days of Active Duty Status Date | | | |
|---|---|---|---|
| Active Duty Start Date | Active Duty End Date | Status | Service Component |
| NA | NA | No | NA |
| This response reflects where the individual left active duty status within 367 days preceding the Active Duty Status Date | | | |

| The Member or His/Her Unit Was Notified of a Future Call-Up to Active Duty on Active Duty Status Date | | | |
|---|---|---|---|
| Order Notification Start Date | Order Notification End Date | Status | Service Component |
| NA | NA | No | NA |
| This response reflects whether the individual or his/her unit has received early notification to report for active duty | | | |

Upon searching the data banks of the Department of Defense Manpower Data Center, based on the information that you provided, the above is the status of the individual on the active duty status date as to all branches of the Uniformed Services (Army, Navy, Marine Corps, Air Force, Space Force, NOAA, Public Health, and Coast Guard). This status includes information on a Servicemember or his/her unit receiving notification of future orders to report for Active Duty.

*Sam Yousefzadeh*

Sam Yousefzadeh, Director
Department of Defense - Manpower Data Center
4800 Mark Center Drive, Suite 04E25
Alexandria, VA 22350

The Defense Manpower Data Center (DMDC) is an organization of the Department of Defense (DoD) that maintains the Defense Enrollment and Eligibility Reporting System (DEERS) database which is the official source of data on eligibility for military medical care and other eligibility systems.

The DoD strongly supports the enforcement of the Servicemembers Civil Relief Act (50 USC App. § 3901 et seq, as amended) (SCRA) (formerly known as the Soldiers' and Sailors' Civil Relief Act of 1940). DMDC has issued hundreds of thousands of "does not possess any information indicating that the individual is currently on active duty" responses, and has experienced only a small error rate. In the event the individual referenced above, or any family member, friend, or representative asserts in any manner that the individual was on active duty for the active duty status date, or is otherwise entitled to the protections of the SCRA, you are strongly encouraged to obtain further verification of the person's status by contacting that person's Service. Service contact information can be found on the SCRA website's FAQ page (Q35) via this URL: https://scra.dmdc.osd.mil/scra/#/faqs. If you have evidence the person was on active duty for the active duty status date and you fail to obtain this additional Service verification, punitive provisions of the SCRA may be invoked against you. See 50 USC App. § 3921(c).

This response reflects the following information:  (1) The individual's Active Duty status on the Active Duty Status Date (2) Whether the individual left Active Duty status within 367 days  preceding the Active Duty Status Date (3) Whether the individual or his/her unit received early notification to report for active duty on the Active Duty Status Date.

## More information on "Active Duty Status"

Active duty status as reported in this certificate is defined in accordance with 10 USC § 101(d) (1).  Prior to 2010 only some of the active duty periods less than 30 consecutive days in length were available.  In the case of a member of the National Guard, this includes service under a call to active service authorized by the President or the Secretary of Defense under 32 USC § 502(f) for purposes of responding to a national emergency declared by the President and supported by Federal funds.  All Active Guard Reserve (AGR) members must be assigned against an authorized mobilization position in the unit they support.  This includes Navy Training and Administration of the Reserves (TARs), Marine Corps Active Reserve (ARs) and Coast Guard Reserve Program Administrator (RPAs).  Active Duty status also applies to a Uniformed Service member who is an active duty commissioned officer of the U.S. Public Health Service or the National Oceanic and Atmospheric Administration (NOAA Commissioned Corps).

## Coverage Under the SCRA is Broader in Some Cases

Coverage under the SCRA is broader in some cases and includes some categories of persons on active duty for purposes of the SCRA who would not be reported as on Active Duty under this certificate.  SCRA protections are for Title 10 and Title 14 active duty records for all the Uniformed Services periods. Title 32 periods of Active Duty are not covered by SCRA, as defined in accordance with 10 USC § 101(d)(1).

Many times orders are amended to extend the period of active duty, which would extend SCRA protections. Persons seeking to rely on this website certification should check to make sure the orders on which SCRA protections are based have not been amended to extend the inclusive dates of service. Furthermore, some protections of the SCRA may extend to persons who have received orders to report for active duty or to be inducted, but who have not actually begun active duty or actually reported for induction.  The Last Date on Active Duty entry is important because a number of protections of the SCRA extend beyond the last dates of active duty.

Those who could rely on this certificate are urged to seek qualified legal counsel to ensure that all rights guaranteed to Service members under the SCRA are protected

WARNING:  This certificate was provided based on a last name, SSN/date of birth, and active duty status date provided by the requester.  Providing erroneous information will cause an erroneous certificate to be provided.